IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEX.
FILED

DEC 10 1993

Michael N. Milby, Clerk

JOSE RAUL CASTILLO, §
FRANCISCO LOPEZ, and §
ELOY SANCHEZ, at the §
Cameron County Jail § CIVIL ACTION
 §
vs. § NO. B-93-260
 §
CAMERON COUNTY, TEXAS §

## COMPLAINT

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to and in accordance with the provisions of Title 28 United States Code, Sections 1343, 2201, 2202 and 2283 and Rules 23 and 57 of the Federal Rules of Civil Procedure; 42 United States Code, Sections 1982, 1983, 1988, and the Constitution of the United States, specifically, but not limited to the Eighth and Fourteenth Amendments. This Court is authorized to render declaratory and injunction relief. This Court has jurisdiction over plaintiff's state law claims under the doctrine of pendent jurisdiction. All of the actions, omissions and events complained of herein took or take place in the County of Cameron, State of Texas, and with the venue of this Court

2. Plaintiffs Jose Raul Castillo, Francisco Lopez, and Eloy Sanchez are prisoners of the State of Texas, who are presently incarcerated at the Cameron County Jail. Plaintiffs are residents of Cameron County and sue in their own behalf, and on behalf of a class of prisoners who have been subjected to and injured or who are or will be subjected to and injured by the totality of conditions and practices resulting from overcrowding of the Cameron County jail facility.

COMPLAINT - 1

3. Cameron County is a body politic and corporate entity duly organized and existing under the laws of the State of Texas, and pursuant to law is capable of being sued in this Court. Defendant Cameron County controls funding and is therefore responsible for the operation, policies, practices and totality of conditions of its jail facility. Cameron County is a person subject to suit under 42 United States Code, Section 1983. Because this claim is brought for declaratory and injunctive relief, only, Cameron County is answerable for the acts of its agents, servants, and employees under the doctrine of Respondeat Superior.

## CLASS ACTION

4. Plaintiffs bring this action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all other persons who are now or will be incarcerated in the Cameron County Jail. The persons comprising this class are so numerous that joinder of all members is impractical. There are questions of fact and law common to the class, the claims of the named plaintiffs are typical of the claims of the class and representatives will fairly and adequately protect the interests of the class. Adjudication with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication. The actions of defendant are generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief to the class as a whole. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications and would establish incompatible standards for the defendants and their agents; in

**COMPLAINT** - 2

addition, it would result in multiplicitous litigation with a consequent overburdening of judicial resources.

## FACTS

The population of the jail should not be greater than 85% of maximum capacity of 550, or 467 prisoners. Within these restrictions there should be a separation of prisoners based on sex, severity of offense, whether they are first time offenders and whether they suffer illnesses. These requirements are mandated by the Texas Commission on Jail Standards and are the minimum required by the Eighth Amendment prohibition of cruel and unusual punishment. The jail population has been consistently far in excess of this maximum. November 1993 the population was 808; October 1993, 757; September 1993, 741. The population has not been less then 700 since April 1993. Throughout 1992 and 1993, the population has been in excess of 600. At this time holding cells with room for two have eight prisoners, six asleep on the floor and two bunks and two standing with no place to sit. Cells designed for 12, have 24 prisoners. Cells designed for 24 have 37. The overcrowding exacerbates all other areas of jail life. Health conditions are worsened; tuberculosis has been a problem in the jail and a risk of epidemic is constant. Due process, prisoner's access to the Courts and counsel, the privilege of attorney and client confidentiality and adequate exercise are all taken from the prisoners because overcrowding makes resources too scarce to protect these fundamental rights. Fights and attacks have made the facilities unsafe as a result of close quarters and the inability adequately segregate the prisoners.

## CAUSES OF ACTION

5. Overcrowding of the population of the jail is so severe that the prisoners who must endure the conditions are subjected to cruel and unusual punishment in violation of the rights guaranteed

**COMPLAINT - 3**

them by the Eighth and Fourteenth amendments to the United States Constitution. This overcrowding further represents a taking of rights under color of law in violation of 42 U.S.C., Section 1983.

WHEREFORE, plaintiff pray this Honorable Court to:

a) issue a preliminary and final injunction prohibiting, restraining and enjoining Defendants, their successors in office and agents from incarcerating more than 467 in the facility at any time by further ordering that no prisoner shall be admitted unless the current jail population is beneath this number.

b) enter a declaratory judgment declaring that the crowded conditions of the Cameron County Jail are violative of Plaintiff's rights under the Eighth Amendment to the United United States Constitution and must therefore be changed.

d) such other relief as this Court may deem appropriate.

Respectfully submitted,

                        COSTILLA & STAPLETON, P.C.
                        1325 Palm Boulevard
                        P.O. Drawer 4417
                        Brownsville, Texas 78520
                        210/541-4981
                        210/544-3152 (FAX)

                        */s/ Ed Stapleton*
                        Ed Stapleton
                        State Bar No. 19058400
                        Federal I.D. No. 1501

                        Juan Jose Martinez
                        State Bar No.13142480
                        Attorney at Law
                        P.O. Box 8099
                        Brownsville, Texas 78520
                        210/350-5591

<u>COMPLAINT</u> - 4

Robert Mendoza
State Bar No. 13937670
Federal I.D. No. 11418
Attorney at Law
3505 Boca Chica Blvd., Suite 153
Brownsville, Texas 78520
210/541-8421
210/541-7504

Carter C. White
State Bar No. 21290300
Federal I.D. No.
Attorney at Law
252  Juanita Way
San Francisco, CA 94127
415/665-4173

**ATTORNEYS  FOR  PLAINTIFFS**

COMPLAINT  - 5