```
                                              CLERK, U.S. DISTRICT COURT
                                              SOUTHERN DISTRICT OF TEXAS
                                                          FILED

                                                     JAN 1 2 1994
       IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF TEXAS
             BROWNSVILLE DIVISION             Michael N. Milby, Clerk
```

JOSE RAUL CASTILLO,                §
FRANCISCO LOPEZ, AND               §        CIVIL ACTION
ELOY SANCHEZ at the Cameron        §
County Jail                        §
     Plaintiff,                    §
                                   §
VS.                                §        CASE NUMBER: B-93-260
                                   §
CAMERON COUNTY, TEXAS              §
     Defendant and                 §
     Third Party Plaintiff,        §
                                   §
VS.                                §
                                   §
ANN RICHARDS; JAMES RILEY; CAROL S.§
VANCE; JERRY H. HODGE; JOSHUA W.   §
ALLEN, SR.; THOMAS DUNNING; JUDGE  §
GILBERTO HINOJOSA; ALLAN B.        §
POLUNSKI; R.H. DUNCAN, SR; ELLEN J.§
HALBERT AND JOHN R. WARD (each in  §
his or her official capacity).     §
     Third Party Defendants.

## THIRD PARTY COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Cameron County, Texas (hereinafter "County") Defendant and Third Party Plaintiff herein, complaining of Ann Richards, Governor of the State of Texas; James Riley, Interim Executive Director of the Texas Department of Criminal Justice, and Carol S. Vance, Jerry H. Hodge, Joshua W. Allen, Sr., Thomas M. Dunning, Judge Gilberto Hinojosa, Allan B. Polunski, R. H. Duncan, Sr., Ellen J. Halbert and John R. Ward, members of the Board of the Texas Department of Criminal Justice, hereinafter referred to as "TDCJ", each in his or her official capacity, respectfully allege as follows:

THIRD PARTY COMPLAINT PAGE 1

## I.

## PARTIES

1. Cameron County, Texas, is a body politic and corporate entity duly organized and existing under the laws of the State of Texas, and a Defendant in the underlying action filed pursuant to 28 USCA Sections 1343, 2201, 2202 and 2283 and 42 USCA Sections 1982, 1983, and 1988.

2. Ann Richards is the Governor of the State of Texas, and may be served by mail at Post Office Box 12428 State Capitol, Austin, Texas 78711.

3. James Riley is the Interim Executive Director of the Texas Department of Criminal Justice and may be served by mail at P.O. Box 13084 Capitol Station, Austin, Texas 78711.

4. Carol S. Vance is a Board Member of the Texas Department of Criminal Justice and may be served by mail at P.O. Box 13084 Capitol Station, Austin, Texas 78711.

5. Jerry H. Hodge is a Board Member of the Texas Department of Criminal Justice and may be served by mail at 25 Medical Drive, Amarillo, Texas 79106.

6. Joshua W. Allen, Sr. is a Board Member of the Texas Department of Criminal Justice and may be served by mail at 1076 Caldez Avenue, Beaumont, Texas 77701.

THIRD PARTY COMPLAINT PAGE   2

7. Thomas M. Dunning is a Board Member of the Texas Department of Criminal Justice and may be served by mail at 717 N. Harwood Suite 2530, Dallas, Texas 74201.

8. Judge Gilberto Hinojosa is a Board Member of the Texas Department of Criminal Justice and may be served by mail at Nueces County Court, 901 Leopard 10th, Corpus Christi, Texas 78401.

9. Allen B. Polunski is a Board Member of the Texas Department of Criminal Justice and may be served by mail at 1 Forum 16th Floor, 800 IH 10 West, San Antonio, Texas 78230-3874.

10. R.H. Duncan, Sr. is a Board Member of the Texas Department of Criminal Justice and may be served by mail at 503 S. Hohn Reddit, Lufkin, Texas 75901.

11. Ellen J. Halbert is a Board Member of the Texas Department of Criminal Justice and may be served by mail at P.O. Box 164046, Austin, Texas 78716.

THIRD PARTY COMPLAINT PAGE 3

12. John R. Ward is a Board Member of the Texas Department of Criminal Justice and may be served by mail at P.O. Box 179, Gatesville, Texas 78528.

