**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JAN 21 1994

Michael N. Milby, Clerk

| | | |
|---|---|---|
| **JOSE RAUL CASTILLO, FRANCISCO LOPEZ, and ELOY SANCHEZ, at the Cameron County Jail, and all those similarly situated** | § | |
| **vs.** | § | **CIVIL ACTION** |
| **CAMERON COUNTY, TEXAS, THE STATE OF TEXAS AND ANN RICHARDS; JAMES RILEY; CAROL S. VANCE; JERRY H. HODGE; JOSHUA W. ALLEN, SR.; THOMAS DUNNING; JUDGE GILBERTO HINOJOSA; ALLAN B. POLUNSKI; R. H. DUNCAN, SR; ELLEN J. HALBERT AND JOHN R. WARD (each in his or her official capacity).** | § | **NO. B-93-260** |

**FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF BROWNSVILLE TEXAS:**

**COME NOW** Jose Raul Castillo, Francisco Lopez, and Eloy Sanchez, at the Cameron County Jail, Plaintiffs herein, complaining of Cameron County, Texas, The State of Texas; and Ann Richards; James Riley; Carol S. Vance; Jerry H. Hodge; Joshua W. Allen, Sr.; Thomas Dunning; Judge Gilberto Hinojosa; Allan B. Polunski; R. H. Duncan, Sr; Ellen J. Halbert and John R. Ward (each in his or her official capacity) respectfully allege as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to and in accordance with the provisions of Title 28 United States Code, Sections 1343, 2201, 2202 and 2283 and Rules 23 and 57 of the Federal Rules of Civil Procedure; 42 United States Code, Sections 1982, 1983, 1988, and the Constitution of the United States,

ClibPDF - www.fastio.com

specifically, but not limited to the Eighth and Fourteenth Amendments. This Court is authorized to render declaratory and injunction relief. This Court has jurisdiction over plaintiff's state law claims under the doctrine of pendent jurisdiction. All of the actions, omissions and events complained of herein took or take place in the County of Cameron, State of Texas, and with the venue of this Court

2. Plaintiffs Jose Raul Castillo, Francisco Lopez, and Eloy Sanchez are prisoners of the State of Texas, who are presently incarcerated at the Cameron County Jail. Plaintiffs are residents of Cameron County and sue in their own behalf, and on behalf of a class of prisoners who have been subjected to and injured or who are or will be subjected to and injured by the totality of conditions and practices resulting from overcrowding of the Cameron County jail facility.

3. Cameron County is a body politic and corporate entity duly organized and existing under the laws of the State of Texas, and pursuant to law is capable of being sued in this Court. Defendant Cameron County controls funding and is therefore responsible for the operation, policies, practices and totality of conditions of its jail facility. Cameron County is a person subject to suit under 42 United States Code, Section 1983. Because this claim is brought for declaratory and injunctive relief, only, Cameron County is answerable for the acts of its agents, servants, and employees under the doctrine of Respondeat Superior.

4. The State of Texas is a State of the United States of America. Because this claim is brought for declaratory and injunctive relief, only, The State of Texas is answerable for the acts of its agents, servants, and employees under the doctrine of Respondeat Superior.

**FIRST AMENDED COMPLAINT - 2**

5. Ann Richards is the Governor of the State of Texas, and may be served by mail at Post Office Box 12428 State Capitol, Austin, Texas 78711.

6. James Riley is the Interim Executive Director of the Texas Department of Criminal Justice and may be served by mail at P.O. Box 13084 Capitol Station, Austin, Texas 78711.

7. Carol S. Vance is a Board Member of the Texas Department of Criminal Justice and may be served by mail at P.O. Box 13084 Capitol Station, Austin, Texas 78711.

8. Jerry H. Hodge is a Board Member of the Texas Department of Criminal Justice and may be served by mail at 25 Medical Drive, Amarillo, Texas 79106.

9. Joshua W. Allen, Sr. is a Board Member of the Texas Department of Criminal Justice and may be served by mail at 1076 Caldez Avenue, Beaumont, Texas 77701.

10. Thomas M. Dunning is a Board member of the Texas Department of Criminal Justice and may be served by mail at 717 N. Harwood Suite 2530, Dallas, Texas 74201.

11. Judge Gilberto Hinojosa is a Board Member of the Texas Department of Criminal Justice and may be served by mail at Nueces County Court, 901 Leopard 10th, Corpus Christi, Texas 78401.

12. Allen B. Polunski is a Board Member of the Texas Department of Criminal Justice and may be served by mail at 1 Forum 16th Floor, 800 IH 10 West, San Antonio, Texas 78230-3874.

