UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

FEB 02 1994

MICHAEL N. MILBY, CLK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, | § | |
| FRANCISCO LOPEZ, | § | |
| ELOY SANCHEZ, AND ALL | § | |
| SIMILARLY SITUATED | § | |
| INMATES IN THE CAMERON | § | |
| COUNTY JAIL, | § | |
|     Plaintiffffs, | § | |
| | § | |
| V. | § | |
| | § | |
| CAMERON COUNTY, TEXAS | § | NO. B-93-260 |
|     Defendant and | § | |
|     Third-Party Plaintiff, | § | |
| V. | § | |
| | § | |
| ANN RICHARDS, JAMES RILEY, | § | |
| CAROL S. VANCE, JERRY H. | § | |
| HODGE, JOSHUA W. ALLEN, SR., | § | |
| THOMAS DUNNING, JUDGE | § | |
| GILBERTO HINOJOSA, ALLAN B. | § | |
| POLUNSKY, R. H. DUNCAN, SR., | § | |
| ELLEN J. HALBERT, and JOHN R. | § | |
| WARD, | § | |
|     Third-Party Defendants. | § | |

## THIRD-PARTY DEFENDANTS
## ANN RICHARDS, ET AL.'S
## MOTION TO DISMISS FOR LACK OF
## SUBJECT-MATTER JURISDICTION AND
## FOR FAILURE TO STATE A CLAIM
## UPON WHICH RELIEF CAN BE GRANTED
## [FED. RULE CIV. PROC. 12(b)(1) & (6)]

TO THE HONORABLE JUDGE OF SAID COURT:

    NOW COME Ann Richards, Governor of Texas, James Riley, Interim Executive Director of the Texas Department of Criminal Justice ("TDCJ"), Carol S. Vance, Jerry H. Hodge, Allan B. Polunsky, Joshua W. Allen, Sr., Ellen J. Halbert, R.

H. (Rufus) Duncan, Sr., Hon. Gilberto Hinojosa, John R. Ward, and Thomas M Dunning, members of the Texas Board of Criminal Justice, Third-Party Defendants in this case, hereafter referred to as "State Defendants," by and through their attorney, Dan Morales, Attorney General of Texas, and file this Motion to Dismiss for Lack of Subject-Matter Jurisdiction and for Failure to State a Claim upon which Relief Can Be Granted [Fed. Rule Civ. Proc. 12(b)(1) & (6)].

### I.

Cameron County, Texas ("the County"), having been sued by inmates in its jail for alleged violations of their constitutional rights, has filed an action against the State Defendants named above. It is State Defendants' contention that the County has no standing to bring this suit against its creator and that this Court correlatively has no jurisdiction to hear it. Moreover, since the County's action is not - and cannot be - based on a claim that State Defendants have violated its rights under federal law, for which it seeks injunctive relief, hearing the County's claim would violate the State's[1] immunity from suit under the Eleventh Amendment to the United States Constitution. State Defendants therefore move to dismiss the County's action for lack of jurisdiction and for failure to state a claim upon which relief can be granted under Fed. Rule Civ. Proc. 12(b)(1) & (6).

### II.

Political subdivisions of a State have no standing to come into federal court to complain that the State has violated the United States Constitution to their prejudice, and, correlatively, federal courts lack jurisdiction to hear such complaints. *See Town of Ball v. Rapides Parish Police Jury*, 746 F.2d 1049, 1051 n.1 (5th Cir. 1984); *Appling County v. Municipal Electric Authority of Georgia*, 621 F.2d 1301 (5th Cir. 1980), *cert. denied*,

---

[1] Since State Defendants have been sued in their official capacities, this suit is really against the State itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989).

2

449 U.S. 1015, 101 S. Ct. 1015 (1980); *Aguayo v. Richardson*, 473 F.2d 1090, 1100-1101 (2d Cir. 1973), *cert. denied sub nom. Aguayo v Weinberger*, 414 U.S. 1146, 94 S. Ct. 900 (1974); *Athanson v. Grasso*, 411 F.Supp. 1153 (D.C. Conn. 1976); see also *City of Trenton v. State of New Jersey*, 262 U.S. 182, 43 S. Ct. 534 (1923) (city has no standing to invoke United States Constitution against its State[2]). The reason for this is simple: Counties "never have been considered as sovereign entities. . ." *Reynolds v. Sims*, 377 U.S. 533, 575, 84 S. Ct. 1362, 1388 (1964). Instead, they are merely "political subdivisions of the State created as convenient agencies for exercising such of the governmental powers of the State as may be entrusted to them." *Hunter v. Pittsburgh*, 207 U.S. 161, 178, 28 S. Ct. 40, 46 (1907). Thus, a county suing a state agency is one state agency suing another, *i.e.*, the State suing itself. *State v. Board of County Commissioners of Johnson County*, 642 P.2d 456 (Wyo. 1982). But "[s]ince one cannot have a position adverse to one's own position, one cannot bring an action against himself. The County being a division of the State, it cannot sue the State." *Id.* at 458.

