IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

FEB 09 1994

MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, FRANCISCO LOPEZ, ELOY SANCHEZ, AND ALL SIMILARLY SITUATED INMATES IN THE CAMERON COUNTY JAIL, <br>          Plaintiffs, <br><br> V. <br><br> CAMERON COUNTY, TEXAS <br>          Defendant and <br>          Third-Party Plaintiff, <br> V. <br><br> THE STATE OF TEXAS, <br>          Defendant, <br> and <br> ANN RICHARDS, JAMES RILEY, CAROL S. VANCE, JERRY H. HODGE, JOSHUA W. ALLEN, SR., THOMAS DUNNING, JUDGE GILBERTO HINOJOSA, ALLAN B. POLUNSKY, R. H. DUNCAN, SR., ELLEN J. HALBERT, and JOHN R. WARD, <br>          Third-Party Defendants <br>          and Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | NO. B-93-260 |

**DEFENDANTS ANN RICHARDS, ET AL.S'
MOTION TO DISMISS PLAINTIFFS' ACTION
FOR FAILURE TO STATE A CLAIM UPON
WHICH RELIEF MAY BE GRANTED
[FED. RULE CIV. PROC. 12(b)(6)]**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Ann Richards, Governor of Texas, James Riley, Interim Director of the Texas Department of Criminal Justice ("TDCJ"), Carol S. Vance, Jerry H.

Hodge, Joshua W. Allen, Sr., Thomas Dunning, Allan B. Polunsky, R. H. Duncan, Sr., Ellen J. Halbert, and John R. Ward, members of the Texas Board of Criminal Justice ("State Defendants"), by and through their attorney, Dan Morales, Attorney General of Texas, and file this their Motion to Dismiss Plaintiffs' Action for Failure to State a Claim upon which Relief May be Granted [Fed. Rule Civ. Proc. 12(b)(6)].

## I.

Plaintiffs have sued State Defendants in a First Amended Complaint ("Complaint") filed on January 21, 1994. It is State Defendants' contention that this complaint fails to make sufficient allegations to state a claim against them upon which relief may be granted.

Plaintiffs' Complaint bases its cause of action on alleged overcrowding in the Cameron County jail that the Plaintiffs say results in cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments to the Constitution. See Complaint at 5. This bare allegation of unconstitutional overcrowding is sufficient to implicate Cameron County ("the County") in this suit since the County is responsible for conditions in this jail under Texas law. TEX. LOCAL GOV'T CODE § 351.001 (Vernon Supp. 1994), § 351.041 (Vernon 1988) (vesting responsibility for county jails in the county commissioners court and sheriff respectively). It is not sufficient by itself to state a claim against State Defendants, though, because State Defendants have no general responsibility under Texas law for conditions in county jails. *Cf. Bush v. Viterna*, 795 F.2d 1203 (5th Cir. 1986) (county officials have responsibilty for conditions in county jails; jail commission as a result is not liable for those conditions in the absence of a specific duty to enforce its regulations).

State Defendants thus are not liable for conditions in a county jail unless through some act of commission or omission they have proximately caused a violation of the rights of the convicted and sentenced felons in the jail who are eligible for transfer to state prison, and for whom State Defendants have been held (at least

2

tentatively) to have "primary responsibility." *Alberti v. the Sheriff of Harris County v. Richards*, 937 F.2d 984, 993-97 (5th Cir. 1991), *cert. denied sub nom. Richards v. Lindsay*, ___ U.S. ___, 112 S. Ct. 1994 (1992). The Plaintiffs here have failed in their Complaint to allege any such act of commission or omission. They have consequently failed to give State Defendants notice of what it is that State Defendants are doing - or not doing - that allegedly is violating the Plaintiffs' rights.

Given the *Alberti* decision, it may be easy to guess at what Plaintiffs *should* have pled or what they may have had in the back of their minds when they drew up their Complaint. But the fact is that they did not plead it. And the Court has no power to supplement their pleading - the Complaint must stand on its own.

This is not a mere technical issue. State Defendants cannot adequately answer the Complaint unless there is something in the Complaint that specifically says what State Defendants are allegedly doing wrong that is causing the Plaintiffs injury. Without such allegations, State Defendants must make their best guess at what Plaintiffs probably wanted to allege (but did not) and then respond to that. This would mean that State Defendants would in essence be required to plead for the Plaintiffs. And that, of course, would be fundamentally unfair. The Complaint must therefore be dismissed as against State Defendants for failure to state a claim upon which relief may be granted. Fed. Rule Civ. Proc. 12(b)(6).

## II.
## REQUEST FOR RELIEF

For the foregoing reasons, State Defendants request that the Court dismiss Plaintiffs' Complaint, insofar as it attempts to bring an action against State Defendants, for failure to state a claim upon which relief may be granted. State Defendants further request any other relief to which they may be entitled or which the Court may find just, equitable or proper.

Respectfully submitted,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant
  Attorney General

DREW T. DURHAM
Deputy Attorney General
  for Criminal Justice

_____
JOHN B. WORLEY
Assistant Attorney General
State Bar No. 22001480

P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 320-5300
(512) 463-2200 (FAX)

ATTORNEYS FOR
STATE DEFENDANTS

4

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing Defendants Ann Richards, et al.'s Motion to Dismiss for Failure to State a Claim upon which Relief May Be Granted [Fed. Rule Civ. Proc. 12(b)(6)] will be served by United States Mail, certified mail, on the 8[2] day of February, 1994 to LUIS V. SAENZ, Cameron County District Attorney, and RICHARD O. BURST, Assistant County Attorney, 974 E. Harrison St., Brownsville, TX 78520; ED STAPLETON, Costilla & Stapleton, P.C., 1325 Palm Boulevard, P. O. Drawer 4417, Brownsville, TX 78520; JUAN JOSE MARTINEZ, P. O. Box 8099, Brownsville, TX 78520; ROBERT MENDOZA, 3505 Boca Chica Blvd., Suite 153, Brownsville, TX 78520; and CARTER C. WHITE, 252 Juanita Way, San Francisco, CA 94127.

JOHN B. WORLEY
Assistant Attorney General

moa02064.cc