IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, FRANCISCO LOPEZ, ELOY SANCHEZ, AND ALL SIMILARLY SITUATED INMATES IN THE CAMERON COUNTY JAIL, Plaintiffs, | § § § § § § § § | United States District Court Southern District of Texas FILED  MAR - 3 1994  Michael N. Milby, Clerk |
| V. | § § | |
| CAMERON COUNTY, TEXAS Defendant and Third Party Plaintiff, | § § § § § § | NO. B-93-260 |
| V. | § § | |
| ANN RICHARDS, JAMES RILEY, CAROL S. VANCE, JERRY H. HODGE, JOSHUA W. ALLEN, SR., THOMAS DUNNING, JUDGE GILBERTO HINOJOSA, ALLAN B. POLUNSLY, R.H. DUNCAN, SR., ELLEN J. HALBERT, and JOHN R. WARD, Defendant and Third-Party Defendants | § § § § § § § § § § | |

THIRD PARTY PLAINTIFF'S RESPONSE TO THIRD PARTY
DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes, Cameron County, Texas, as Third-Party Plaintiff, hereinafter referred to as "County," by and through its attorney, Richard Burst, Assistant County Attorney, and files this Response to Third Party Defendants'

THIRD PARTY PLAINTIFF'S RESPONSE TO THIRD PARTY DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED - PAGE 1

Motion To Dismiss For Lack Of Subject-Matter Jurisdiction And For Failure To State A Claim Upon Which Relief Can Be Granted. Third-Party Defendants are hereinafter collectively referred to as "State".

## STATEMENT OF THE CASE

In this case both the Plaintiff and the Third-Party Plaintiff are seeking only prospective injunctive relief to prohibit the State from running afoul of the Eighth and Fourteenth Amendments to the United States Constitution. See Third Party Complaint, paragraph IV "Relief" filed herein on January 12, 1994and the First Amended Complaint, the last unnumbered paragraph "the prayer"; and see, Ex Parte Young, 209 U.S. 123, 52 L Ed 714, 729, Edelman v. Jordan, 415 U.S. 651, 39 L Ed 2d 662, 675 94 S.Ct. 1347; Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 79 L Ed 2d, 67, 81, 104 S. Ct. 900; and Alberti v. Sheriff of Harris County, Texas, 937 F 2d 984 1001, (5th Cir., 1991).

## SUGGESTION OF MOOTNESS

In Third-Party Defendants' Motion To Dismiss, footnote 3, at page 5, the State suggest:

> "The County might be tempted to cite Alberti [supra] as support for its standing to sue, since the State Defendants were held liable for jail overcrowding in that case. But in Alberti, where the Plaintiffs had also sued

THIRD PARTY PLAINTIFF'S RESPONSE TO THIRD PARTY DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED - PAGE 2

State Defendants, Id at 990, the Fifth Circuit approved the relief granted as relief for the Plaintiffs, not for Harris County. Id. at 101, note 8, 1002."

When Third-Party Defendants filed their Motion to Dismiss, the Plaintiffs herein had not yet filed their First Amended Complaint naming the same State Defendants in their official capacity. Although, Third-Party Plaintiff does not concede that the State's argument is or was valid in the Motion to Dismiss the Third-Party Complaint, the Third-Party Plaintiff believes and suggests that the Motion to Dismiss is now moot inasmuch as these respective parties are in the same effective position as discussed in the <u>Alberti</u>, case at page 994 and following and at page 1001 and following. That is, the State made the same arguments to the Fifth Circuit therein that are now being propounded to this Court and lost.

<u>STATE OFFICIALS AS "PERSONS" -
ELEVENTH VS. FOURTEENTH AMENDMENT</u>

The State's Motion to Dismiss the Third-Party Complaint in general and particularly in paragraph I therein, misconstrues the meaning of "person" as found in <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 105 L Ed 2d 45, 109 S.Ct. 2304 (1989). The <u>Will</u> case clearly distinguishes the application of the term "person" under a Fourteenth Amendment and Section 1983 action for retrospective relief from an action for prospective injunctive relief. The County

does not dispute or argue with the proposition that in a Section 1983 action for retroactive relief under the Fourteenth Amendment, that neither a State nor its officials acting in their official capacities are "persons" under Section 1983. See Will, at 105 L Ed 2d, page 58. However, in the series of cases, Ex Parte Young, supra, Edelman, supra, and Pennhurst, supra, the U.S. Supreme Court clearly delineate how an official "person's" unconstitutional conduct can be State action under the Fourteenth Amendment, but not the Eleventh Amendment.

