IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
MAR 18 1994
Michael N. Milby, Clerk

| | |
|---|---|
| JOSE RAUL CASTILLO, *et al.*, § § § | |
| Plaintifffs, § | |
| V. § § | |
| CAMERON COUNTY, TEXAS § | NO. B-93-260 |
| Defendant and § | |
| Third-Party Plaintiff, § | |
| V. § § | |
| THE STATE OF TEXAS, § | |
| Defendant, § | |
| and § | |
| ANN RICHARDS, *et al.*, § | |
| Third-Party Defendants § | |
| and Defendants. § | |

### DEFENDANTS AND THIRD-PARTY DEFENDANTS THE STATE OF TEXAS, ET AL.'S REPLY TO THE COUNTY'S RESPONSE TO THEIR MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME the State of Texas, Ann Richards, Governor of Texas, James Riley, Interim Director of the Texas Department of Criminal Justice ("TDCJ"), Carol S. Vance, Jerry H. Hodge, Joshua W. Allen, Sr., Thomas Dunning, Allan B. Polunsky, R. H. Duncan, Sr., Ellen J. Halbert, and John R. Ward, members of the Texas Board of Criminal Justice ("State Defendants"), by and through their attorney, Dan Morales, Attorney General of Texas, and file this their Reply to the County's Response to State Defendants' Motion to Dismiss.

## I.

The County suggests that State Defendants' motion to dismiss their third-party action is moot because the Plaintiffs have now sued State Defendants. This is not true. While the procedural posture of this case is now like *Alberti* in terms of who is suing whom, it must be stressed that neither the district court nor the Fifth Circuit in *Alberti* granted relief on the County's third-party complaint or ruled on the question of whether the third-party complaint was allowable. *Alberti v. the Sheriff of Harris County*, 937 F.2d 984 (5th Cir. 1991), *cert. denied*, ___ U.S. ___, 112 S. Ct. 1994 (1992). All the relief granted was granted in favor of the Plaintiffs, and not the County, so the Fifth Circuit had no occasion to pass on the question of whether the County could sue. *See esp. id.* at 1002 ("[i]f the state is found liable on remand, *plaintiffs* are entitled to their long-awaited remedy" [emphasis added]).

Thus, the question of whether the County has standing to sue is a live issue. The County should not be allowed to seek relief for itself, even injunctive relief, if it has no standing to sue. On the other hand, if the County is not seeking relief for itself but is attempting to assert the interests of the Plaintiff class, its suit against the State is a superfluity which the Court should dismiss on the basis of the well-established principle (discussed in the motion to dismiss) that one party has no standing to assert the interests of a third party.

## II.

The County discusses at some length whether state officials are "persons" who can be sued. This discussion is irrelevant to the question of whether counties have standing to sue their creator.

Respectfully submitted,

DAN MORALES
Attorney General of Texas

2

JORGE VEGA
First Assistant
  Attorney General

DREW T. DURHAM
Deputy Attorney General
  for Criminal Justice

ANN KRAATZ
Chief, Law Enforcement
  Defense Division

_____
JOHN B. WORLEY
Assistant Attorney General
State Bar No. 22001480

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 320-5300
(512) 463-2200 (FAX)

ATTORNEYS FOR
STATE DEFENDANTS

3

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing Defendants and Third-Party Defendants the State of Texas, et al.'s Reply to the County's Response to State Defendants' Motion to Dismiss will be served by United States Mail, certified mail, on the 17th day of March, 1994 to LUIS V. SAENZ, Cameron County District Attorney, and RICHARD O. BURST, Assistant County Attorney, 974 E. Harrison St., Brownsville, TX 78520; ED STAPLETON, Costilla & Stapleton, P.C., 1325 Palm Boulevard, P. O. Drawer 4417, Brownsville, TX 78520; JUAN JOSE MARTINEZ, P. O. Box 8099, Brownsville, TX 78520; ROBERT MENDOZA, 3505 Boca Chica Blvd., Suite 153, Brownsville, TX 78520; and CARTER C. WHITE, 252 Juanita Way, San Francisco, CA 94127.

JOHN B. WORLEY
Assistant Attorney General

moa03104.cc

4