```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
```

United States District Court
Southern District of Texas
FILED

MAR 28 1994

Michael N. Milby, Clerk

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, FRANCISCO LOPEZ, and ELOY SANCHEZ, at the Cameron County Jail | § § § § § | CIVIL ACTION |
| vs. | § § | NO. B-93-260 |
| CAMERON COUNTY, TEXAS | § | |

AMENDED ORIGINAL ANSWER OF CAMERON COUNTY

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Cameron County, Texas, (hereinafter "County") files this Answer to the First Amended Complaint and would show as follows:

FIRST DEFENSE

1. County denies this Court has subject matter jurisdiction, but admits to the venue of the Court. County admits this Court is authorized to render declaratory and injunctive relief. In response, County states that although the Plaintiffs assert that this Court has jurisdiction pursuant federal statutory authority, County states that the Plaintiffs have not stated a cause of action that would or does rise to the level of the federal constitutional violation that would give this Court jurisdiction.

AMENDED ORIGINAL ANSWER FOR CAMERON COUNTY PAGE - 1

## SECOND DEFENSE

2. County admits that Plaintiffs are each prisoners of the State of Texas; County admits that Plaintiffs are presently incarcerated at the Cameron County Jail as certified "paper ready" inmates awaiting transfer to the State of Texas, Department of Corrections, Institutional Division.

## THIRD DEFENSE

3. County is without sufficient knowledge or information to admit or deny that Plaintiffs are residents of Cameron County.

## FOURTH DEFENSE

4. Without admitting that Plaintiffs have been subjected to and injured or will be subjected to or injured by the totality of conditions and practices resulting from overcrowding of the Cameron County Jail facility, County admits only that Plaintiffs are among a class of prisoners in an overcrowded Cameron County Jail facility caused in whole or in part by Texas Department of Corrections failure to accept or transfer "paper ready" inmates who are waiting transfer to the Institution Division following conviction of a felony or revocation of a parole, probation, or mandatory supervision. As of January 3, 1994, there are 738 inmates of

AMENDED ORIGINAL ANSWER FOR CAMERON COUNTY PAGE 2

which 237 are "paper ready" (awaiting transfer-post conviction.) The jail is rated for 546 beds by the Texas Commission on Jail Standards as of December, 1993.

## FIFTH DEFENSE

5. County admits that it is a body politic and corporate entity duely organized and existing under the laws of the State of Texas, and is capable of suing and being sued in this Court, if subject matter and personal jurisdiction exists. County admits it controls funding, and it is ultimately responsible for the operation, policies, practices and conditions of its jail facility. County admits that it is a person subject to suit under 42 U.S. Code, § 1983, but if, and only if there is a direct personal involvement in a depravation of Plaintiffs' right, or as prayed for in Plaintiffs' Complaint herein, where no damages are sought, but only declaratory and injunctive relief are sought.

## SIXTH DEFENSE

6. Plaintiff admits to the allegations contained in the first unnumbered paragraph of paragraph four(4) of Plaintiffs' Complaint, not for the purpose of the subject matter of the complaint, but for the purpose that if final injunctive relief or corresponding declaratory relief is granted by the Court, such relief would be appropriate to the

AMENDED ORIGINAL ANSWER FOR CAMERON COUNTY PAGE 3

class as a whole.

## SEVENTH DEFENSE

7. As to the second unnumbered paragraph of numbered paragraph four (4) of the complaint, which unnumbered paragraph is sub-titled "FACTS", County either admits or denies as follows: The Texas Commission on Jail Standards either advices or requires no more then eighty-five (85%) percent of maximum capacity to allow for proper classification; this is not an Eighth Amendment mandated requirement. The County admits that the current capacity of the Cameron County Jail facility is 546 beds. County admits that within this restriction their should be an appropriate classification of prisoners based on jail standard requirements. County admits that prior to December 1993 the maximum capacity as rated by the Texas Commission on jail standards was 550. County admits that the jail population has consistently exceeded this maximum. County admits that the population of the Cameron County Jail in November 1993 was at 808, in October of 1993 at 757, and in September 1993 at 741. County admits that the population has not been less then 700 since April of 1993, at least as of month ending reports. (The above figures are based on month ending reports and it is possible that the figures fluctuated during the month.) County admits that throughout 1992 and 1993, the population has been in excess of 600. County is not in the

AMENDED ORIGINAL ANSWER FOR CAMERON COUNTY PAGE 4

position at this time to admit or deny the numbers of people in the holding cells or other individual cells as of the unreferenced time set forth in the second unnumbered paragraph of paragraph four(4) of the Complaint; subject to such qualification County admits that it is possible that at any given time certain cells had more inmates then they are designed for. County admits that overcrowding affects other areas of jail life but subject to such admission believes that County is providing good health and medical facilities, access to Courts and council, and adequate excercise facilities. County admits that from time to time fights and attacks have occurred, but states that this is because of the failure of the State to accept and transfer "paper ready" prisoners.

