# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, | § | |
| *et al.*, | § | United States District Court |
| Plaintiffs, | § | Southern District of Texas |
| | § | FILED |
| | § | |
| V. | § | MAY 3 1 1994 |
| | § | |
| | § | Michael N. Milby, Clerk |
| CAMERON COUNTY, TEXAS | § | NO. B-93-260 |
| Defendant and | § | |
| Third-Party Plaintiff, | § | |
| V. | § | |
| | § | |
| THE STATE OF TEXAS, | § | |
| Defendant, | § | |
| and | § | |
| ANN RICHARDS, *et al.*, | § | |
| Third-Party Defendants | § | |
| and Defendants. | § | |

## DEFENDANT THE STATE OF TEXAS' AND DEFENDANTS AND THIRD-PARTY DEFENDANTS ANN RICHARDS, ET AL.'S RESPONSE TO PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME the State of Texas, Ann Richards, Governor of Texas, James A. Collins, Executive Director of the Texas Department of Criminal Justice ("TDCJ"), Carol S. Vance, Jerry H. Hodge, Joshua W. Allen, Sr., Thomas Dunning, Allan B. Polunsky, R. H. Duncan, Sr., Ellen J. Halbert, and John R. Ward, members of the Texas Board of Criminal Justice ("State Defendants"), by and through their attorney, Dan Morales, Attorney General of Texas, and file this their Response to Plaintiffs' Application for a Preliminary Injunction.

## I.

## ARGUMENT IN OPPOSITION TO PLAINTIFFS' MOTION

State Defendants oppose Plaintiffs' motion for a preliminary injunction for the following reasons:

### A.

### JAIL CONDITIONS

State Defendants do not have actual knowledge of conditions in the jail. Nor have they been put on notice of any cruel conditions through court monitors' reports, as in the *Alberti* case. *See Alberti v. the Sheriff of Harris County v. Richards*, 937 F.2d 984, 998-999 (5th Cir. 1991), *cert. denied*, ___ U.S. ___, 112 S.Ct. 1994 (1992). They therefore cannot be held deliberately indifferent to cruel conditions in the county's jail and thus liable under *Wilson v. Seiter*, ___ U.S. ___, 111 S.Ct. 2321 (1991). Plaintiffs consequently have no substantial likelihood of success on the merits, which is one of the requisites for a preliminary injunction. *White v. Carlucci*, 862 F.2d 1209, 1210, n.1 (5th Cir. 1989).

Moreover, the Plaintiffs' motion for a preliminary injunction does little to apprise State Defendants - or the Court - of any allegedly cruel conditions. Its factual allegations, contained almost entirely in the short paragraph 3 on page 2, are unsupported by affidavits or other evidence. There is the allegation that many inmates sleep on the floor, but this is not *per se* a constitutional violation. *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986). The remaining allegations are vague, general and conclusory.

### B.

### EIGHTH AMENDMENT STANDARDS

First, it is necessary to correct misconceptions about the applicable Eighth Amendment standards that Plaintiffs' motion may have engendered. The Plaintiffs correctly observe that the standard for violation of the Eighth Amendment is laid out in

2

*Wilson v. Seiter*, ___ U.S. ___, 111 S. Ct. 2321 (1991). However, they confuse the issue by citing a passage from *Gates v. Collier*, 501 F.2d 1291, 1301 (5th Cir. 1974), which seems to say that a court can declare a jail unconstitutional on the basis of a subjective evaluation of the "totality of the circumstances." But the Supreme Court disavowed any such notion in *Seiter*, ___ U.S. at ___, 111 S. Ct at 2327: "*Some* conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise. . . Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." (emphasis in original)[1]

Plaintiffs also oversimplify the analysis of *Helling v. McKinney*, ___ U.S. ___, 113 S. Ct. 2475 (1993), which held that imposing a risk of serious future damage to inmates' health can in some instances be an Eighth Amendment violation. In order to show that imposing a risk of future damage to inmates' health is cruel and unusual punishment, it is necessary to demonstrate: (1) that prisoners are being exposed to an *unreasonable* risk of serious future damage to their health and (2) that "society considers the risk to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Id.*, ___ U.S. at ___, 113 S. Ct. at 2482 (emphasis in quotation in original). Moreover, plaintiffs must demonstrate the subjective element of deliberate indifference, and here it is relevant to consider

---

[1] The Plaintiffs also seem to imply at 11 of their motion that the Court can take the rules of the Texas Commission on Jail Standards as benchmarks for constitutional violations. But Jail Commission standards do not establish constitutional minima, *Balli v. Haynes*, 804 F.2d 306, 308 (5th Cir. 1986), and proof of their violation thus does not substitute for *Seiter*'s requirement of proof of the denial of at least one of inmates' basic human needs. And the Court does not have jurisdiction to enforce the Jail Commission standards against the State. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 898, 104 S. Ct. 900 (1984).

