Case 1:93-cv-00260   Document 49   Filed in TXSD on 06/08/1994   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE RAUL CASTILLO,            )
FRANCISCO LOPEZ,               )
ELOY SANCHEZ, AND ALL          )
SIMILARLY SITUATED             )
INMATES IN THE CAMERON         )
COUNTY JAIL,                   )
        Plaintiffs,            )
                               )
V.                             )
                               )
CAMERON COUNTY, TEXAS,         )          B-93-260
        Defendants, and        )
        Third-Party Plaintiffs, )
                               )
V.                             )
ANN RICHARDS, JAMES RILEY,     )
CAROL S. VANCE, JERRY H.       )
HODGE, JOSHUA W. ALLEN , SR.,  )
THOMAS DUNNING,  JUDGE         )
GILBERTO HINOJOSA, ALLAN B.    )
POLUNSKY, R.H. DUNCAN, SR.,    )
ELLEN J. HALBERT, and JOHN R.  )
WARD,                          )
        Defendants and         )
        Third-Party Defendants. )

DEFENDANT'S RESPONSE TO PLAINTIFF'S
APPLICATION FOR TEMPORARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

    NOW COMES  Cameron County, Texas ("County"), By and through its attorney and files

its response to Plaintiff's Application For Preliminary Injunction:

    1. County adopts the allegations contained in its Amended Original Answer filed on

March 28, 1994 as thought the same appears herein.

1

2. County admits that its jail is overcrowded

3. Overcrowding, alone, is not a constitutional deprivation under Section 1983. See, Rhodes v Chapman, 452 U.S. 337, 59 L.Ed.2d 59, 101 S.Ct. 2392 (1981).

4. A state jail standard is not a bench mark under Section 1983 for cruel and unusual punishment; eighty-five (85) per cent of capacity is not constitutionally mandated. See, Rhodes v Chapman, *supra*; and Bell v. Wolfish, 441 U.S. 520, 60 L.E.2d 447, 99 S.Ct. 1861 (1979).

5. County denies that it is deliberately indifferent to county jail inmate's conditions of confinement.

6. To the extent that the conditions of confinement in the County jail are objectively cruel and unusual, the State defendants, not the County, have been subjectively culpable. The State defendants have been deliberately indifferent to the conditions of confinement by leaving "paper ready" state prisoners in an already near capacity (at times relevant) or over capacity (at times relevant) Cameron County jail. Wilson v. Seiter, 501 U.S.___, 115 L.Ed.2d 271,279, 111 S.Ct. 2321, 2324 (1991).

WHEREFORE, Defendant County prays this Court grant no relief against Defendant County, temporary or permannent.

Respectfully Submitted,

Luis V. Saenz
Cameron County District Attorney
974 E. Harrison Street
Brownsville, Texas 78520
(210) 544 0849

2

Richard O. Burst
Assistant County Attorney
S.D. No. 15515
Texas Bar No. 00785586

Attorneys for Defendant Cameron County.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the forgoing Response to Application for

Temporary Injunction has been mailed return receipt requested  and sent by FAX ,  on this 8th

Day of June, 1994 to :

Ed Stapleton
Costilla &Stapleton, P.C.
1325 Palm Blvd.
P.O. Drawer 4417
Brownsville, Tx. 78520      FAX (210) 544 3152

John B. Worley
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Tx. 78711-2548      FAX (512) 463 2084

Richard O. Burst

3