IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, FRANCISCO LOPEZ, ELOY SANCHEZ, AND ALL SIMILARLY SITUATED INMATES IN THE CAMERON COUNTY JAIL, <br>    Plaintiffs, | ) ) ) ) ) ) ) ) | United States District Court<br>Southern District of Texas<br>FILED<br>**JUN 27 1994** |
| V. | ) ) | |
| CAMERON COUNTY, TEXAS, <br>    Defendants, and <br>    Third-Party Plaintiffs, | ) ) ) ) | B-93-260 |
| V. | ) | |
| ANN RICHARDS, JAMES RILEY, CAROL S. VANCE, JERRY H. HODGE, JOSHUA W. ALLEN, SR., THOMAS DUNNING, JUDGE GILBERTO HINOJOSA, ALLAN B. POLUNSKY, R.H. DUNCAN, SR., ELLEN J. HALBERT, and JOHN R. WARD, <br>    Defendants and <br>    Third-Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) | |

## TRIAL MEMORANDUM
## ON PRELIMINARY INJUNCTION HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Cameron County, Texas, ("County") by and through its attorney and files this Trial Memorandum to the hearing on preliminary injunction.

This Trial Memorandum is to address the concerns about the processing of inmates who were arrested for misdemeanors or felonies and committed to the County Jail by municipal judges

1

or justices of the peace because they cannot post a bail bond.

First, it is uncontradicted in the evidence (see, County's Exhibit 3) that for most periods prior to February 15, 1994, the County had available space (defined by bed capacity) to house County inmates if the State removed its "paper ready" prisoners. It is the State leaving State "paper ready" prisoners in the Cameron County jail subsequent to settling its overcrowding case (Ruiz) in order to obtain compliance therewith, that created the numerical overcrowding. Accordingly, even though the County's handling of unindicted inmates may or may not impact other constitutional rights, it did not impact numerical overcrowding until February 15, 1994, and that is the threshold issue before this Court -- overcrowding. Simply put, numerical overcrowding is a given in this case; the County has admitted overcrowding. (See, Paragraph 2 of County's Response to Plaintiff's Application For Temporary Injunction.) If there were no overcrowding, there could be no allegation that overcrowding is causing unconstitutional conditions of confinement. Until well after this lawsuit was filed the County had facilities that by design would have accommodated all County inmates, but for the State "paper ready" prisoners regardless of the time frame before misdemeanor charges or felony indictments were filed. There is no causal relationship between the County and overcrowding; the County changed nothing, but continued its procedures of many years; the State changed its procedures and begin leaving its prisoners in the County's jail -- that is what caused the overcrowding.

Nonetheless, the County, through its District Attorney's Office, is addressing misdemeanor and felony processing procedures. (See, Affidavit of Oscar Ponce attached hereto.) However, the accelerated processing will probably only marginally reduce the County inmate

2

population -- the issue before this Court. That is, for the most part the unindicted will move from unindicted inmate to indicted inmate awaiting trial and the uncharged misdemeanant will move from uncharged inmate to charged inmate awaiting trial.

For the forgoing reasons, it is respectfully requested that this Court not make any preliminary orders with regard to the County's preindictment or pretrial processing, but, if anything identify specific concerns the Court may have in these areas and allow the County to address the remedies. Factors supporting such request:

(1) The County initiated its planning for jail expansion in December, 1992. (Testimony of Rosemary Martinez.)

(2) This case was filed December 10, 1993. Until February 15, 1994, the County jail would not have been over designed bed capacity but for the State prisoners. (County's Hearing Exhibit 3 and supporting testimony of George Garcia.)

(3) Within four to five months after the County's inmate population exceeded bed capacity, a new 192 bed facility will be on line. Such increased capacity will easily handle the County's inmate population, less the State "paper ready" prisoners.

(4) The threshold issue before this Court is overcrowding. The jail population will probably only be marginally impacted by the accelerated procedures being implemented. That is. remedies directed to or modifying intake processing will probably not address the preliminary injunction concerns of Plaintiff in a significant way.

