UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

AUG 17 1994

Michael N. Milby, Clerk
By Deputy: [signature]

United States District Court
Southern District of Texas
FILED

AUG 15 1994

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, ET AL. | § | |
| VS. | § | |
| CAMERON COUNTY, TEXAS | § | |
| VS. | § | CIVIL ACTION NO. B-93-260 |
| THE STATE OF TEXAS | § | |
| and | § | |
| ANN RICHARDS, ET AL. | § | |

### TEMPORARY INTERLOCUTORY ORDER

On June 9, 1994, the Court called for hearing and thereafter heard evidence on Plaintiffs' Application for Temporary Injunction. The Plaintiffs were present by and through Ed Stapleton; Defendant and Third-Party Plaintiff Cameron County was present by and through Richard O. Burst; and the State Defendants and Third-Party Defendants were present by and through Robin Sanders and John B. Worley. The Court after hearing the evidence and arguments of counsel and being advised of an agreement between Plaintiffs and Defendant Cameron County finds one of the primary issues before the Court is the overcrowding of the Cameron County Jail. To aid the County in reducing jail population by establishing a method of intake processing and to protect the constitutional right of pretrial detainees to a prompt judicial determination of probable cause the Court **ORDERS** the following:

## PERSONS ACCUSED OF MISDEMEANORS FROM OTHER AGENCIES

1. The Cameron County Sheriff's Office (jail) is not to accept detainees accused of misdemeanors from other non-federal agencies (city, county or state) unless:

   A. **For warrantless arrests,** each detainee's commitment papers from the magistrate include an order finding probable cause in substantially the format of Exhibit "A" attached hereto.

   B. **For warrant arrests,** each detainee's commitment papers from the magistrate or agency include a copy of the executed arrest warrant.

## PERSONS ACCUSED OF FELONIES FROM OTHER AGENCIES

2. The Cameron County Sheriff's Office (jail) is not to accept pretrial detainees accused of felonies from other non-federal agencies (city, county or state) unless:

   A. **For warrantless felony arrests,** each detainee arrives at the Cameron County Jail in time to allow a probable cause determination before a county magistrate no later than forty-eight (48) hours after arrest.

   B. **For warranty felony arrests,** each pretrial detainee's commitment papers from the magistrate or agency include a copy of the executed arrest warrant.

If in the opinion of the jail personnel (under policies of the Chief Jail Administrator to be adopted within ten (10) days of the signing of this Order), a pretrial detainee accused of a felony arrives too late to receive a probable cause hearing within forty-eight (48) hours, such detainee will not be accepted into the county jail and the agency personnel will be advised that such detainee will be accepted into the county jail only after such pretrial detainee has been taken directly to the next regularly scheduled COUNTY probable cause hearing and an order finding probable cause has been issued by such county magistrate.

The Cameron County Court at Law, Number One, shall oversee probable cause hearings and shall schedule probable cause hearing dates and times so as to comply with the holding of *County of Riverside v. McLaughlin,* 500 U.S. 44,56; 114 L.Ed. 2d 49; 111 S.Ct. 1661 (1991). "...that a jurisdiction that provides judicial determination of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein.*" *Gerstein v. Pugh,* 420 U.S. 103 (1975). Such schedule shall be furnished to the Cameron County Jail and to the District Attorney's Office so that jail personnel can decline commitment of pretrial felony detainees in compliance with this order.

### PERSONS ARRESTED BY SHERIFF'S OFFICE

3. All warrantless arrest pretrial detainees (felony and misdemeanor) where the arrest is by the sheriff's office or by non-federal agencies which bring their arrestees directly to the county jail, shall be brought before the county probable cause magistrate for a probable cause hearing at the earliest possible time, but in no case later than forty-eight (48) hours after arrest.

### OFFENSE REPORTS TO THE DISTRICT ATTORNEY'S OFFICE

4. The Cameron County (Criminal District) Attorney's Office shall file a dismissal in all cases where:

    A. **For felony and misdemeanor warrantless arrests,** made by the sheriff's office or agencies referenced in Paragraph 3 above, a preliminary offense report is not submitted to the district attorney's office by 10:00 a.m. the morning following the arrest.

        a. Reports must contain sufficient information to establish probable cause.

       b. Probable cause must be shown as to each person arrested.

    B. **For felony warrantless arrests**, made by all non-federal agencies (city, county or states) a preliminary offense report is not submitted to the district attorney's office by 10:00 a.m. the morning following the arrest.

       a. Reports must contain sufficient information to establish probable cause.

       b. Probable cause must be shown as to each person arrested.

    C. **For misdemeanor warrant and warrantless arrests**, by all non-federal agencies (city, county or state), the complete offense file is not submitted to the district attorney's office within two (2) business days after the arrest.

    D. **For felony warrant and warrantless arrests**, by all non-federal agencies (city, county or state), the complete offense file is not submitted to the district attorney's office with five (5) business days after the arrest, except for homicide and aggravated sexual cases which shall be submitted to the district attorney's office with ten (10) business days after the arrest.

The district attorney's office may grant reasonable extensions of time for filing the "probable cause preliminary reports referenced in subparagraphs A and B of Paragraph 4 above, but only for "a bona fide emergency or other extraordinary circumstance." *County of Riverside v. McLaughlin, supra,* at 63. The district attorney's office may grant reasonable extensions of time for filing the complete offense reports referenced in subparagraphs C and D of Paragraph 4 above, but only for good cause which is beyond the control of the arresting agency. The Cameron County District Attorney's Office shall establish intake policies and procedures to promote and facilitate this order.

The foregoing order shall remain in force and effect until the final order in this cause unless modified upon application of

the parties or otherwise by order.

DONE in Brownsville, Texas, this 15th day of August, 1994.

_____
John Wm. Black
United States Magistrate Judge

CAUSE NO. _____

THE STATE OF TEXAS

VS

_____

ORDER FINDING PROBABLE CAUSE

The Court having fully completed the examination in this cause is of the opinion that probable cause does exist to bind the defendant over to await the action of the grand jury for the felony offense of _____

_____.

Said offense being a bailable one, a reasonable bond in the amount of $_____ is set, and it is ordered that upon posting a bond for said amount, in the manner and form required by law, he be released from custody; but in default of such bond that the defendant be committed to the jail of Cameron County, Texas and there to be safely kept to answer for said offense.

Signed for entry this _____ day of _____, 19____.

_____
**Magistrate**

ClibPDF - www.fastio.com

CAUSE NO. _____

THE STATE OF TEXAS

VS

_____

ORDER DISCHARGING DEFENDANT

The Court having fully completed the examination in this cause is of the opinion that no probable cause exists to bind the defendant over to await the action of the grand jury and that the defendant should be discharged from further proceedings herein.

It is therefore Ordered, Adjudged and Decreed that the defendant be discharged from further proceedings herein and that he be released from custody, if in custody, and that he be discharged from the obligations of his bond, if on bond.

Signed for entry this _____ day of _____, 19____.

_____
**Magistrate**

ClibPDF - www.fastio.com