IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
SEP 26 1994
MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, et al., | § § § | |
| Plaintifffs, | § § | |
| V. | § § | |
| CAMERON COUNTY, TEXAS | § | NO. B-93-260 |
| Defendant and Third-Party Plaintiff, | § § § | |
| V. | § § | |
| THE STATE OF TEXAS, | § § | |
| Defendant, and | § § | |
| ANN RICHARDS, et al., | § § | |
| Third-Party Defendants and Defendants. | § § | |

### DEFENDANT THE STATE OF TEXAS' AND DEFENDANTS AND THIRD-PARTY DEFENDANTS ANN RICHARDS, ET AL.'S ADVISORY TO THE COURT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME the State of Texas, Ann Richards, Governor of Texas, James A. Collins, Executive Director of the Texas Department of Criminal Justice ("TDCJ"), Carol S. Vance, Jerry H. Hodge, Joshua W. Allen, Sr., Thomas Dunning, Allan B. Polunsky, R. H. Duncan, Sr., Ellen J. Halbert, and John R. Ward, members of the Texas Board of Criminal Justice ("State Defendants"), by and through their attorney, Dan Morales, Attorney General of Texas, and file this Advisory to the Court.

### I.

The Court's preliminary injunction order of September 14, 1994 requires State Defendants to adopt and implement the policies necessary to remove the number of

state-ready felons from the custody of Cameron County officials that is necessary to ensure that Cameron County's detention facilities are not populated above design capacity.[1] State Defendants would advise the Court that they have already adopted and implemented such policies, as they explained in the preliminary injunction hearing, and that these policies have already been effective.

The Texas Commission on Jail Standards' September report shows that on September 1, 1994 the population of the jail was 659, compared to a capacity of 738. See **Exhibit A**, excerpts from that report. (The capacity increased from 546 to 738 because of the completion of the 192-bed facility that was built with money State Defendants provided.) The number of paper-ready felons as of September 1, 1994 was 131. According to information provided by the County Defendants, the population in the jail as of September 23, 1994 was 664, an increase of 5 from the first of the month, although the paper-ready population had *declined* by 56 to a total of 75. See **Exhibit B** (the County's daily jail count sheets for September 22-23, 1994), September 23, 1994 count sheet. The number of federal prisoners increased from September 1, 1994 by 32 (from 71 to 103), meaning that the number of pre-trial detainees, convicted misdemeanants and alleged parole violators increased by 29 during that time (from 457 to 486). *Id.*[2]

In any event, because of the policies State Defendants have implemented (namely, the financing of the additional 192 beds and the massive prison construction program that is still underway), State Defendants do not expect the population of the

---

[1] However, State Defendants disagree with the principle that design capacity equals constitutional capacity in the Cameron County jail. State Defendants request that the case be set for a trial at which they can present evidence that the constitutional capacity of the jail exceeds its design capacity.

[2] The number of federal prisoners and pre-trial detainees, misdemeanants and alleged parole violators seems to be subject to wide and rapid fluctuation. See **Exhibit B**, September 22, 1994 count sheet.

jail to exceed 738 unless the County causes it to do so by admitting inordinate numbers of federal prisoners.[3] Assuming some restraint on the part of the County, State Defendants do not need to take any further action to comply with the Court's order. State Defendants have requested counsel for the County to provide them with daily population count sheets so they can monitor the jail's population and assess on an on-going basis whether any further action needs to be taken to maintain compliance with the preliminary injunction.

                                            Respectfully submitted,

                                            DAN MORALES
                                            Attorney General of Texas

---

[3] In that respect, State Defendants object to the Court's order because it places on them the sole responsibility to ensure that the jail remains below design capacity, even though the Court also finds the County a probable joint constitutional tort-feasor and even though the County can exercise some control over jail population by controlling the admission of federal prisoners and the execution of warrants. *See Harris v. Angelina County v. The Texas Department of Criminal Justice*, No. 93-4967 (September 13, 1994), slip opin. (attached as **Exhibit C**) at 6391. Nor is it reasonable for the Court to expect State Defendants to bring the number of paper-ready inmates to zero in order to keep the jail below design capacity. TEX. GOV'T CODE ANN. § 499.125 (Vernon Supp. 1994) does not require state agencies to effect the removal of paper-ready inmates from a jail unless the number of such inmates exceeds 20% of the total jail population. This reflects a judgment of the Texas legislature that one could normally expect a residuum of paper-ready inmates in county jails of about 20% of the total, even with unrestricted admissions to state prison. (State Defendants believe that they would also be able to demonstrate at trial that historically, before limited admissions to state prison, convicted felons constituted more than 20% of the population of Texas county jails.) It also reflects a corresponding legislative judgment that the presence of paper-ready felons cannot be considered the proximate cause of overcrowding in a county jail when paper-ready felons comprise less than 20% of the total jail population. State Defendants would urge the Court to respect these legislative judgments or at least to take them as guidelines indicating that State Defendants have not proximately caused jail overcrowding if they succeed in keeping the paper-ready population below 20% of the total and to modify the preliminary injunction accordingly. (This does not exhaust State Defendants' objections to the preliminary injunction order and requested modifications. State Defendants are preparing a motion to vacate, alter or amend that will present their remaining objections and requested modifications.)

JORGE VEGA
First Assistant
  Attorney General

DREW T. DURHAM
Deputy Attorney General
  for Criminal Justice

ANN KRAATZ
Assistant Attorney General
Chief, Law Enforcement Defense Division

\*Attorney-in-Charge

ROBIN SANDERS\*
Assistant Attorney General
Assistant Chief, Law Enforcement
  Defense Division
State Bar No. 09310900

JOHN B. WORLEY
Assistant Attorney General
State Bar No. 22001480

P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 463-2034
(512) 463-2084 (FAX)

ATTORNEYS FOR
STATE DEFENDANTS

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing Defendants and Third-Party Defendants the State of Texas, et al.'s Advisory to the Court will be served by United States Mail on the 23rd day of September, 1994 to LUIS V. SAENZ, Cameron County District Attorney, and RICHARD O. BURST, Assistant County Attorney, 974 E. Harrison St., Brownsville, TX 78520; ED STAPLETON, Costilla & Stapleton, P.C., 1325 Palm Boulevard, P. O. Drawer 4417, Brownsville, TX 78520; JUAN JOSE MARTINEZ, P. O. Box 8099, Brownsville, TX 78520; and CARTER C. WHITE, 252 Juanita Way, San Francisco, CA 94127.

JOHN B. WORLEY
Assistant Attorney General

rs07224.cc