# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# - BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| GUSTAVO ALMAGUER, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL CAUSE No. B-94-328 |
| | § | |
| UNIDENTIFIED ALONSO, RN, ET AL | § | |
| Defendants. | § | |

United States District Court
Southern District of Texas
FILED

JAN 23 1996

Michael N. Milby, Clerk

B-93-260

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

JAN 26 1996

Michael N. Milby, Clerk
By Deputy:

## ORDER

Before the Court are various Motions in the above entitled action.

## BACKGROUND

On September 12, 1994, Plaintiff filed his *Application To Proceed in Forma Pauperis, Supporting Documentation and Order* in The United States District Court for the Eastern District of Texas. The Eastern District gave the case file number 6:94cv720. On October 17, 1994, U.S. Judge Magistrate Robert W. Faulkner in the Tyler Division of the Eastern District transferred the case to this Court where it was given file number B-94-328.

On June 5, 1995, Plaintiff filed his *Motion For Appointment of Counsel*. On September 19, 1995, all parties consented to proceed before this U.S. Magistrate Judge pursuant to 28 U.S.C. 636(c). On November 17, 1995, Plaintiff filed his *Motion For Leave To File An Amended Complaint* along with his *Plaintiff's Amended Complaint*.

- 1 -

## LEGAL ANALYSIS

**MOTION TO AMEND COMPLAINT**

As a general matter, the district court has discretion to permit the filing of amended pleadings, and its decision is not subject to review on appeal except for abuse of discretion. Fed. R. Civ. P. 15(a). Rule 15(a) provides in relevant part,

> "A party may amend that party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or written consent of the adverse party; and leave shall be freely given when justice so requires."

As the Rule states, leave to amend a complaint "shall be freely given when justice so requires", and if the plaintiff has at least colorable grounds for relief, justice does so require, unless the plaintiff is guilty of undue delay or bad faith. *See S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 40 (2d Cir. 1979).

The Fifth Circuit has recognized a "general rule that an amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985); *See also* 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1476, at 556-57 (1990).

*Plaintiff's Amended Complaint* does not incorporate by reference or mention those parties or specific claims included in *Plaintiff's Original Petition*. *Boelens* at 508. *Plaintiff's*

*Amended Complaint* is in essence a new cause of action against newly named Defendants Sheriff Alex F. Perez, The Commissioner's Court of Cameron County, and Cameron County. The Court notes that Plaintiff's Amended Complaint is by far a more sophisticated pleading than Plaintiff's Original Petition.

## MOTION FOR APPOINTMENT OF COUNSEL

A federal court has discretion to appoint counsel pursuant to 28 U.S.C. § 1915(d), if doing so would advance the proper administration of justice. This court may base a decision to appoint counsel on many factors, including:

1. the type and complexity of the case;
2. the petitioner's ability adequately to present and investigate his case;
3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992); *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir.1991).

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's pro se amended complaint will be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Under 28 U.S.C. § 1915(d), a district court may dismiss an action filed in forma pauperis if it is frivolous. A complaint or claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Plaintiff's Amended Complaint* contains many frivolous claims. For example, in the same paragraph that Mr. Almaguer complains that he had no access to an adequate law library, he quotes a passage from *Bounds v. Smith*, 430 U.S. 817, 825; 97 S.Ct. 1491, 1496 (1977). That case holds and Mr. Almaguer quotes that prisoners need to be given "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* Further, in his *Motion of Appointment of Counsel* filed on June 5, 1995, Mr. Almaguer outlines the test criteria fourth for the appointment of counsel. *See Parker supra* at 193. Clearly, Mr. Almaguer has had an adequate opportunity to present his claimed violations of fundamental constitutional rights to this Court and has done so with access to legal materials.

There are claims in *Plaintiff's Amended Complaint* which are facially non frivolous. Mr. Almaguer make numerous allegations pursuant to 42 U.S.C. § 1983. Mr. Almaguer alleges his constitutional rights under the Eighth Amendment have been and are being violated. Mr. Almaguer has sorted these constitutional violations into the following categories: general jail conditions, inadequate medical treatment, dietary inadequacies, sleep deprivation, inadequate safety measures, and an inadequate jail classification system.

This is not the first time that this controversy has been before this Court. On December 10, 1993, several inmates of the Cameron County Jail, as a class represented by counsel, filed suit for injunctive relief under 42 U.S.C. § 1983 alleging that conditions at the jail violated the United States Constitution. The case is styled *Jose Raul Castillo, Francisco Lopez, and Eloy Sanchez, at the Cameron County Jail v. Cameron County*

*Texas*, Civil Action No. B-93-260. On September 14, 1994, this Court entered a Memorandum Decision and Order which GRANTED a form of preliminary injunctive relief for the plaintiff class. Mr. Almaguer is a member of this plaintiff class and has been protected under the September 14, 1994, Memorandum Decision and Order.

Accordingly, it is **ORDERED** that Plaintiff's *Motion For Leave To File An Amended Complaint* is **GRANTED**. As *Plaintiff's Amended Complaint* does not mention the following parties, all pending Motions of and against defendants Unidentified Alonso, RN, Marina Unidentified, RN, Unidentified Canul, Lt. and Joe Elizardi are **MOOT** and these parties are **DISMISSED** from this case.

As Mr. Almaguer is a member of the class in *Jose Raul Castillo, Francisco Lopez, and Eloy Sanchez, at the Cameron County Jail v. Cameron County Texas*, Civil Action No. B-93-260, the instant case is duplicative of the claims in *Castillo, et al v. Cameron County* and is hereby **CONSOLIDATED** with B-93-260. B-93-260 shall be the lead case. Plaintiff's *Motion For Appointment of Counsel* is **MOOT** as a Plaintiff is a member of the class in Civil Action No. B-93-260 which is represented by counsel.

Done at Brownsville, Texas, on January 23, 1996.

_____
JOHN WM. BLACK
United States Magistrate Judge