Mr. Milby

B-94-328

B-95-26?
Madc:

Please file these (Plaintiffs) request for Production of Medical Records to Dr. Lash 844 Central Blvd #100 Brownsville, Texas 78520. accordingly and have a Copy made for your records.

IF possible, please send me a receipt notice so I will know when these request were filed and can have this for my files as well.

Thank you in advance for your time and effort toward this issue.

Respectfully Submitted

Gustavo Almaguer

Gustavo Almaguer #673522
RT 3 Box 9800
Dayton, Texas 77535-9304

Mr. Milby

January 31, 1996

Dear Clerk,

I received a notification of the order the Court. Plaintiff's Motion For Appointment of Counsel is MOOT as a Plaintiff is a member of the class in Civil Action No. B-93-260 which is represented by Counsel. Mr. Milby, would you please send me the name and address of the Counsel representing case styled Jose Raul Castillo, Francisco Lopez, Eloy Sanchez at the Cameron County Jail v. Cameron County Texas, Civil Action No. B-93-260.

If possible, please send me a receipt notice.

Thank you in advance for your time and effort toward this issue.

Respectfully Submitted

*Gustavo Almaguer*

Gustavo Almaguer # 673522
RT 3 Box 9800
Dayton, Tx 77535-9304

Name:       Dr. Lash
Address:    844 Central Blvd. #100
            Brownsville, Texas  78520

RE:         **Freedom of Information Act**
            5 U.S.C. § 552, Privacy Act;
            5 U.S.C. § 552(D)(1) request;
            Exemptions  5 U.S.C.  § 552 A.
            (B), (7) General 5 U.S.C. § 552 A.
            (K), (2) Not applicable to Request.

            **Texas Open Records Act:**
            V.T.C.A. § 552.023 (a)(b)(c)(d)(e)

This letter will serve as my request to the provisions of the Freedom of Information Act (5 U.S.C. § 552), and the Privacy Act (5 U.S.C. § 552 A (D)(1)), and the applicable State statutes governing Freedom of Information Requests for full disclosure and release of all records and/or data contained in the files of your agency (clinic), and specifically for amendment, deletion and/or expungement (5 U.S.C. § 552 A. [D][2][A]), of all records maintained by your agency (clinic).

The records sought for review but not limited to, is the complete:
the attending physicians and staff names and medical records pertaining to Gustavo Almaguer #673522 and treatment records from March 14, 1993 through July 1994.

Any and/or all other information, data or reports not otherwise exempted by statute: [5 U.S.C. § 552 (6)(c)(b)(7); 5 U.S.C. § 552 A. (J)(2), (K)(2)], or exempted by law; **Menard v Saxbe**, 498 F.2d 1017, 162 U.S. App. D.C. 284 (1974), **Sullivan v Murphy**, 478 F.2d 938, 156 U.S. App. D.C. 28 (1973). Your agency (clinic) is advised that investigative reports are no longer exempt status unless under the specific citation of authority, **Paton v Laprade**, 524 F.2d 862 (Ca 1975).

It is further requested that your agency (clinic) in response to

the material requested, specifically inform me if and to whom the file, and for any material therein contained has been released, the specific date, the name of the individual agency, and the purpose for such release, specify the material released and the person authorized, statute, or regulation. 5 U.S.C [§ 552 A. (D)(1)]; **Paton v Laprade**, 524 F.2d 862 (Ca 1975); **Tarlton v Saxbe**, 507 F.2d 1116, 165 U.S. App. D.C. 293 (1974); **Linda R.S. v Richard D.**, 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973).

It is further requested that your agency (clinic) provide me with a copy of specific regulations of your department (concerning dealing with this type of request) as provided by statute (5 U.S.C. § 552), so that compliance with such regulations is adhered to, except as otherwise provided by law. (5 U.S.C. § 701 ET. SEQ.)

This request is made under the Freedom of Information Act, (5 U.S.C. § 552) and the Privacy Act, (5 U.S.C. § 552 A), [together with alternative means to access] to permit me maximum access to the records maintained on file by your agency (clinic). If for any reason it is determined that portions of the materials/records sought is exempt by statute, I request specific citation of authority for such deletion. If it should be determined that any material be deemed confidential due to identification source, permission is granted to the agency (clinic) to withhold such source information only from the material for release. **Paton v Laprade**, 524 F.2d 862 (Ca 1975); **Chastain v Kelly**, 510 F.2d 1232.

Pursuant to Title 5 U.S.C § 552 (6)(A)(X1), it is noted that your agency (clinic) has ten (10) working days, following receipt of this request to provide the information and material sought. Should any reasonable delay be necessary, it is requested that your agency (clinic) notify me of this delay as provided by agency regulations, and date as to when your agency (clinic) will be able to act upon the request.

Respectfully Submitted,

*Gustavo Almaguer*
Gustavo Almaguer # 678522
Hightower Unit
Route 3 Box 9800
Dayton, Texas  77535-9304

## Certificate of Service

I, Gustavo Almaguer, Applicant herein, pursuant to provisions of chapter 132.001, Texas Civil Procedures and Remedies Code (1991), while presently incarcerated in the Texas Department of Criminal Justice at the L.V. Hightower Unit, in Liberty County, Texas: Declare under the penalty of perjury that the foregoing is true and correct and that I have made service of this document to the party(s) requested addressed herein by placing same in prepaid envelope, dropped in the United States Mail Box, available to me on the L.V. Hightower Unit of the Texas Department of Criminal Justice-Institutional Division.

Executed on this date the __2__ day of January, 1996.

_Gustavo Almaguer_

cc: File