86

FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 02 1997

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, ) | | |
| FRANCISCO LOPEZ, ) | | |
| ELOY SANCHEZ, and ) | | |
| all those similarly situated, ) | | |
|     Plaintiffs, ) | | |
| ) | | |
| v. ) | CIVIL ACTION NO. B-93-260 | |
| ) | | |
| CAMERON COUNTY, TEXAS, ) | | |
|     Defendant and ) | | |
|     Third-Party Plaintiff, ) | | |
| ) | | |
| v. ) | Rule 23(b)(2) Class Action | |
| ) | | |
| THE STATE OF TEXAS and GEORGE ) | | |
| BUSH; JAMES RILEY; CAROL ) | | |
| S. VANCE; JERRY H. HODGE; ) | | |
| JOSHUA W. ALLEN, SR.; THOMAS ) | | |
| DUNNING; ALLAN B. POLUNSKI; ) | | |
| R. H. DUNCAN, SR.; ELLEN J. ) | | |
| HALBERT AND JOHN R. WARD ) | | |
| (each in his or her official ) | | |
| capacity only), ) | | |
|     Defendants and ) | | |
|     Third-Party Defendants. ) | | |

UNOPPOSED APPLICATION
TO
AMEND TEMPORARY INTERLOCUTORY ORDER

On August 15, 1994, this Court issued a Temporary Interlocutory Order. The Order directly impacted Cameron County only and was an effort to reduce pretrial detention. Because of increased numbers of pretrial detainees, Defendant/Third-Party Plaintiff, Cameron County request this Court amend the August 15, 1994, Temporary Interlocutory Order to read as attached.

Counsel has provided exact copies of the attached proposed order to Counsel for Plaintiffs and to Counsel for the State Defendants. Both have stated they are not opposed to the issuance of the attached, amended order.

WHEREFORE, County prays this Court grant this application and issue the attached Amended Temporary Interlocutory Order, instanter.

Respectfully submitted,

For Defendant/Third Party Plaintiff

Commissioners Court
Civil Legal Department
964 East Harrison Street
Brownsville, Texas 78578
(210) 550 1448
(210) 544 0801 (Facsimile)

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar #00785586

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786515

## CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing Application has been mailed to the following on this __2__ day of October, 1997, by certified mail return receipt requested:

Sharon Felfe
Assistant Attorney General
P.O. Box 12548
Capitol Station
Austin, Tx 78711-2548

Ed Stapleton

1325 Palm Blvd.
Brownsville, Texas 78520

*Richard O. Burst* (signature)

ClibPDF - www.fastio.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO,<br>FRANCISCO LOPEZ,<br>ELOY SANCHEZ, and<br>all those similarly situated,<br>     Plaintiffs, | )<br>)<br>)<br>)<br>)<br>) | |
| v. | ) | CIVIL ACTION NO. B-93-260 |
| CAMERON COUNTY, TEXAS,<br>     Defendant and<br>     Third-Party Plaintiff, | )<br>)<br>)<br>)<br>) | |
| vs. | )<br>) | Rule 23(b)(2) Class Action |
| THE STATE OF TEXAS and GEORGE<br>BUSH; JAMES RILEY; CAROL<br>S. VANCE; JERRY H. HODGE;<br>JOSHUA W. ALLEN, SR.; THOMAS<br>DUNNING;  ALLAN B. POLUNSKI:<br>R. H. DUNCAN, SR.; ELLEN J.<br>HALBERT AND JOHN R. WARD<br>(each in his or her official<br>capacity only),<br>     Defendants and<br>     Third-Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

## AMENDED
## TEMPORARY INTERLOCUTORY ORDER

On August 15, 1994, the Court issued a Temporary Interlocutory Order in this cause. On application of Cameron County and by agreement of the parties the Court amends the Temporary

1

Interlocutory Order and **ORDERS** the following:

### PERSONS ACCUSED OF MISDEMEANORS FROM OTHER AGENCIES

1. The Cameron County Sheriff's Office (jail) is not to accept detainees accused of misdemeanors from other non-federal agencies (city, county or state) unless:

   A. **For warrantless arrests,** each detainee's commitment papers from the magistrate include an order finding probable cause in substantially the format of Exhibit "A" attached hereto.

