91

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED / Filed

FEB 17 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, ET AL. | § | |
| Plaintiffs, | § | |
| V. | § | Civil Action No. B-93-260 |
| CAMERON COUNTY, TEXAS | § | |
| Defendant and Third-Party Plaintiff, | § | Rule 23 (b) (2) Class Action |
| THE STATE OF TEXAS, ET AL. | § | |
| Defendants and Third-Party Defendants | § | |

## PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES *PENDENTE LITE*

COME NOW **RAUL CASTILLO**, et al., Plaintiffs, and file this their Plaintiffs' Motion for Interim Award of Attorneys' Fees. In support of this motion, Plaintiffs would show unto the Honorable Court as Follows:

### I.

### PROCEDURAL HISTORY

This case is a civil rights class action under 42 U.S.C. § 1983, which arises out of overcrowding in the Cameron County Jail. Plaintiffs are suing on behalf of all persons held in the Cameron County Jail.

After a one week evidentiary hearing, Plaintiffs obtained a temporary injunction that has largely alleviated the overcrowding problem in the Cameron County Jail. The jail has been operated under that injunction since 1994, preventing innumerable violations of detainees' Constitutional rights.

Plaintiffs contend that by obtaining a temporary injunction and causing the

jail to operate under that temporary injunction for four years, they have prevailed in this lawsuit, and are entitled to an interim award of attorneys' fees pursuant to 42 U.S.C. § 1988(b).

## II.
## ARGUMENT AND AUTHORITIES

### A. Plaintiffs Are Entitled to a *Pendite Lite* Award of Attorney's Fees As Prevailing Parties Because the Obtained a Preliminary Injunction

42 U.S.C. § 1988(b) provides for the award of attorneys' fees to a "prevailing party" in a Section 1983 civil rights action. An attorneys' fee award is proper, not only after a plaintiff has obtained a final judgment, but also after he has established entitlement to some relief on the merits of his claim. *See Hanrahan v. Hampton*, 446 U.S. 745, 757, 100 S. Ct. 1987, 1989, 64 L. Ed. 2d 670 (1980)(per curiam)("Congress contemplated the award of fees *pendente lite* in some cases."). A party who succeeds in obtaining preliminary injunctive relief is a "prevailing party" within the meaning of Section 1988. *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 339 (5th Cir. 1981); *Cohen v. Coahoma County*, 805 F. Supp. 398, 408 (N.D. Miss. 1992). In the absence of special circumstances making an award of such interim attorneys' fees and expenses unjust, such a prevailing party is entitled to an interim award. *Deerfield Medical Center*, 661 F.2d at 339; *Cohen*, 805 F. Supp. at 408.

Plaintiffs are prevailing parties because they obtained a preliminary injunction in 1994 and have forced the county and state to abide the the injunction for over four years. Therefore, they are entitled to a *pendente lite* award of attorneys' fees and expenses. *Deerfield Medical Center*, 661 F.2d at 339; *Cohen*, 805 F. Supp. at 408.

### B. Calculation of the Attorney's Fee Award

To calculate the attorneys' fees to be awarded to Plaintiffs, the Court begins by

multiplying the number of hours worked times the prevailing market rate to determine the lodestar amount. This lodestar amount can then be increased to reflect the factors involved in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). These factors include the risk of nonrecovery, a delay between the time the work is performed and the time it was paid, the contingent nature of the recovery. As one court noted, the addition of a bonus or multiplier to the lodestar amount of attorneys' fees is designed to encourage counsel to take hard cases with the hope that, taking into account cases that are unsuccessful and result in no award, counsel on the average will be compensated for the appropriate rates for time reasonably spent. *EEOC v. Sage Realty Corp.*, 521 F. Supp. 203 (D.C.N.Y. 1981).

Ed Stapleton worked a total of at least 178.4 hours on this matter, and Michael R. Cowen has worked a total of at least 12.3 hours. A breakdown of their time is attached as Exhibits A and B. Ed Stapleton's standard billing rate is $250 per hour, and Michael R. Cowen's standard billing rate is $125 per hour. Based on these rates, the lodestar is $46,137.50. However, this rate is used on cases in which they will be paid on a regular basis regardless of the outcome. In the case at bar, plaintiffs' counsel expended tremendous amounts of time and resources in an unpopular case with a contingent recovery. Therefore, the Court should apply a multiplier and adjust the lodestar upward to reflect these risks and the excellent result achieved in the case, as well as to encourage other attorneys to prosecute such cases. Plaintiffs submit that a 100% multiplier would be appropriate in this case, and ask the Court to award them $92,275.00.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that this Court **GRANT** Plaintiffs' Motion for Award of Attorneys' Fees *Pendente Lite* and award attorneys' fees to the firm of Stapleton, Livesay & Cowen.

