93

United States District Court
Southern District of Texas

MAR 0 9 1999

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, ET AL. | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. B-93-260 |
| V. | § | |
| | § | |
| CAMERON COUNTY, TEXAS | § | |
| | § | |
| Defendant and | § | Rule 23(b)(2) Class Action |
| Third-Party Plaintiff, | § | |
| | § | |
| THE STATE OF TEXAS, ET AL., | § | |
| | § | |
| Defendants and Third- | § | |
| Party Defendants | § | |

## CAMERON COUNTY'S
## RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEY FEES

**COMES NOW**, the Defendant, Cameron County, Texas, and submits the following Response to Plaintiffs' Motion for Attorney Fees:

### STATEMENT OF FACTS

Plaintiffs, a class of inmates incarcerated in the Cameron County Jail, filed suit against the county alleging the jail was filled beyond the capacity. County filed a Third Party Complaint against the State. Plaintiffs amended naming the County and State as defendants. Plaintiffs and Third Party Plaintiff alleged the over crowded conditions were caused in part by a back log of state prisoners. Plaintiffs and Third Party Plaintiff sought a temporary injunction requiring transfer of state prisoners from the jail to state prisons. The Court granted the injunction. Plaintiffs now seek attorney fees for the hours expended in the case thus far. Defendant County asserts the temporary injunction does not serve as an adjudication necessary for the award of

CHzPDF - www.fasio.com

attorney fees and that the award requested by Plaintiffs is excessive.

## I.

### Interim attorney fees are not appropriate absent a judgment or comparable relief.

To obtain attorney fees, the Plaintiff must obtain an enforceable judgment against the defendant or comparable relief through a consent decree or settlement. *Farrar v. Hobby*, 113 S.Ct. 566, 573 (1992). In the case at bar, the Plaintiffs have not obtained a final judgment or settlement but rather a temporary injunction. Further, the injunction does not alter the relationship of the parties but rather records actions by the state already in process irrespective of the litigation. Defendant therefore asserts attorney fees are not appropriate because the Plaintiffs have not obtained a final enforceable judgment or demonstrated their status as a prevailing party in the litigation.

## II.

### The fees requested by Plaintiff are excessive.

In calculating the base lodestar the Court first determines whether the number of hours claimed were reasonably expended on the litigation and then multiply that amount by a reasonable hourly rate. *Louisiana Power and Light Company v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). In the instant case, Plaintiff seeks fees for 185 hours. A review of the record demonstrates of the 185 hours only 122 were expended on the injunction. *Assuming arguendo*, Plaintiffs can be construed as a prevailing party without a final judgment, Defendant asserts Plaintiffs should be compensated only for that portion of the litigation dealing with the injunction. Defendant objects to the wholesale award of fees for all litigation prior to the imposition of judgment.

## III.

### This case is not appropriate for the enhancement of fees beyond the lodestar.

The lodestar is presumptively reasonable. *City of Burlington v. Dague*, 112 S.Ct. 2638,

2641 (1992). It is appropriate to enhance the lodestar amount in certain exceptional cases where

the prevailing party demonstrates enhancement is necessary to make the lodestar reasonable.

*Cooper v. Pentecost*, 77 F.3d 829, 834 (5th Cir. 1996). In this action, Plaintiffs have not

demonstrated the case to be exceptional. Indeed, this action deals with long standing problems in

the housing of jail land prison inmates, including class action litigation which has been on going

for nearly two decades. Defendant asserts the case is not appropriate for enhancement.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Defendant asserts Plaintiffs request for

attorney fees is premature, the request is unreasonable, and the request is not appropriate for

enhancement of fees. Defendant prays the Court will deny Plaintiffs request in its entirety.

Respectfully submitted,

For Defendant/Third Party Plaintiff

Commissioners Court
Civil Legal Department
964 East Harrison Street
Brownsville, Texas 78578
(210) 550 1448
(210) 544 0801 (Facsimile)

BY:

Richard O. Burst
Attorney In Charge
Texas State Bar #00785586

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786515

## CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing Response has been mailed to the following on this 9th day of March, 1999, by certified mail return receipt requested:

Daniel E. Maeso
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Tx 78711-2548

Michael R. Cowen
1325 Palm Blvd.
Brownsville, Texas 78520

Richard O. Burst