9(

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAY 0 3 1999

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, ET AL., | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | NO. B-93-260 |
| | § | |
| CAMERON COUNTY, TEXAS | § | |
| Defendant and Third-Party | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| THE STATE OF TEXAS | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| GEORGE W. BUSH, *et al.*, | § | |
| Third-Party Defendants and | § | |
| Defendants | § | |

**DEFENDANT THE STATE OF TEXAS' AND**
**DEFENDANTS AND THIRD-PARTY DEFENDANTS**
**ANN RICHARDS, ET AL.'S MOTION TO TERMINATE**
**THIS COURT'S PRELIMINARY INJUNCTION OF SEPTEMBER 14, 1994**

**TO THE HONORABLE JOHN WM. BLACK, UNITED STATES MAGISTRATE JUDGE:**

**COME NOW** Defendants State of Texas, George W. Bush, *et al.,* by and through the

Attorney General of Texas, John Cornyn, file their Motion to Terminate and Vacate this Court's

Preliminary Injunction of September 14, 1944, pursuant to 18 U.S.C. § 3626(b)(2), as amended by

the Prison Litigation Reform Act, Title VIII of P.L. 104-134, signed into law by President Clinton

on April 26, 1996.  In support thereof, defendants would show the following:

## I.      The Prison Litigation Reform Act

On April 26, 1996, the President signed the Prison Litigation Reform Act ("PLRA")[1].

§ 802 of that Act amends 18 U.S.C. § 3626, and establishes standards for the entry and termination

of prospective relief in civil cases concerning prison conditions.

Section 3626(g)(7) defines "prospective relief" as "all relief other than compensatory money

damages." Section 3626(g)(9) defines "relief" as including "all relief in any form that may be

granted or approved by the court, and includes consent decrees, but does not include private

settlement agreements."

Section 3626(a)(1)(A) provides:

> Prospective relief in any civil action with respect to prison conditions shall extend
> no further than necessary to correct the violation of the Federal right of a particular
> plaintiff or plaintiffs. The court shall not grant or approve any prospective relief
> unless the court finds that such relief is narrowly drawn, extends no further than
> necessary to correct the violation of the Federal right, and is the least intrusive means
> necessary to correct the violation of the Federal right. The court shall give
> substantial weight to any adverse impact on public safety or the operation of a
> criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

Section 3626(b)(2) provides for immediate termination of relief that was entered without the

findings required by § 3626(a)(1)(A):

> IMMEDIATE TERMINATION OF PROSPECTIVE RELIEF– In any civil action
> with respect to prison conditions, a defendant or intervener *shall be entitled to the
> immediate termination* of any prospective relief *if the relief was approved or granted*
> in the absence of a finding by the court that the relief is narrowly drawn, extends no
> further than necessary to correct the violation of the Federal right, and is the least
> intrusive means necessary to correct the violation of the Federal right.

---

[1] A copy of the Prison Litigation Reform Act, Pub.L.No. 104-134 Stat. 1321, 66-70 is attached as Exh. 1.

18 U.S.C. § 3626(b)(2) (emphasis added).

**II      Immediate termination of the 1994 Memorandum Decision and Order is mandated because the Memorandum Decision and Order does not contain the findings required by 18 U.S.C. § 3626(b)(2).**

When the Court issued its Memorandum Decision and Order in 1994, (Docket No.64), it did so under the standards applicable to class actions generally.  As the Court's Memorandum Opinion recited, "[b]y the analysis below, this Court finds that preliminary injunctive relief is immediately warranted against both the County and State Defendants...." *See* Memorandum Opinion and Order, September 14, 1994, (Docket No. 64).

While no one contends that the Court's September 14, 1994 Order was legally incorrect under the standards then applicable, § 3626(a)(1)(A) now supersedes those standards.  Specifically, § 3626 requires "the immediate termination of any prospective relief," 18 U.S.C. § 3626(b)(2), if that relief "was approved or granted in the absence of a finding by the court that "the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." § 3626(a)(1).  There is no question that the prospective relief contained in the 1994 Memorandum Opinion Order in this case was "approved or granted" without the requisite findings.  Therefore, the PLRA requires that this Court immediately terminate the September 14, 1994 Order.  In support of this contention, Defendants have attached the following exhibits:

**Exhibit 1.**    The Prison Litigation Reform Act (PLRA);

**Exhibit 2.**    Affidavit of Robert H. Moore, Assistant Director for the Classification Operations of the TDCJ;

**Exhibit 3.**    Affidavit of Tony Fabelo, Executive Director of the Criminal Justice Policy Council;

**Exhibit 4.**     Texas Commission on Jail Standards Population Report of March 1, 1999; and

**Exhibit 5.**     § 803 of the PLRA (42 U.S.C. § 1997e(d)(3)

## III.     The PLRA requires termination of relief upon motion of defendants two years after the date the court granted or approved the prospective relief.

The Memorandum Opinion Order in question was issued by this Court on September 14, 1994, and therefore under 18 U.S.C. § 3626(b)(1)(i) such relief is terminable. Furthermore, the relief granted is only a preliminary injunction and by its very nature not meant to last this long.

