


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, ET AL. | § | |
| Plaintiffs, | § | |
| V. | § | Civil Action No. B-93-260 |
| CAMERON COUNTY, TEXAS | § | |
| Defendant and Third-Party Plaintiff, | § | Rule 23 (b) (2) Class Action |
| THE STATE OF TEXAS, ET AL. | § | |
| Defendants and Third-Party Defendants | § | |

JOINT RESPONSE OF PLAINTIFFS AND CAMERON COUNTY
TO THE STATE'S MOTION TO TERMINATE THIS COURT'S
PRELIMINARY INJUNCTION OF SEPTEMBER 14, 1994

COME NOW **RAUL CASTILLO**, et al., Plaintiffs, and **CAMERON COUNTY, TEXAS**, Defendant and Third-Party Plaintiff, and file this their Joint Response of Plaintiffs and Cameron County to the State's Motion to Terminate this Court's Preliminary Injunction of September 14, 1994. In support of this motion, Plaintiffs and Cameron County would show unto the Honorable Court as Follows:

I.

INTRODUCTION

On April 30, 1999 the State of Texas and other State official defendants (collectively, the "State Defendants") filed a Motion to Terminate This Court's Preliminary Injunction of September 14, 1994. In that motion, the State Defendants argued that the preliminary injunction of September 14, 1994 should immediately terminate because: (1) it did not contain the findings required by the Prison

Litigation Reform Act ("PLRA"); and (2) the injunction was more than two years old. However, under Fifth Circuit case law, the Court impliedly made the required findings when it entered the preliminary injunction. Further, the Court should hold a hearing allowing Plaintiffs and Cameron County to present evidence to show that the injunction remains necessary to correct a current and ongoing violation of a Federal right.

## II.

### THE COURT MUST HOLD A HEARING BEFORE DECIDING WHETHER TO TERMINATE OR CONTINUE INJUNCTIVE RELIEF

18 U.S.C. § 3626(b)(2) calls for the "immediate termination of any prospective relief if the relief was . . . granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct a violation of the Federal Right." Similarly, "[i]n any civil action with repect to prison conditions in which prospective relief is ordered, such relief shall be terminable upon the motion of any party . . . 2 years after the date the court granted . . . the prospective relief." 18 U.S.C. § 3626(b)(1). Read in a vacuum, these two provisions would appear to require immediate termination of the preliminary injunction in this case. However, 18 U.S.C. § 3626 also contains a subsection (b)(3), entitled "Limitation." Subsection (b)(3) provides:

> Prospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation fo the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

The Second Circuit recently set out the framework for applying Section § 3626(b) in *Benjamin v. Jacobson*, Docket No. 96-5130, 1999 U.S. App. LEXIS 5130 (2d

Cir. March 23, 1999). In *Benjamin*, the Second Circuit held that, when a defendant makes a motion to terminate prospective relief under 18 U.S.C. § 3626(b)(1) or (b)(2), the plaintiffs have a right to an evidentiary hearing before the relief is terminated. That is, this Court should not terminate the preliminary injunction immediately, but rather should set a hearing to determine whether to continue it.

Further, this Court impliedly made the findings required by 18 U.S.C. § 3626(b)(2) when it granted the preliminary injunction in 1994. As the Fifth Circuit has noted:

> The limitations codified in [the PRLA] do not depart from the pre-existing law of this circuit. *See, e.g., Alberti v. Klevenhagen*, 790 F.2d 1220, 1227 (5th Cir. 1986); *Ruiz v. Estelle*, 679 F.2d 1115 (5th Cir. 1982).

*Williams v. Edwards*, 87 F.3d 126, 133 n.21 (5th Cir. 1996). Therefore, because this Court correctly followed existing caselaw when granting the preliminary injunction,[1] it impliedly made the necessary findings that the relief was narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. *See Williams*, 87 F.2d at 133, 133 n.21.

### III.

### THE COURT SHOULD EXTEND THE 30 DAY DEADLINE TO HOLD A HEARING

18 U.S.C. § 3626(e)(2) provides that a motion for immediate termination of prospective relief--such as the State's motion--operates to stay such relief beginning on the 30th day after such a motion. However, 18 U.S.C. § 3626(e)(3) allows the Court to postpone the automatic stay for 60 additional days for good cause (other than the Court's own general calendar congestion). In this case, the Court should postpone the automatic stay an additional 60 days because good cause exists.

---

[1] Given that the State admitted, "no one contends that the Court's September 14, 1994 Order was legally incorrect under the standards then applicable," and that *Williams* holds the standards set out in the PLRA are the same of 1994 Fifth Circuit case law, the State has accidentally admitted that the preliminary injunction is proper under the PLRA's standards.

Plaintiffs' counsel, Michael R. Cowen, did not receive a copy of the State's motion until May 5, 1999. At that time, he was busy preparing for trial in *Lairsen v. FMC Corp.*, Civil Action No. B-96-147, a case that was to be tried in this Court. Mr. Cowen, along with his co-counsel in the *Lairsen* case, selected a jury on May 3, 1999, and evidence will commence on May 17, 1999. Although the *Lairsen* case has settled, Mr. Cowen has not had time to prepare for an evidentiary hearing before May 30, 1999. Mr. Cowen will need time because he has only recently taken over the representation of Plaintiffs in this case. Therefore, good cause exists to postpone the automatic stay until July 29, 1999. Plaintiffs request that the Court postpone the stay, and that the Court hold an evidentiary hearing before that date.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that this Court **DENY** the State's Motion to Terminate this Court's Preliminary Injunction of September 14, 1994, postpone the automatic stay deadline 60 days, and hold a hearing regarding the continuing necessity of a preliminary injunction before July 29, 1999.

Respectfully submitted,

COWEN & LIVESAY
1325 Palm Blvd.
Brownsville, Texas 78520
956/541-4981
956/504-3674 (FAX)

By: _____
Michael R. Cowen
State Bar No. 00795306
Federal ID No. 19967

**Attorney for Plaintiffs**

JOINT RESPONSE TO THE STATE'S MOTION
TO TERMINATE PRELIMINARY INJUNCTION                                      PAGE 4

Commissioners Court
Civil Legal Department
974 E. Harrison St.
Brownsville, Tx. 78520
956/550-1448
956/550-1348 (Facsimile)

_____
Richard O. Burst
Attorney In Charge
Texas State Bar No. 00785586

Dylbia L. Jefferies
Of Counsel
Texas State Bar No. 00786515

**Attorneys for Cameron County**

### CERTIFICATE OF SERVICE

I hereby certify that on this the ___18th___ day of May, 1999, a true and correct copy of the foregoing Motion has been mailed to opposing counsel:

Mr. Daniel E. Maeso
P.O. Box 12548, Capitol Station
Austin, Texas 78711

_____
Michael R. Cowen

JOINT RESPONSE TO THE STATE'S MOTION
TO TERMINATE PRELIMINARY INJUNCTION                                      PAGE 5