## II.

## JURISDICTION

13. The Court has jurisdiction pursuant to 28 USCA Section 1343 (a)(3)and (4).

14. Additionally, the Court has jurisdiction of the claims against the Third Party Defendants in that the Third Party Complaint arises out of the matters alleged in the Original Complaint filed in this cause.

## III.

## CAUSE OF ACTION

15. On December 10, 1993, Plaintiffs filed a complaint against Defendant, Cameron County, contending, inter alia that the overcrowding of the population of the Cameron County Jail is so severe that the prisoners who must endure the conditions are subjected to cruel and unusual punishment in violation of the rights guaranteed them by the Eighth and Fourteenth Amendments to the United States Constitution, and that such overcrowding further represents a taking of rights under color of law in violation of 42 USC, Section 1983. See Exhibit A attached hereto. On January 3rd, 1994, Defendant

filed its Original Answer. On January 5th, 1994, the Court issued an Order certifying and designating as a class: "All prisoners of the Cameron County Jail as of 1/3/94."

16. This Court has designated as a class which Plaintiff's represent all prisoners of the Cameron County Jail as of January 3rd, 1994. That prior to January 3rd, 1994 the Texas Commission on Jail Standards had rated the Cameron County Jail as a 546 bed facility; the inmate population on January 3, 1994 was 738, of which 237 were certified as "paper ready" for transfer to the institutional division of the Texas Department of Criminal Justice.

17. In the recent years, the total number of inmates in the Cameron County Jail has escalated primarily due to TDCJ's failure to transfer "paper ready" inmates from the Cameron County Jail to its institutional division.

18. For times relevant to this Third Party Complaint prior to December of 1993 the Cameron County Jail was rated as a 550 bed facility by the Texas Commission on Jail Standards.

19. For all times relevant to this proceeding, but for the "paper ready" convicted felons, the County could have maintained the inmate population below, at, or near its bed capacity; the County recognizing its minimal inmate population overcrowding, independent of the States "paper

THIRD PARTY COMPLAINT PAGE 5

ready" inmates, acted in good faith in funding what is hoped to be a 200 bed facility; the County has contracted with engineers to design such facility and taken the initial steps to have such new facility approved by the Texas Commission on Jail Standards. The same demonstrates the County is not deliberately indifferent to the conditions of confinement of its inmates.

20. Texas law, specifically V.T.C.A., Government Code Section 493.001 (1) sets forth that TDCJ has the primary responsibility for the "... the confinement, supervision, and rehabilitation of felons." The County is obligated to provide a safe and suitable jail for the County, see, V.T.C.A. Local Government Code Section 351.001 (a); it is not the County but TDCJ's responsibility to confine its "paper ready" convicted felons.

21. As of the month ending report to the Texas Commission on Jail Standards in January of 1992 there were 83 "paper ready" convicted felons in the Cameron County Jail; that from January 1992 until the filing of this Third Party Complaint the number of "paper ready" convicted felons has steadily increased, though fluctuating up and down, to a point where from and after October of 1993 there have been continually over 200 "paper ready" convicted felons in the Cameron County Jail awaiting transfer to the TDCJ institutional division.

THIRD PARTY COMPLAINT PAGE 6

22. TDCJ's system for reducing inmate population in the State's Institutional Division, while leaving "paper ready" convicted felons in the County's Jail at a consistently increasing but fluctuating number of inmates demonstrated deliberate indifference to the conditions of confinement of the Cameron County inmates which constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

23. State law, specifically V.T.C.A. Government Code Section 493.001 (2) makes the TDCJ primarily responsible for "...the development of a system of State and local punishment, supervision, and rehabilitation programs and facilities." The leaving of State felons in County's Jail is not the development of facilities.

24. By reason of Third Party Defendant's failure to accept their prisoners Third Party Defendants are liable to Third Party Plaintiffs; because of such failure to accept prisoners Third Party Plaintiff cannot maintain its jail in accordance with Eighth and Fourteenth Amendment constitutional standards and protect the Plaintiffs herein. The Third Party Plaintiffs have no adequate remedy at law and will suffer irreparable injury if the relief requested is not granted.