13. R. H. Duncan, Sr. is a Board Member of the Texas Department of Criminal Justice and may be served by mail at 503 S. Hohn Reddit, Lufkin, Texas 75901.

**FIRST AMENDED COMPLAINT - 3**

14. Ellen J. Halbert is a Board Member of the Texas Department of Criminal Justice and may be served by mail at P.O. Box 164046, Austin, Texas 78716.

15. John R. Ward is a Board Member of the Texas Department of Criminal Justice and may be served by mail to P.O. Box 179, Gatesville, Texas 78528.

## CLASS ACTION

16. Plaintiffs bring this action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all other persons who are now or will be incarcerated in the Cameron County Jail. The persons comprising this class are so numerous that joinder of all members is impractical. There are questions of fact and law common to the class, the claims of the named plaintiffs are typical of the claims of the class and representatives will fairly and adequately protect the interests of the class. Adjudication with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication. The actions of defendant are generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief to the class as a whole. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications and would establish incompatible standards for the defendants and their agents; in addition, it would result in multiplicitous litigation with a consequent overburdening of judicial resources.

**FIRST AMENDED COMPLAINT - 4**

## FACTS

The population of the jail should not be greater than 85% of maximum capacity of 550, or 467 prisoners. Within these restrictions there should be a separation of prisoners based on sex, severity of offense, whether they are first time offenders and whether they suffer illnesses. These requirements are mandated by the Texas Commission on Jail Standards and are the minimum required by the Eighth Amendment prohibition of cruel and unusual punishment. The jail population has been consistently far in excess of this maximum. November 1993 the population was 808; October 1993, 757; September 1993, 741. The population has not been less than 700 since April 1993. Throughout 1992 and 1993, the population has been in excess of 600. At this time holding cells with room for two have eight prisoners, six asleep on the floor and two bunks and two standing with no place to sit. Cells designed for 12, have 24 prisoners. Cells designed for 24 have 37. The overcrowding exacerbates all other areas of jail life. Health conditions are worsened; tuberculosis has been a problem in the jail and a risk of epidemic is constant. Due process, prisoner's access to the Courts and counsel, the privilege of attorney and client confidentiality and adequate exercise are all taken from the prisoners because overcrowding makes resources too scarce to protect these fundamental rights. Fights and attacks have made the facilities unsafe as a result of close quarters and the inability adequately segregate the prisoners.

## CAUSES OF ACTION

17. Overcrowding of the population of the jail is so severe that the prisoners who must endure the conditions are subjected to cruel and unusual punishment in violation of the rights guaranteed them by the Eighth and Fourteenth amendments to the United State Constitution. This overcrowding further represents a taking of rights under color of law in violation of 42 U.S.C., Section 1983.

**FIRST AMENDED COMPLAINT - 5**

WHEREFQRE, plaintiff pray this Honorable Court to:

a) issue a preliminary and final injunction prohibiting, restraining and enjoining Defendants, their successors in office and agents from incarcerating more than 467 in the facility at any time by further ordering that no prisoner shall be admitted unless the current jail population is beneath this number.

b) enter a declaratory judgment declaring that the crowded conditions of the Cameron County Jail are violative of Plaintiffs; rights under the Eighth Amendment to the United States Constitution and must there fore be changed forthwith.

c) such other relief as this Court may deem appropriate.

Respectfully submitted,

**COSTILLA & STAPLETON, P.C.**
1325 Palm Boulevard
P.O. Drawer 4417
Brownsville, Texas  78520
210/541-4981
210/544-3152 (FAX)

*[signature: Ed Stapleton]*

**Ed Stapleton**
**State Bar No. 19058400**
**Federal I.D. No. 1501**

Juan Jose Mendoza
Attorney at Law
P.O. Box 8099
Brownsville, Texas 78520
210/350-5591

**FIRST AMENDED COMPLAINT - 6**

```
                    Robert Mendoza
                    State Bar No. 13937670
                    Federal I.D. No. 11418
                    Attorney at Law
                    3505 Boca Chica Blvd., Suite 153
                    Brownsville, Texas 78520
                    210/541-8421
                    210/541-7504

                    Carter C. White
                    State Bar No. 21290300
                    Federal I.D. No. 6989
                    Attorney at Law
                    252 Juanita Way
                    San Francisco, CA 94127
                    415/665-4173
```

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing First Amended Complaint has been mailed return receipt requested to Richard O. Burst, Assistant County Attorney, Attorney in Charge, CAMERON COURTHOUSE, 974 E. Harrison Street, Brownsville, Texas on this the 21 day of January, 1994.

_____
Ed Stapleton

**FIRST AMENDED COMPLAINT - 7**