Even if a dispute between political subdivisions of a State could be judicially cognizable in some forum, it certainly is not within the purview of the federal courts.

> [B]ecause municipal bodies are essentially creatures of the state and because the state retains the inherent power to alter, change or even to abolish them in accordance with the state's constitution and laws made thereunder, the United States Constitution simply does not concern itself with matters of disagreement between a state and subdivisions created by it. . . for this area involves matters which the state is uniquely competent to resolve.

*South Macomb Disposal Authority v. Township of Washington*, 790 F.2d 500, 507 (6th Cir. 1986) (Engel, J., concurring), *quoted with approval in Kelley v. Metropolitan County*

---

[2] If a city has no such standing under federal law, still less would a Texas county have it, since under Texas law, a county is much more purely an agency of the State than a city. *City of Galveston v. Posnainsky*, 62 Tex. 118, 126-29 (1884) (city in part has a local corporate nature, while county is purely an "agency of the state whereby it can most conveniently and effectively discharge the duties which the state, as an organized government, assumes to every person. . .")

3

*Board of Education of Nashville and Davidson County, Tennessee v. State of Tennessee,* 836 F.2d 986, 998 (6th Cir. 1987), *cert. denied sub nom. Metropolitan County Board of Education of Nashville and Davidson County, Tennessee v. Tennessee,* 487 U.S. 1206, 108 S. Ct. 2848 (1988); *see* United States Constitution, Amendment X (reserving to the States and people the powers not expressly given to the federal government). And it is even less a matter for the federal courts if a county's claim is not premised on an alleged violation of its rights under the Constitution or other federal law.

The County has not asserted the violation of any of its own rights, if it has any, under the United States Constitution or federal statute. Instead, it claims, at 7, paragraph 24, of its Third-Party Complaint, that State Defendants' alleged failure to remove prisoners from its jail makes it unable to maintain its jail in conformity with constitutional standards. Even if true, this would not confer standing on the County to bring this action or jurisdiction on the Court to hear it.

The County has no standing to assert the interests of the Plaintiff class of inmates. *See U. S. Dept. of Labor v. Triplett,* 494 U.S. 715, 720, 110 S. Ct. 1428, 1431 (1990) (ordinarily a litigant cannot rest his claim to relief on the legal rights or interests of third parties, even when the same allegedly illegal act that affects the litigant also affects a third party). As far as its own interests go, if it truly is unable to maintain the jail constitutionally because of State Defendants' actions, that would constitute a defense to the Plaintiffs' action against it. The County can hardly be held to be deliberately indifferent to objectively cruel conditions - which is what is required for liability under *Wilson v. Seiter,* ___ U.S. ___, 111 S. Ct. 2321 (1991) - if it is really unable to improve those conditions. *See id.,* ___ U.S. at ___, 111 S. Ct. at 2326 (whether official is deliberately indifferent "depends upon the constraints facing the official"); *Alberti v. Klevenhagen v. Richards,* 937 F.2d 984, 1000 (5th Cir. 1991), *cert. denied sub nom. Richards v. Lindsay,* ___ U.S. ___, 112 S. Ct. 1994 (1992) (if constraints on county's ability to remedy conditions truly made it unable to accomodate population increases, it should not be held

4

deliberately indifferent).[3] Hence, even if the County's allegations are true, State Defendants' alleged actions do not subject it to potential liability, and its interests are not in that way threatened.[4] There is only one party that has standing to bring State Defendants before this Court and invoke the jurisdiction of the Court to hear the complaint that the actions of State Defendants are creating unconstitutional conditions or impeding the relief of those conditions: the Plaintiffs.