In Pennhurst, the ultimate holding is that a federal court lacks jurisdiction of a suit for injunctive relief against state officials on the basis of state law, because such an action contravenes the Eleventh Amendment, See 79 L Ed 2d, page 94. In the instant case, there is no allegation that the State officials are violating a "state law" and correspondingly requesting injunctive relief thereunder, but the allegation is that the state officials are violating the Federal Constitution's Eighth and Fourteenth Amendments and correspondingly praying for injunctive relief prospectively thereunder. Pennhurst, at 79 L Ed 2d, page 80 states:

> "In particular, Edelman, held that when a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive, monetary relief. Under the theory of Young, such a suit would not be

THIRD PARTY PLAINTIFF'S RESPONSE TO THIRD PARTY DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED - PAGE 4

> one against the state since the federal-law allegation would strip the state officer of his official authority. Nevertheless, retroactive relief was barred by the Eleventh Amendment."

And at page 81 the Supreme Court discusses the irony of a state official's unconstitutional conduct as being state action under the Fourteenth Amendment but not the Eleventh Amendment. As follows:

> "As discussed above, the injunction in <u>Young</u>, was justified, notwithstanding the obvious impact on the State itself, on the view that sovereign immunity does not apply because an official who acts unconstitutionally is 'stripped of his official or representative character'. [Citation omitted.] <u>This rationale, of course, created the 'well-recognized irony' that an official's unconstitutional conduct constitutes state action under the Fourteenth Amendment but not the Eleventh Amendment</u>. [Citation omitted.] Nonetheless, the <u>Young</u> doctrine has been accepted as necessary to permit the Federal Court to vindicate Federal rights and hold state officials responsible to "the supreme authority of the United States.'" (Emphasis added.)

The Court then goes on to discuss the ability to permit prospective injunctive relief under the <u>Young</u> doctrine, but not to permit retroactive relief under the <u>Edelman</u> distinction which the court states preserves the Eleventh Amendment immunity of the States while at the same time providing a sword to protect the Civil War Amendments to the Constitution through the Fourteenth Amendment. In this case, both the Plaintiff and Third-Party Plaintiff are seeking

THIRD PARTY PLAINTIFF'S RESPONSE TO THIRD PARTY DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED - PAGE 5

relief under the Young doctrine to prospectively enjoin the state from leaving state "paper ready" prisoners in the county jail under conditions violitive of the Eighth and Fourteenth Amendments to the United States.

In Stewart v.Winter, 669 F 2d 328, 333 (5th Cir., 1982) the Court in discussing a similar case states: "...that state officials cannot shed their constitutional obligations by putting state prisoners in County jails." This quote is cited with approval in the Alberti case at page 1001. In this case that is precisely what is being accomplished - the State is shedding its constitutional obligations by leaving state "paper ready" prisoners in Cameron County's jail. See V.T.C.A. Government Code, Sec. 493.001(1).

Cameron County herein is in the same position as was Harris County in the Alberti case, supra, yet the Fifth Circuit did not reverse the lower Court on these same "standing" and "jurisdictional" issues.

Wherefore, Premises Considered, Third-Party Plaintiff, Cameron County, Texas, prays this Court issue its order denying Third Party Defendants' Motion Motion To Dismiss For Lack of Subject-Matter Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted.

```
                    Respectfully submitted,

                    LUIS V. SAENZ
                    CAMERON COUNTY ATTORNEY
                    Cameron County Courthouse
                    974 East Harrison Street
                    Brownsville, Texas  78520
                    Telephone: 512/544-0849


              BY: _____
                    Richard O. Burst
                    Assistant County Attorney
                    S.D. #15515
                    Texas State Bar #00785586
                    Attorney for Defendants
```

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Third Party Plaintiff's Response to Third Party Defendants' Motion TO Dismiss For Lack of Subject-Matter Jurisdiction And Failure TO State A Claim Upon Which Relief Can Be Granted on this the 3rd day of March,1994, been forwarded via certified mail, return receipt requested to:

```
Ed Stapleton                    John B. Worley
Costilla & Stapleton, P.C.      Assistant Attorney General
1325 Palm Boulevard             P.O. Box 12548, Capitol Station
P.O. Drawer 4417                Austin, Texas 78711-2548
Brownsville, Texas 78520
```

THIRD PARTY PLAINTIFF'S RESPONSE TO THIRD PARTY DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED - PAGE   7

John Black
Southern District
Brownsville Division
500 E. 10th Street
Fourth Floor, Room 428
Brownsville, Texas 78520

_____
Richard O. Burst

THIRD PARTY PLAINTIFF'S RESPONSE TO THIRD PARTY DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED - PAGE   8