### EIGHTH DEFENSE

8. County denies the fifth (5th) paragraph of the complaint.

### NINTH DEFENSE

9. County denies the prayer.

### TENTH DEFENSE

10. Any allegation made within any part of the Plaintiffs Complaint not otherwise specifically responded to is

AMENDED ORIGINAL ANSWER FOR CAMERON COUNTY PAGE 5

specifically or generally denied. Defendant still urging and relying on matters alleged without waving any other matter asserted herein further alleges as affirmative defenses the following:

### ELEVENTH DEFENSE

11. The principle of respondeat superior or vicarious liability is inapplicable to actions brought under 42 USCS § 1983 and any allegedly improper actions of individual Defendants cannot be attributed to Cameron County, Texas.

### TWELFTH DEFENSE

12. Defendant Cameron County, Texas, at all times, acted in a legislative capacity with respect to any actions it took in connection with the operation of the Cameron County Jail and as such Defendant Cameron County, Texas is entitled to protection from liability under the Doctrine of Legislative Immunity.

### THIRTEENTH DEFENSE

13. The conduct complained of in the Plaintiffs Original Complaint was not the official policy or custom of Cameron County therefor, Cameron County is immune from liability under 42 USC § 1983, et. seq.

AMENDED ORIGINAL ANSWER FOR CAMERON COUNTY PAGE 6

## FOURTEENTH DEFENSE

14. Plaintiffs' rights, privileges, and immunity secured under the Constitution or Laws of the United States, have not been violated by the action of Defendant.

## FIFTEENTH DEFENSE

15. For most periods alleged in this lawsuit, the jail capacity would not have exceeded maximum capacity had the State of Texas accepted and transferred its "paper ready" prisoners within ten (10) days to thirty (30) days of their certification of being "paper ready" for transfer to a state institution. If this Court made the executive director of the Texas Department of Criminal Justice and the members of the board of the Texas Department of Criminal Justice Defendants in their official capacity, and ordered them to accept and transfer "paper ready" prisoners, County could maintain a population level below the maximum level certified by the Texas Commission on Jail Standards.

## SIXTEENTH DEFENSE

16. In addition thereto County is currently planning to expand its facilities. County has taken the following steps: on February 22, 1993 the Cameron County Commissioners Court

AMENDED ORIGINAL ANSWER FOR CAMERON COUNTY PAGE 7

authorized issuance of bonds of which 1.8 million is set a side for a new jail facility (tentatively a 200 bed facility); such bond authorization was closed on March 23, 1993 and the funds are available and in financial institutions. The property survey was obtained on March 23, 1993 for a proposed site and submitted to engineers on April 20, 1993 to design the addition to the County Jail. On October 22, 1993 the engineering firm employed for such purpose presented a preliminary plan for the extension of the County Jail to the County Commissioners Court. On October 14, 1993 the preliminary conceptual design for the Cameron County Jail extension was submitted to the Texas Commission on Jail Standards for approval. The County is awaiting the final conceptual design from the engineers which should be received at any time. The final conceptual design will then be submitted to the Texas Commission on Jail Standards for "sign-off." Once the Texas Commission on Jail Standards "signed off" the engineers will begin the plan production design.

  WHEREFORE, premises considered, this Defendant prays that after hearing the Court find that Plaintiff take nothing

against this Defendant and dismiss this Defendant from this cause assessing all cost against Plaintiff.

Respectfully submitted

LUIS V. SAENZ
CAMERON COUNTY DISTRICT ATTORNEY
974 E. HARRISON STREET
BROWNSVILLE, TEXAS  78520
(210)544-0849

BY: _____
Richard O. Burst
Assistant County Attorney
S.D. #15515
Texas State Bar #00785586
Attorney for Defendant

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Amended Original Answer of Cameron County has been mailed return receipt requested to Ed Stapelton, Attorney in charge at Costilla & Stapelton, P.C. 1325 Palm Blvd., P.O. Drawer 4417 Brownsville, Texas 78520, and to John B. Worley, Assistant Attorney Genenral, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548 on this 28 day of _____ 1994.

_____
Richard O. Burst
Assistant District Attorney

AMENDED ORIGINAL ANSWER FOR CAMERON COUNTY PAGE 9