CMJPDF - www.tesisa.com

"arguments regarding the realities of prison administration." *Id.* Plaintiffs have not alleged facts that would show how they might meet this heavy burden. Thus, again, Plaintifffs have failed to demonstrate a likelihood of success on the merits.

## C.

### STATE DEFENDANTS' STATE-LAW DUTIES

Relying largely on an outdated statutory scheme, Plaintiffs have mischaracterized State Defendants' duties under Texas state law with respect to inmates in county jails that are eligible for transfer to state prison ("paper-ready felons").

Plaintiffs cite Article 6166r of the Texas Revised Civil Statutes as providing that the director of the prison system "shall make suitable provision for the safe transportation of inmates" to state prison. This statute does not exist anymore, having been supplanted by TEX. GOV'T CODE ANN. § 500.006(a) (Vernon Supp. 1994), which provides that the director "shall adopt rules to provide for the safe transfer of inmates from the counties in which inmates are sentenced to the institutional division." This provision must be read in conjunction with TEX. GOV'T CODE ANN. § 499.071 (Vernon Supp. 1994), which establishes an allocation formula for the admission of inmates into the institutional division and TEX. GOV'T CODE ANN. § 499.121(a) (Vernon Supp. 1994), which declares that "until September 1, 1995, the institutional division shall continue to perform its duty to accept inmates only as provided by the allocation formula established under Section 499.071." It could not be plainer that until September 1, 1995, the institutional division has no duty to accept inmates except in accordance with the allocation formula. (After September 1, 1995, the institutional division must accept inmates within 45 days of the date they become paper-ready. TEX. GOV'T CODE ANN. § 499.121(c) (Vernon Supp. 1994).) Plaintiffs do not allege that State Defendants are failing to meet their state-law duty to accept inmates in accordance with the allocation formula.

Plaintiffs also mischaracterize the law concerning the detention of alleged parole violators in their allegation at 10 of their motion that "[t]here is no statutory provision that requires the detention and housing of such prisoners in the Cameron County Jail." Under TEX. CODE CRIM. PROC. ANN. art. 42.18 § 13(a) (Vernon Supp. 1994), the director of TDCJ's Pardons and Paroles Division (TDCJ-PPD) or the Board of Pardons and Paroles (on order of the governor) may issue a warrant for the arrest of an alleged parole violator. The warrant authorizes the arresting officers to detain the alleged parole violator *until* a parole panel orders him or her returned to the institution from which he or she was released. *Id.* Indeed, the statute provides that pending hearing, the inmate "shall remain incarcerated." Thus, the structure of the law on the detention of alleged parole violators is clear: Once parole violators are arrested on a warrant issued by TDCJ-ID or the Board of Pardons and Paroles, the arresting officer must detain them. They can be returned to the institution from which they were released only after a hearing and a subsequent order from a panel of the Board of Pardons and Paroles. Hence, if a county officer arrests the inmate, the inmate must be held in county detention until the parole panel makes its decision.

In sum, Plaintiffs have failed to show that State Defendants have failed to meet their state-law responsibilities with respect to paper-ready felons in the Cameron County Jail. They thus *a fortirori* have failed to show any nexus between an alleged violation of State Defendants' state-law responsibilties and alleged cruel conditions in the Cameron County Jail. Consequently, they have once more failed to demonstrate a likelihood of success on the merits. *Cf. Bush v. Viterna*, 795 F.2d 1203 (5th Cir. 1986).

### D.

### THE RELIEF SOUGHT

1.    Plaintiffs seek to have the Court enter an order regulating intake into TDCJ's institutional division (TDCJ-ID). This Court has no jurisdiction to regulate TDCJ-ID's

intake or to issue any order that "might directly and substantially affect happenings within the Texas prison system." *In re Clements*, 881 F.2d 145, 154 (5th Cir. 1989). Jurisdiction to issue such orders is vested exclusively in the court presiding over *Ruiz v. Scott*, No. H-78-987 (S.D. Tex., Houston Div.). *Id.* at 153-54.