WHEREFORE, Defendant Cameron County prays this Court issue only the injunctive relief, if any, as specifically prayed for in Plaintiff's Application for Temporary Injunction; and that because the intake issues raised during the hearing on temporary injunction will, if any, only

3

marginally impact the jail population, that the Court reserve all intake issues until trial on the merits. Respectfully Submitted,

            Luis V. Saenz
            Cameron County District Attorney
            974 E. Harrison Street
            Brownsville, Texas 78520
            (210) 544 0849

            Richard O. Burst
            Assistant County Attorney
            S.D. No. 15515
            Texas Bar No. 00785586

            Attorneys for Defendant Cameron County.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the forgoing Trial Memorandum On Preliminary Injunction Hearing has been mailed return receipt requested on this 27th Day of June, 1994 to :

    Ed Stapleton
    Costilla &Stapleton, P.C.
    1325 Palm Blvd.
    P.O. Drawer 4417
    Brownsville, Tx. 78520  FAX (210) 544 3152

    John B. Worley
    Assistant Attorney General
    P.O. Box 12548, Capitol Station
    Austin, Tx. 78711-2548  FAX (512) 463 2084

            Richard O. Burst

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, FRANCISCO LOPEZ, ELOY SANCHEZ, AND ALL SIMILARLY SITUATED INMATES IN THE CAMERON COUNTY JAIL, <br>      Plaintiffs, <br><br>V. <br><br>CAMERON COUNTY, TEXAS, <br>      Defendants, and <br>      Third-Party Plaintiffs, <br><br>V. <br>ANN RICHARDS, JAMES RILEY, CAROL S. VANCE, JERRY H. HODGE, JOSHUA W. ALLEN, SR., THOMAS DUNNING, JUDGE GILBERTO HINOJOSA, ALLAN B. POLUNSKY, R.H. DUNCAN, SR., ELLEN J. HALBERT, and JOHN R. WARD, <br>      Defendants and <br>      Third-Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | B-93-260 |

THE STATE OF TEXAS

COUNTY OF CAMERON

### AFFIDAVIT OF OSCAR PONCE

     BEFORE ME, the undersigned authority, Notary Public in and for Cameron County, Texas, on this day personally appeared Oscar Ponce of the County Attorney's Office for Cameron County, Texas, who, after being by me duly sworn, upon his oath deposes and says that he is over twenty-one years of age and is of sound mind and says that the statements herein contained are within his personal knowledge and are true and correct:

## I.

My name is Oscar Ponce; my position is Chief Felony Prosecutor County (Criminal District) Attorney for Cameron County, Texas.

## II.

In order to accelerate processing of misdemeanor and felony intake this office is instituting new procedures. Law enforcement agencies in the County were advised of these changes in a meeting held June 23, 1994. (See, Exhibit "A" attached hereto which is a true and correct copy of the *Memorandum* that was released by our office and which is incorporated herein by reference.)

## III.

The announced procedures are as outlined in the attached Exhibit "B". (Exhibit "B" consists of three pages and is incorporated herein by reference.) The final procedures may vary to accommodate individual agencies, but not the time limits, which will stay within the limits announced unless excepted in a specific case under extraordinary circumstances.

Further affiant sayeth not.

_____
Oscar Ponce

SUBSCRIBED AND SWORN TO BEFORE ME on this 27th day of June, 1994.

_____
Notary Public in and for
The State of Texas

[Seal]

My Commission expires: 12/11/96



# CAMERON COUNTY DISTRICT ATTORNEY

CAMERON COUNTY COURTHOUSE
974 E. HARRISON STREET - BROWNSVILLE, TEXAS 78520

**LUIS V. SAENZ**
Cameron County
District Attorney

## MEMORANDUM

TO:   All Law Enforcement Chiefs and Supervisors

FROM: Luis V. Saenz
      District Attorney

RE:   Law Enforcement/Prosecution Meeting

DATE: June 17, 1994

Please be advised that we are calling an **emergency meeting** of all law enforcement agencies in the County. It is imperative that your agency send a representative to this meeting.

The purpose of this meeting is to update you on the federal lawsuit filed by the inmates against the County regarding overcrowding in the jail.