   B. **For warrant arrests,** each detainee's commitment papers from the magistrate or agency include a copy of the executed arrest warrant.

### PERSONS ACCUSED OF FELONIES FROM OTHER AGENCIES

2. The Cameron County Sheriff's Office (jail) is not to accept pretrial detainees accused of felonies from other non-federal agencies (city, county or state) unless:

   A. **For warrantless felony arrests,** each detainee's commitment papers from the magistrate include an order finding probable cause in substantially the format of Exhibit "A" attached hereto, or each detainee arrives at the Cameron County Jail in time to allow a probable cause determination before a magistrate no later than forty-eight (48) hours after arrest.

   B. **For warranty felony arrests,** each pretrial detainee's commitment papers from the magistrate or agency include a copy of the executed arrest warrant.

If in the opinion of the jail personnel (under policies of the Chief Jail Administrator to be adopted within ten (10) days of the signing of this Order), a pretrial detainee accused of a felony arrives too late to receive a probable cause hearing within forty-eight (48) hours, such detainee will not be accepted in the county jail and the agency personnel will be advised that such detainee will be accepted in the county jail only after such pretrial detainee has been taken to a magistrate and an order finding probable cause has been issued by such magistrate.

The Cameron County Court at Law, Number One, shall oversee county probable cause

hearings and shall schedule probable cause hearing dates and times so as to comply with the holding of *County of Riverside v. McLaughlin,* 500 U.S. 44,56; 114 L.Ed. 2d 49; 111 S.Ct. 1661 (1991). "...that a jurisdiction that provides judicial determination of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein." *Gerstein v. Pugh,* 420 U.S. 103 (1975). Such Schedule shall be furnished to the Cameron County Jail and to the District Attorney's Office so that jail personnel can decline commitment of pretrial felony detainees in compliance with this order.

### PERSONS ARRESTED BY SHERIFF'S OFFICE

3. All warrantless arrest pretrial detainees (felony and misdemeanor) where the arrest is by the sheriff's office or by non-federal agencies which bring their arrestees directly to the county jail, shall be brought before the County probable cause magistrate for a probable cause hearing at the earliest possible time, but in no case later than forty-eight (48) hours after arrest.

### OFFENSE REPORTS TO THE DISTRICT ATTORNEY'S OFFICE

4. The Cameron County (Criminal District) Attorney's Office shall file a dismissal in all cases where:

   A. **For misdemeanor warrant and warrantless arrests involving pretrial detainees,** by all non-federal agencies (city, county or state), the offense report is not submitted to the district attorney's office within two (2) business days after the arrest.

   B. **For felony warrant and warrantless arrests involving pretrial detainees,** by all non-federal agencies (city, county or state) the offense report is not submitted to the district attorney's office with five (5) business days after the arrest, except for homicide and aggravated sexual cases which shall be submitted to the district attorney's office with ten (10) business days after the arrest.

The district attorney's office may grant reasonable extensions of time for filing the offense

reports referenced in subparagraphs A and B of Paragraph 4 above, but only for an arrestee accused of a capital or first or second degree violent felony, or any felony offense involving a child victim or family violence, and only for good cause which is beyond the control of the arresting agency. The Cameron County District Attorney's Office shall establish written intake policies and procedures to promote and facilitate this order, which shall be filed with this Court.