Respectfully submitted,

STAPLETON, LIVESAY & COWEN
1325 Palm Blvd.
Brownsville, Texas 78520
956/541-4981
956/504-3674 (FAX)

By: _____
Michael R. Cowen
State Bar No. 00795306

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___16th___ day of Februuary, 1999, a true and correct copy of the foregoing Motion has been mailed to opposing counsel:

Mr. Richard Burst
Assistant County Attorney
974 E. Harrison St.
Brownsville, Tx. 78520

Mr. Daniel E. Maeso
Assistant Attorney General
P. O. Box 12548, Capitol Station
Austin, Tx. 78711

_____
Michael R. Cowen

## AFFIDAVIT OF EDWARD A. STAPLETON, III

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF CAMERON** | § |

BEFORE ME, the undersigned authority, personally appeared **EDWARD A. STAPLETON, III**, whose name is subscribed to the foregoing and upon his oath, and acknowledge to me that this affidavit is true and correct.

"My name is Edward A. Stapleton, III. I am an attorney duly licensed to practice in the State of Texas and the United States District Court for the Southern District of Texas, and am competent to give this affidavit.

I worked as least 178.4 hours on the *Castillo* lawsuit. A breakdown of those hours is set forth in Exhibit A, attached hereto. My normal hourly rate on cases where I am paid a retainer up front and on a regular basis after the retainer is used up is $250.00 per hour. On contingent fee cases, I typically earn more than $250.00 per hour because of the contingent nature of my payment, because of the time delay between the time I perform work and the time I receive payment and because of the expense money I advance out of my own pocket on contingent fee cases."

AFFIANT FURTHER SAYETH NAUGHT.

_____
Edward A. Stapleton, III

SWORN AND SUBSCRIBED to before me on this 12th day of February, 1999.

_____
Notary Public, State of Texas

JOSIE O. LUCIO
Notary Public,
State of Texas
My Comm. Exp. 8-22-2000

# EXHIBIT A
## Work Done by Ed Stapleton

| Date | Description | Hours |
|---|---|---|
| 12/9/93 | Client conference with Jose Raul Castillo | .5 |
| 12/9/93 | Client conference with Eloy Sanchez | .5 |
| 12/9/93 | Client conference with Francisco Lopez. Draft Complaint | 3.5 |
| 12/9/93 | Research and preprpare Motion to Certify Class, Summons | 4.5 |
| 12/10/93 | Prepare and file Complaint, Civil Cover sheet, Summons | 2.5 |
| 1/5/94 | Order and conferences on class service | 1.5 |
| 1/7/94 | Review answer of County | .5 |
| 1/19/94 | Publication of complaint and motion for conditional class certification Port Isabel Press | 2.0 |
| 1/19/94 | Publication of complaint and motion for conditional class certification San Benito News | .5 |
| 1/19/94 | Publication of complaint and motion for conditional class certification Valley Morning Star | 2.5 |
| 1/19/94 | Publication of complaint and motion for conditional class certification Brownsville Herald. | .5 |
| 1/12/94 | Review 3rd party complaint by county. | 1.0 |
| 1/20/94 | Draft and review First Amended Complaint | 4.0 |
| 1/21/94 | First Amended Complaint | 2.0 |
| 2/10/94 | Review state's motion to dismiss for lack of subject matter jurisdiction | .3 |
| 2/11/94 | Review docket control letter. Phone conference, Paula, re: resetting date of conference | .4 |
| 2/22/94 | Conference and Review County's motion for enlargement of time | 1.2 |
| 2/23/94 | Resetting of pretrial conference | .5 |
| 2/28/94 | Conf. Robert Mendoza, re withdrawal as counsel | .5 |
| 3/5/94 | Client interview and correspondence | 2.0 |
| 3/7/94 | State's Motion to dismiss on subject matter jurisdiction. | .2 |
| 3/18/94 | Review State's reply to County Motion to Dismiss. Conf. Burst and forward 636 motion to Burst. Review county's reply. Def. and 3rd party defendants' Reply to county's response. | 3.5 |
| 3/22/94 | Sec. 636 consent and order on scheduling conference | .5 |
| 3/24/94 | Prepare and attend initial pretrial conference. | 1.5 |
| 3/29/94 | Original answer of County, review. | .2 |
| 4/15/94 | Scheduling order review. | .2 |
| 5/17/94 | Review articles, videos and interviews on jail riot | 4.5 |
| 5/18/94 | Research, In re Clements | 2.0 |
| 5/20/94 | Review motion and brief in support of preliminary injunction | 1.5 |
| 6/1/94 | Prepare exhibits, interview witnesses, prepare exams, visit jail with clerical witness, take photographs of facilities, interview jail witnesses, Dr. Stern, deputies, jail nurse, conferences county's attorneys, prepare floor plan exhibits with plastic fronts, review jail population documents produced, review jail budgeting | |