## V.     The State and its Defendants have been in compliance with the requirements of the Memorandum Opinion Order of September 14, 1994 since prior to the Court's Issuance of such Order.

As the Court knows, in the early 90's, TDCJ began a massive building program increasing its capacity from 60,642 in July 1993 to almost 149,000 today. As part of the overcrowding solution, Cameron County was awarded $761,904.00 by the State in the Spring of 1994 (prior to the Order) to build an additional 192 beds. An additional 2,984 beds are expected to be available in TDCJ by the end of 1999. The TDCJ has since 1995 never exceeded the "45" day duty to accept "paper ready" offenders from the counties and it does not expect to deviate from such duty in the future. Even before the September 14, 1994 Order, TDCJ was removing "paper ready" offenders from county jails and TDCJ contract facilities. (Affidavit of Robert H. Moore, Assistant Director for the Classification Operations of the TDCJ, attached hereto as **Defendant's Exhibit 2**).

Projections by the Criminal Justice Policy Council of the state correctional population shows that the state will be able to continue to meet its duty-to-accept offenders within 45 days of sentencing for the period of projection (1999-2003). The projection considers expansion of capacity presently underway, assumes that the parole rate will continue at 20% of cases considered and that

other trends impacting the correctional population growth will not divert significantly from recent trends. To meet this duty, the State of Texas maintains flexibility to respond unanticipated fluctuations in the demand for correctional space during legislative interims by: (a) having the staff of the Governor, Lt. Governor, Speaker, Senate Finance, House Appropriations and Criminal Justice Committee reviewing fluctuations in projected demand at timely intervals during the interim to recommend policy changes if needed; (b) having authorized the TDCJ to shift funds among strategies and among fiscal years if needed to fund new capacity; and (c) contracting with counties or private vendors for capacity as needed. (Affidavit of Tony Fabelo, Executive Director of the Criminal Justice Policy Council, attached hereto as **Defendants' Exhibit 3**).

Finally, the Texas Commission on Jail Standards Jail Population Report dated March 16, 1999, indicates that Cameron County Jail was operating at 85.24% of capacity as of March 1, 1999. Currently, and for the foreseeable future there is no waiting list for Cameron County offenders. (Affidavit of Bob Moore, **Exhibit 2**, Texas Commission on Jail Standards Jail Population Report, March 1, 1999, attached hereto as **Defendants' Exhibit 4.**) It is undisputed that the State has not left a felony backlog in the Cameron County Jail for years and it is undisputed that it will not do so in the foreseeable future. If there were overcrowding in the jail, it would not be caused by the State's failure to remove its paper ready inmates. It is clear, therefore, that under the PLRA, the State Defendants are entitled to termination of the September 14, 1994 Memorandum Decision and Order.

## V. The PLRA limits the amount of Attorney's Fees that can be paid to Plaintiffs' Attorneys.

Attorneys for the Plaintiffs in this case have, pending before the Court their Motion For Attorney's Fees *Pendente Lite* to which both the State Defendants and Cameron County have filed

ClibPDF - www.fastio.com

a response. In our previous response, we failed to call the Court's attention to the provisions of the PLRA regarding awards of attorney's fees in cases such as this.

In *Madrid v. Gomez*, 150 F.3d 1030 (9th Cir. 1998), the Court considered the issue of Attorney's Fees in accordance with the PLRA. At issue was the applicability of the provisions of § 803 of the PLRA (42 U.S.C. § 1997e(d)(3)), attached hereto as **Defendants' Exhibit 5** which limits the amount of attorney's fees that can now be paid in prison lawsuits to an hourly rate not greater than 150% of the hourly rate established under 18 U.S.C. § 3006A, in turn limits attorney's fees to $60.00 per hour "for time expended in court" and $40.00 per hour "for time expended out of court, unless the Judicial Conference determines that a higher rate not in excess of $75.00 per hour is justified.

## CONCLUSION

**WHEREFORE,** for the above stated reasons, State of Texas' Defendants Move for Termination of the Court's Memorandum Decision and Order of September 14, 1994, pursuant to the provisions of the PLRA and for any other relief that they may be entitled to.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SHANE PHELPS
Deputy Attorney General for Criminal Justice

LOUIS V. CARRILLO
Assistant Attorney General
Acting Chief, Law Enforcement Defense Division

DANIEL E. MAESO
Assistant Attorney General
State Bar No. 12808500

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
Fax No. (512) 495-9139

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, DANIEL E. MAESO, Assistant Attorney General, do hereby certify that a true and correct copy of this **Defendant The State Of Texas' and Defendants and Third-Party Defendants Ann Richards, Et Al.'s Motion To Terminate This Court's Temporary Injunction Of September 14, 1994** has been served by placing same in the United States Mail, Certified Mail Return Receipt Requested postage prepaid, on this the 28th day of April, 1999, to the following counsel of record, pursuant to the Federal Rules of Civil Procedure:

Edward Stapleton III                          **Via CM/RRR No. Z 318 264 979**
1325 Palm Blvd.
Brownsville, Texas 78520

Richard Otto Burst
Cameron county Commissioner's Court    **Via CM/RRR No. Z 318 264 980**
Civil Legal Department
964 E. Harrison
Brownsville, Texas 78520

DANIEL E. MAESO
Assistant Attorney General