THIRD PARTY COMPLAINT PAGE   7

22. TDCJ's system for reducing inmate population in the State's Institutional Division, while leaving "paper ready" convicted felons in the County's Jail at a consistently increasing but fluctuating number of inmates demonstrated deliberate indifference to the conditions of confinement of the Cameron County inmates which constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

23. State law, specifically V.T.C.A. Government Code Section 493.001 (2) makes the TDCJ primarily responsible for "...the development of a system of State and local punishment, supervision, and rehabilitation programs and facilities." The leaving of State felons in County's Jail is not the development of facilities.

24. By reason of Third Party Defendant's failure to accept their prisoners Third Party Defendants are liable to Third Party Plaintiffs; because of such failure to accept prisoners Third Party Plaintiff cannot maintain its jail in accordance with Eighth and Fourteenth Amendment constitutional standards and protect the Plaintiffs herein. The Third Party Plaintiffs have no adequate remedy at law and will suffer irreparable injury if the relief requested is not granted.

IV.

THIRD PARTY COMPLAINT PAGE   7

IV.

RELIEF

Wherefore, premises considered, Third Party Plaintiff demand judgment against Third Party Defendants each in his or her official capacity and their agents, employees and those acting in active concert with them, ordering them to immediately remove from the Cameron County Jail all persons who are currently convicted felons ready for transfer to the TDCJ institutional division, and to continue thereafter to remove from the Cameron County Jail all persons who become convicted felons ready for transfer to the TDCJ institutional division. Third Party Plaintiff further seek such other and further relief to which they may show themselves entitled under both law and equity, including but not limited to attorneys fees and cost of this action.

Respectfully submitted,

LUIS V. SAENZ
CAMERON COUNTY DISTRICT ATTORNEY
974 E. HARRISON STREET
BROWNSVILLE, TEXAS 78520
(210)544-0849

BY: _____
Richard O. Burst
Assistant County Attorney
S.D. #18515
Texas State Bar #00785586
Attorney for Defendant and
Third Party Plaintiff

THIRD PARTY COMPLAINT PAGE 8

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing original Answer of Cameron County has been mailed return receipt requested to Ed Stapelton, Attorney in charge at Costilla & Stapelton, P.C. 1325 Palm Blvd., P.O. Drawer 4417 Brownsville, Texas 78520, and to Dan Morales, Attorney General of the State of Texas, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548, on this 12th day of January, 1994.

_____
Richard O. Burst
Assistant County Attorney

THIRD PARTY COMPLAINT PAGE   9

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

DEC 10 1993

Michael N. Milby, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

JOSE RAUL CASTILLO, §
FRANCISCO LOPEZ, and §
ELOY SANCHEZ, at the §
Cameron County Jail § CIVIL ACTION
§
vs. § NO. B-93-260
§
CAMERON COUNTY, TEXAS §

## COMPLAINT

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to and in accordance with the provisions of Title 28 United States Code, Sections 1343, 2201, 2202 and 2283 and Rules 23 and 57 of the Federal Rules of Civil Procedure; 42 United States Code, Sections 1982, 1983, 1988, and the Constitution of the United States, specifically, but not limited to the Eighth and Fourteenth Amendments. This Court is authorized to render declaratory and injunction relief. This Court has jurisdiction over plaintiff's state law claims under the doctrine of pendent jurisdiction. All of the actions, omissions and events complained of herein took or take place in the County of Cameron, State of Texas, and with the venue of this Court

2. Plaintiffs Jose Raul Castillo, Francisco Lopez, and Eloy Sanchez are prisoners of the State of Texas, who are presently incarcerated at the Cameron County Jail. Plaintiffs are residents of Cameron County and sue in their own behalf, and on behalf of a class of prisoners who have been subjected to and injured or who are or will be subjected to and injured by the totality of conditions and practices resulting from overcrowding of the Cameron County jail facility.