In addition, because the County may not assert against State Defendants in this Court either a violation of its rights under federal law or the rights of the Plaintiffs, hearing its action would also violate State Defendants' (the State's) immunity from suit under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment generally prohibits federal court suits against a State, a state agency or a state official brought by citizens of a state and, *a fortiori*, by political subdivisions of a State. *Kelley*, 936 F.2d at 988. It does not prohibit suits seeking to enjoin state officials from violating federal law, *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908), *if* the relief sought is predicated on a legally cognizable claim. *See Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989), *accord, Santiago v. Miles*, 774 F.Supp. 775, 792 (W.D.N.Y. 1991), *see also Cory v. White*, 457 U.S. 85, 89, 102 S. Ct. 2325, 2328 (1982) (suit for prospective relief against state officials is barred by the Eleventh Amendment where there can be no "credible" claim of a violation of federal law), *explaining Worcestor County Trust Co. v.*

---

[3] The County might be tempted to cite *Alberti* as support for its standing to sue, since the State Defendants were held liable for jail overcrowding in that case. But in *Alberti*, where the plaintiffs had also sued the state defendants, *id.* at 990, the Fifth Circuit approved the relief granted as relief for the plaintiffs, and not for Harris County. *Id.* at 1001 n.8, 1002.

[4] State Defendants would contend, though, that even if State Defendants' actions did threaten the County's interests by subjecting it to potential liability, the County still would lack standing to sue its creator, especially since the threat to its interests here would not constitute a violation of any of its rights (if it has any) under federal law.

5

*Riley*, 302 U.S. 292, 58 S. Ct. 185 (1937),[5] *cf. Siegert v. Gilley*, ___ U.S. ___, 111 S. Ct. 1789, 1793 (1991) (in individual immunity cases, the Eleventh Amendment bars the suit if the plaintiff has failed to state a claim of a constitutional violation).[6] A "legally cognizable" claim is "a claim for which relief can be granted as against [the state official] in his official capacity." *Nix*, 879 F.2d at 433, esp. n.2.

Since the County does not have standing to assert any claim here against State Defendants and since the Court has no jurisdiction to hear any such claim, the County cannot be said to have asserted a claim for which relief can be granted against State Defendants in their official capacity. The County's action therefore does not qualify for the "prospective relief" exception to the bar of the Eleventh Amendment. In addition, since the County's action is not predicated on any rights under federal law that it could have standing to assert, but rather apparently on general principles of equity or the common law, it is a violation of the Eleventh Amendment under the rationale of *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S. Ct. 900 (1984) (federal courts may not adjudicate non-federal pendent claims brought against a state agency).

### III.

For the foregoing reasons, State Defendants request that the Court dismiss the County's Third-Party Complaint with prejudice. State Defendants further request any other relief to which they may be entitled or which the Court may find just, equitable or proper.

---

[5] In *Worcestor*, although the interpleader action brought against state officials alleged a "threatened violation of the Constitution," *id.*, 302 U.S at 297, 58 S. Ct. at 187, the Court found this allegation insupportable as a matter of law and from there concluded that the Eleventh Amendment barred the suit.

[6] State Defendants are citing *Siegert*, an individual immunity case, as *analogous* precedent, of course, since the County has sued them in their official and not their individual capacity. State Defendants are not asserting individual immunity but rather the State's sovereign immunity.

Respectfully submitted,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant
  Attorney General

DREW T. DURHAM
Deputy Attorney General
  for Criminal Justice

*[signature: John B. Worley]*

JOHN B. WORLEY
Assistant Attorney General
State Bar No. 22001480

P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 320-5300
(512) 463-2200 (FAX)

ATTORNEYS FOR THE
THIRD-PARTY DEFENDANTS

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing Motion to Dismiss for Lack of Subject-Matter Jurisdiction and for Failure to State a Claim upon which Relief Can Be Granted [Fed. Rule Civ. Proc. 12(b)(1) & (6)] will be served by United States Mail, certified mail, on the 1st day of February, 1994 to LUIS V. SAENZ, Cameron County District Attorney, and RICHARD O. BURST, Assistant County Attorney, 974 E. Harrison St., Brownsville, TX 78520; ED STAPLETON, Costilla & Stapleton, P.C., 1325 Palm Boulevard, P. O. Drawer 4417, Brownsville, TX 78520; JUAN JOSE MARTINEZ, P. O. Box 8099, Brownsville, TX 78520; ROBERT MENDOZA, 3505 Boca Chica Blvd., Suite 153, Brownsville, TX 78520; and CARTER C. WHITE, 252 Juanita Way, San Francisco, CA 94127.

JOHN B. WORLEY
Assistant Attorney General

mo01214.cc

8