2.     Plaintiffs have not established State Defendants' liability for any alleged unconstitutional jail conditions.  Indeed, Plaintiffs have failed in their First Amended Complaint even to allege a nexus between the alleged unconstitutional conditions and any alleged act or omission of State Defendants.  Plaintiffs have had ample time to cure this defect but have not done so.  Thus, the Court should grant State Defendants' Motion to Dismiss for Failure to State a Claim under Fed. Rule Civ. Proc. 12(b)(6) and dismiss them from the case. Having failed to plead, much less establish, any cause of action against State Defendants,[2] Plaintiffs may not have injunctive relief entered against the State Defendants.  Indeed, the Court should not even entertain such injunctive relief.

3.     Plaintiffs are demanding that the jail population be brought down to 85% of design capacity.    Plaintiffs have shown no reason to think that the jail is unconstitutional if the population exceeds design capacity, much less that it is unconstitutional if it exceeds 85% of design capacity.  Design capacity, of course, cannot be assumed to be the equivalent of constitutional capacity.  *See Rhodes v. Chapman*, 452 U.S. 337, 349-50 n.15 (1981) (the issue in an overcrowding case "is not whether the designer of the facility guessed incorrectly about future. . .population, but whether the conditions at [the facility] are cruel and unusual"); *Bell v. Wolfish*, 441 U.S. 520, 541-43 (1979) (double-celling pre-trial detainees not unconstitutional even though cells only designed for one).   Still less should some arbitrarily selected percentage of design capacity be presumed to be a constitutional limit on population.

---

[2]  Plaintiffs' suit against the State of Texas itself also must be dismissed for lack of jurisdiction since it is a violation of the Eleventh Amendment.

4.     TDCJ has provided Cameron County with funds to construct another 192 jail beds. It is State Defendants' information that these beds will be constructed in early June.   It would be inappropriate for the Court to issue injunctive relief at this time when these new beds may well alleviate any alleged problems in the jail.   Instead, assuming *arguendo* that Plaintiffs produce evidence of current constitutional violations, the Court should take a "wait and see" approach and re-evaluate conditions in the jail after the construction of these new beds. *Cf. Ruiz v. Estelle*, 679 F.2d 1115, 1148 (5th Cir. 1982), *modified on other grounds*, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983).   In addition, contrary to Plaintifffs' assertion at 3 that "jail population increases are foreseeable," the population of the jail (at least that attributable to the presence of paper-ready felons) should go down over the course of the next year because TDCJ's massive prison construction program will lead to a significantly increased intake of prisoners from the Cameron County jail into TDCJ facilities.   This too should counsel against the precipitous entry of injunctive relief.

## II.

## CONCLUSION

A preliminary injunction is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).   Plaintiffs have failed to establish the requisites for a preliminary injunction because they have not demonstrated (1) a substantial likelihood of success on the merits, (2) a likelihood of irreparable injury, (3) a favorable balance of hardships, and (4)  no adverse affect on the public interest. *Id.* at 1210.   Indeed, Plaintiffs' motion fails even to address most of these factors.   Plaintiffs' motion should be summarily denied without even the necessity of hearing evidence.

## III.

### REQUEST FOR RELIEF

For the foregoing reasons, State Defendants request that Plaintiffs' application for a preliminary injunction be summarily denied. State Defendants further request any other relief to which they may be entitled or which the Court may find just, equitable or proper.

Respectfully submitted,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant
  Attorney General

DREW T. DURHAM
Deputy Attorney General
  for Criminal Justice

ANN KRAATZ
Chief, Law Enforcement
  Defense Division

JOHN B. WORLEY
Assistant Attorney General
State Bar No. 22001480

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2034
(512) 463-2084 (FAX)

ATTORNEYS FOR
STATE DEFENDANTS

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing Defendants and Third-Party Defendants the State of Texas, et al.'s Response to Plaintiffs' Application for a Preliminary Injunction will be served by United States Mail, certified mail, on the 27th day of May, 1994 to LUIS V. SAENZ, Cameron County District Attorney, and RICHARD O. BURST, Assistant County Attorney, 974 E. Harrison St., Brownsville, TX 78520; ED STAPLETON, Costilla & Stapleton, P.C., 1325 Palm Boulevard, P. O. Drawer 4417, Brownsville, TX 78520; JUAN JOSE MARTINEZ, P. O. Box 8099, Brownsville, TX 78520; and CARTER C. WHITE, 252 Juanita Way, San Francisco, CA 94127.

JOHN B. WORLEY
Assistant Attorney General

rs05264.cc