We as law enforcement/prosecution agencies have been given a choice of either implementing a system that will alleviate the overcrowding problem or have the Federal Magistrate implement one for us. Because the Magistrate has found our present system unacceptable, we must adapt a new system.

I **strongly** urge you or your representative to be there.

DATE/TIME:        June 23, 1994 at 9:00 a.m.
MEETING LOCATION: Central Jury room (1st Floor)
                  Cameron County Courthouse

CONTACT PERSON: Ms. Norma Warner (D.A. Office/(210) 544-0849)

EXHIBIT "A"

INTAKE PROCEDURES
FOR
CAMERON COUNTY DISTRICT ATTORNEY'S OFFICE

MISDEMEANORS:

I. Every Agency must submit the preliminary (offense) report before 10:00 a.m. the morning following any arrest.

    a. Reports must contain sufficient information to establish probable cause.

    b. Probable cause must be shown as to <u>each</u> person arrested.

II. The <u>completed</u> misdemeanor file must be submitted within two (2) business days after the arrest.

III. <u>**FAILURE TO COMPLY WILL RESULT IN AN IMMEDIATE DISMISSAL TO BE FILED BY THIS OFFICE.**</u>

FELONIES:

I. Every Agency must submit the preliminary (offense) report before 10:00 a.m. the morning following any arrest.

    a. Reports must contain sufficient information to establish probable cause.

    b. Probable cause must be shown as to <u>each</u> person arrested.

II. The <u>completed</u> felony file must be submitted for prosecution within five (5) business days after the arrest.

III. <u>**Homicides and Aggravated Sexual Assaults**</u> must be submitted for prosecution within ten (10) business days after the arrest.

IV. <u>**FAILURE TO COMPLY WILL RESULT IN AN IMMEDIATE DISMISSAL TO BE FILED BY THIS OFFICE**</u>.

EXHIBIT "B"

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The District Attorney's Office will make a Felony and Misdemeanor Prosecutor available <u>every morning</u> to consult with the Officers bringing in the preliminary offense reports. This will be done on a one-to-one basis. It is suggested that each Agency also designate one individual to bring in the previous day's arrest reports for review.

The preliminary reports being presented need not be in any particular format, what is important is that sufficient information for **probable cause** be included in the preliminary report. Each report must be accompanied by a Municipal Court Arraignment Number or Justice of the Peace Arraignment Number. The Municipal or J.P. Numbers are necessary in case a dismissal or reduction needs to be done at this point.

After the preliminary report is reviewed, the Officer will be given either the District Attorney's Approval of Charges Form signed by the Intake District Attorney or a Dismissal Form to be filed by the Officer with the appropriate Court (Municipal or J.P.).

When the completed file submitted for prosecution, it should include all reports, photos, statements, arraignment forms, etc. along with the District Attorney's Approval of Charges Form. The DA Approval of Charges Form will indicate to this office that the file was brought in for preliminary review pursuant to intake procedures.

Cases which lack lab results will be accepted by this office, however, documentation that the evidence has been sent to the lab <u>must</u> be made part of the file.

"B-2"

# DISTRICT ATTORNEY APPROVAL OF CHARGES FORM

(THIS FORM **MUST** BE INCLUDED WITH ALL FILES SUBMITTED FOR PROSECUTION)

Charges will be filed on the following individual(s):

| NAME | PENAL CODE CHARGE | VICTIM(S) (IF ANY) |
|------|-------------------|--------------------|
| _____ | 1. _____ | _____ |
| _____ | 2. _____ | _____ |
| _____ | 3. _____ | _____ |
| | | |
| _____ | 1. _____ | _____ |
| _____ | 2. _____ | _____ |
| _____ | 3. _____ | _____ |
| | | |
| _____ | 1. _____ | _____ |
| _____ | 2. _____ | _____ |
| _____ | 3. _____ | _____ |
| | | |
| _____ | 1. _____ | _____ |
| _____ | 2. _____ | _____ |
| _____ | 3. _____ | _____ |

_____          _____
OFFICER/INVESTIGATOR                  INTAKE DISTRICT ATTORNEY

_____          _____
PRINTED/TYPED NAME                    PRINTED/TYPED NAME

AGENCY:_____          DATE:_____

"B-3"