## POPULATION REDUCTION PROVISIONS

If at any time the population of the Cameron County Jail exceeds ninety per cent of the design capacity (currently design capacity is 738) for such jail, the Sheriff of Cameron County is **ORDERED** to, and shall, in addition to any other actions he may deem appropriate, take such of the following actions he may see fit in order to reduce jail population:

- A. Arrange for alternative housing for any person or persons then confined within the Cameron County Jail under protective custody;

- B. Arrange for "scheduled reporting" for any person or persons confined or to be confined for civil contempt as a result of a civil action, including but not limited to divorce, custody and support cases;

- C. Arrange for "scheduled reporting" of any person or persons to be confined as a result of a criminal contempt;

    "Scheduled reporting" as used herein, for any person referenced in Paragraphs C and D above: Shall mean that the Sheriff may schedule specific dates and times for contempt inmates to report to and serve any sentence for contempt; and shall mean that the Sheriff may schedule contempt inmates to serve his or her sentence by reporting on specific dates and times to be placed on community work program in accordance with V.T.C.A., Code of Criminal Procedure, Art. 43.10; it is intended that contempt inmates working eight hour days in the community work program shall be on home release except while working.

- D. The Sheriff may arrange for the use of alternative facilities for the housing of inmates including the use of half-way houses, monitoring, or other alternative housing methods;

4

E.  The Sheriff may refuse to receive for pre-trial confinement from any law enforcement officer, any person charged with a non-violent misdemeanor;

F.  The Sheriff may refuse to receive for pre-trial confinement, from any law enforcement officer, any person charged with a non-violent felony;

G.  The Sheriff shall adopt and implement procedures to release on personal bond persons committed to his custody who are charged exclusively with misdemeanor offenses. These procedures shall provide for the immediate release of detainees charged with misdemeanors in the order in which they were booked into the County Jail, but only as necessary to keep the jail population below ninety per cent of design capacity;

H.  Upon application to a judge of a court of competent jurisdiction, the Sheriff may release from custody, any pretrial detainees charged with non-violent felonies.

I.  The Sheriff may refuse to receive for pre-hearing confinement from state pardon and parole officers, any "blue warrant" person. charged with a parole violation.

J.  The Sheriff may notify the Department of Pardons and Parole that the "blue warrant" inmates will be released after they have been held for forty-five days unless a white warrant" has issued.

   "Blue Warrant" as used herein, for any person referenced in paragraph I and J above, means a person arrested for a parole violation who is to be detained pending adminstrative process and revocation hearing. The color of the state warrant issued to arrest a person accused of a parole violation is "blue"; thus, "blue warrant".

   "White Warrant" as used herein, for any person referenced in paragraph I and J above, means a person detained after revocation of parole. The color of the state warrant used after a person's parole has been revoked is "white"; thus, "white warrant"..

The above "population reduction provisions", A through J, shall only be used by the Sheriff to the extent necessary to bring the jail population under ninety per cent of design capacity.

The foregoing order shall remain in force and effect until the final order in this cause unless modified upon application of the parties or otherwise by order.

DONE in Brownsville, Texas, this 2ND day of OCTOBER, 1997.

5

_____
John William Black
United States Magistrate Judge

6

ClibPDF - www.fastio.com

CAUSE NO._____

THE STATE OF TEXAS

V.

_____

## ORDER FINDING PROBABLE CAUSE

The Court having fully completed the examination in this cause is of the opinion that probable cause does exist to bind the defendant over to await the action of the grand jury for the felony offense of _____

_____.

Said offense being a bailable one, a reasonable bond in the amount of $_____ is set, and it is ordered that upon posting a bond for said amount, in the manner and form required by law, he be released from custody; but in default of such bond that the defendant be committed to the jail of Cameron County, Texas and there to be safely kept to answer for said offense.

Signed for entry this \_\_\_ day of _____, 19\_\_\_.

_____

**Magistrate**

CAUSE NO._____

THE STATE OF TEXAS

V.

_____

### ORDER DISCHARGING DEFENDANT

The Court having fully completed the examination in this cause is of the opinion that no probable cause exists to bind the defendant over to await the action of the grand jury and that the defendant should be discharged from further proceedings herein.

It is therefore Ordered, Adjudged and Decreed that the defendant be discharged from further proceedings herein and that he be released from custody, if in custody, and that he be discharged from the obligations of his bond, if on bond.

Signed for entry this ____ day of _____, 19___.

_____
**Magistrate**