|  |  |  |
|---|---|---|
|  | documents produced. | 7.0 |
| 6/2/94 | Prepare exhibits, interview witnesses, prepare exams, conferences county's attorneys, prepare floor plan exhibits with plastic fronts, review jail population documents produced, review jail budgeting documents produced | 6.5 |
| 6/3/94 | Prepare exhibits, interview witnesses, prepare exams, review jail population documents produced, review jail budgeting documents produced | 6.0 |
| 6/4/94 | Prepare exhibits, interview witnesses, prepare exams, review jail population documents produced, review jail budgeting documents produced | 7.5 |
| 6/5/98 | Review jail documents, prepare Gary W. DeLand, review qualifications and prepare cross | 8.5 |
| 6/6/98 | Review jail documents produced | 5.0 |
| 6/7/94 | Conference wityesess and prepare summons, Micheal Martin, engineering, Chief Carlos Tapia, Dep. MikeLeinart, Sgt. George Garcia, Dep. Joe Elizarde, Andy Cueto | 8.5 |
| 6/8/98 | Draft witness list, review documents produced | 9.5 |
| 6/9/94 | Prepare and present witnesses in preliminary injunction hearing | 10.5 |
| 6/10/94 | Prepare and present witnesses in preliminary injunction hearing | 9.5 |
| 6/13/94 | Review State's discovery responses. Prepare for witness preparation. | 5.5 |
| 6/14/94 | Prepare and present witnesses in preliminary injunction hearing | 9.0 |
| 6/15/94 | Prepare and present witnesses in preliminary injunction hearing | 10.0 |
| 6/16/94 | Prepare and present witnesses in preliminary injunction hearing Visit jail with judge. | 7.5 |
| 6/29/94 | Review letter from Escobar | .2 |
| 7/15/94 | Draft and review Settlement Agreement and Consent Decree | 2.5 |
| 7/17/94 | Review and discuss post hearing brief | 4.0 |
| 7/29/94 | Joint Motion to Extend time | .4 |
| 8/16/94 | Review Temporary Interlocutory Order of court | .5 |
| 9/15/94 | Review and discuss Memorandum Decision and Order | 2.5 |
| 9/29/94 | Research jail case | 1.5 |
| 10/18/94 | Conf. County and Review two year jail management plan. | 2.5 |
| 1/25/95 | Conference Spangenberg, Wesevich, Hall Current jail list request, Burst Meeting Judge Hinojosa Meeting Juan Jose Martinez, re; indigent contracts | 4.5 |
| 6/27/95 | Review witness disclosure of AG office | .5 |
| 7/12/95 | Communicable disease, tuberculosis review by state. | .2 |
| 10/12/95 | Letter regarding access to prisoners by Rachel Peterson | .2 |
| 2/26/96 | Conference on motion to reset status conference, review order | .3 |

| Date | Description | Hours |
|---|---|---|
| 2/5/96 | Review notice of setting on status conference | .2 |
| 3/19/96 | Client correspondence and order on Status Conference | .5 |
| 3/25/96 | Client correspondence | .2 |
| 5/1/96 | Conference and correspondence Southern Poverty Law Center, re; research and expert witnesses | 1.5 |
| 5/24/95 | Conferences County and County officials, re; stipulation and consent decree | 3.5 |
| 5/29/96 | Conference with client's mother and letter to client | 2.0 |
| 10/10/96 | Order of severance | .5 |
| 10/16/96 | Client correspondence | .2 |
| 10/2/97 | Conf. County and Review proposed amended temporary interlocutory order | 1.5 |
| 7/14/98 | Conference on update of orders | .5 |

Total Hours: **185.9**

ClibPDF - www.fastio.com

## AFFIDAVIT OF MICHAEL R. COWEN

**STATE OF TEXAS** §
§
**COUNTY OF CAMERON** §

BEFORE ME, the undersigned authority, personally appeared **MICHAEL R. COWEN,** whose name is subscribed to the foregoing and upon his oath, and acknowledge to me that this affidavit is true and correct.

"My name is Michael R. Cowen. I am an attorney duly licensed to practice in the State of Texas and the United States District Court for the Southern District of Texas, and am competent to give this affidavit.

I worked as least 12.3 hours on the *Castillo* lawsuit. A breakdown of those hours is set forth in Exhibit A, attached hereto. My normal hourly rate on cases where I am paid a retainer up front and on a regular basis after the retainer is used up is $125.00 per hour. On contingent fee cases, I typically earn more than $125.00 per hour because of the contingent nature of my payment, because of the time delay between the time I perform work and the time I receive payment and because of the expense money I advance out of my own pocket on contingent fee cases."

AFFIANT FURTHER SAYETH NOT.

_____
Michael R. Cowen

**SWORN AND SUBSCRIBED** to before me on this 12th day of February, 1999.

_____
Notary Public, State of Texas

JOSIE O. LUCIO
Notary Public,
State of Texas
My Comm. Exp. 8-22-2000

# EXHIBIT A

## Work done by Michael R. Cowen

| | |
|---|---:|
| Multiple teleconferences with Richard Burst | 1.0 |
| Conferences with Ed Stapleton re: background and status of case | 1.5 |
| Status hearing | .3 |
| Meeting with Richard Burst re: possibility of settlement | .5 |
| Revised proposed settlement documents | 3.5 |
| Research to become familiarized with legal theories of case | <u>5.5</u> |
| Total Hours: | <u>12.3</u> |

ClibPDF - www.fastio.com