COMPLAINT - 1

Exhibit A

3. Cameron County is a body politic and corporate entity duly organized and existing under the laws of the State of Texas, and pursuant to law is capable of being sued in this Court. Defendant Cameron County controls funding and is therefore responsible for the operation, policies, practices and totality of conditions of its jail facility. Cameron County is a person subject to suit under 42 United States Code, Section 1983. Because this claim is brought for declaratory and injunctive relief, only, Cameron County is answerable for the acts of its agents, servants, and employees under the doctrine of Respondeat Superior.

## CLASS ACTION

4. Plaintiffs bring this action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all other persons who are now or will be incarcerated in the Cameron County Jail. The persons comprising this class are so numerous that joinder of all members is impractical. There are questions of fact and law common to the class, the claims of the named plaintiffs are typical of the claims of the class and representatives will fairly and adequately protect the interests of the class. Adjudication with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication. The actions of defendant are generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief to the class as a whole. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications and would establish incompatible standards for the defendants and their agents; in

COMPLAINT - 2

Exhibit A

addition, it would result in multiplicitous litigation with a consequent overburdening of judicial resources.

**FACTS**

The population of the jail should not be greater than 85% of maximum capacity of 550, or 467 prisoners. Within these restrictions there should be a separation of prisoners based on sex, severity of offense, whether they are first time offenders and whether they suffer illnesses. These requirements are mandated by the Texas Commission on Jail Standards and are the minimum required by the Eighth Amendment prohibition of cruel and unusual punishment. The jail population has been consistently far in excess of this maximum. November 1993 the population was 808; October 1993, 757; September 1993, 741. The population has not been less then 700 since April 1993. Throughout 1992 and 1993, the population has been in excess of 600. At this time holding cells with room for two have eight prisoners, six asleep on the floor and two bunks and two standing with no place to sit. Cells designed for 12, have 24 prisoners. Cells designed for 24 have 37. The overcrowding exacerbates all other areas of jail life. Health conditions are worsened; tuberculosis has been a problem in the jail and a risk of epidemic is constant. Due process, prisoner's access to the Courts and counsel, the privilege of attorney and client confidentiality and adequate exercise are all taken from the prisoners because overcrowding makes resources too scarce to protect these fundamental rights. Fights and attacks have made the facilities unsafe as a result of close quarters and the inability adequately segregate the prisoners.

**CAUSES OF ACTION**

5. Overcrowding of the population of the jail is so severe that the prisoners who must endure the conditions are subjected to cruel and unusual punishment in violation of the rights guaranteed

**COMPLAINT - 3**

Exhibit A

them by the Eighth and Fourteenth amendments to the United States Constitution. This overcrowding further represents a taking of rights under color of law in violation of 42 U.S.C., Section 1983.

WHEREFORE, plaintiff pray this Honorable Court to:

a) issue a preliminary and final injunction prohibiting, restraining and enjoining Defendants, their successors in office and agents from incarcerating more than 467 in the facility at any time by further ordering that no prisoner shall be admitted unless the current jail population is beneath this number.

b) enter a declaratory judgment declaring that the crowded conditions of the Cameron County Jail are violative of Plaintiff's rights under the Eighth Amendment to the United United States Constitution and must therefore be changed.

d) such other relief as this Court may deem appropriate.

Respectfully submitted,

                          COSTILLA & STAPLETON, P.C.
                          1325 Palm Boulevard
                          P.O. Drawer 4417
                          Brownsville, Texas 78520
                          210/541-4981
                          210/544-3152 (FAX)

                          */s/ Ed Stapleton*
                          Ed Stapleton
                          State Bar No. 19058400
                          Federal I.D. No. 1501

                          Juan Jose Martinez
                          State Bar No.13142480
                          Attorney at Law
                          P.O. Box 8099
                          Brownsville, Texas 78520
                          210/350-5591

<u>**COMPLAINT**</u> - 4

Exhibit A

Robert Mendoza
State Bar No. 13937670
Federal I.D. No. 11418
Attorney at Law
3505 Boca Chica Blvd., Suite 153
Brownsville, Texas 78520
210/541-8421
210/541-7504

Carter C. White
State Bar No. 21290300
Federal I.D. No.
Attorney at Law
252 Juanita Way
San Francisco, CA 94127
415/665-4173

**ATTORNEYS FOR PLAINTIFFS**

COMPLAINT - 5

Exhibit A