102

United States District Court
Southern District of Texas
FILED

MAY 3 0 1997

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JON A. ASHCRAFT,      *
        Plaintiff,       *
                   *     CIVIL ACTION NO.
VS.                  *
                   *     B-93-260-A
CAMERON COUNTY, TEXAS, et al.   *
        Defendants       *
                   *

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jon A. Ashcraft, Plaintiff Pro Se, in the above styled and numbered matter. Plaintiff appears before this Court pro se, without the aid of skilled and learned counsel, requesting that this pleading is given the liberal scrutiny applied under **Haines v Kerner,** 404 U.S. 519, 92 S.Ct. 594 (1972), whereas pro se litigants should be construed with stringent standards applied to learned counsel. And thus, Plaintiff would show this Court as follows:

I.

**PROCEDURAL HISTORY**

1. On the 10th December, 1993 the Original Complaint was filed in this cause. At the time Plaintiff was arrested under criminal cause # 91-CR-1521-E offense of burglary of a habitation for which conviction was had and sentenced assessed at (75) seventy-five years confinement TDCJ-ID.

2

2. On 3rd January, 1994 Answer by Defendant's was made to the Original Complaint.

3. On 20th, May, 1994 Plaintiff class filed an Application for Preliminary Injunction with Brief in Support to which Plaintiff, Jon A. Ashcraft was specifically named as party thereto.

4. On 21st September, 1994 Plaintiff filed the First Amended Complaint to specifically detail his separate claim for being denied access to courts for lack of an adequate law library.

5. On 23rd April, 1996 Plaintiff sought a Supplement to Amend Complaint seeking monetary damages.

6. On 21st October, 1996 Plaintiff presented a **Second Motion to Supplement Amended Complaint,** to establish Plaintiff's position in the cause since severance from the Original Complaint.

7. On 12 December, 1996 Plaintiff sent to be filed through the U.S. Postal Mail service his **Plaintiff's Motion for Entry of Default Judgement** due to the fact that Defendant's had twice over a period of (7) seven months failed to respond to Plaintiff's complaint. This Motion was **never** ruled on by said Court.

8. On 20th December, 1996 Plaintiff was in receipt of the **Report, ORDER & Recommendation** from the Magistrate Judge.

9. On 23rd December, 1996 Plaintiff sent to be filed through the U.S. Postal Mail service his **Plaintiff's Objection To Report, Order & Recommendation.**

3

10. On 21st December, 1996 Plaintiff was in receipt of Order Granting Defendant Cameron County's Unopposed Motion To Substitute Counsel.

11. On 14th April, 1997 Plaintiff was in receipt of **Order of Dismissal.**

12. On April 18, 1997 Plaintiff sent by U.S. Mail his Plaintiff's Motion to Alter Judgement & Motion for Relief from Order.

13. On May 17, 1997 Plaintiff received Magistrate Judge's Report and Recommendation.

## II.

### CAUSE FOR OBJECTION

Plaintiff takes exception to the Magistrate Judge's Report and Recommendations Drafted by Magistrate Judge John W. Black where the Judge has once again repeated his ill-fated interpretation of Plaintiff's complaint and now Plaintiff's Motion To Alter Judgement & Motion For Relief From Order where once again the Honorable Magistrate has missed the overall scope thereof.

Plaintiff solely seeks this Honorable Court to once again review the record and Plaintiff's Supplement Amended Complaint as well as Plaintiff's Motion for Entry of Default Judgement and award Plaintiff monetary damages as so deemed sufficient by this Court for the Defendant's failure to provide an adequate law library. As well as punitive and compensatory damages for the irreparable harm suffered at

4

the hands of the Defendant's during Plaintiff's
incarceration at the Cameron County Jail.


III.


## ARGUMENT IN SUPPORT OF OBJECTIONS


Plaintiff contends where the Honorable Magistrate Judge,
John W. Black has erred at his assessment is by the mere
fact that the complaint assumes action under § 2254 and a
§ 1983 claim simultaneously.  This is not  what  is being
sought by Plaintiff.

Plaintiff is truly confused   why and how the Magistrate
has come to such a conclusion.   Especially   when   it was
Magistrate   Black   who   oversaw   the arbitration  in  which
Defendant's agreed to  buy a C.D. Rom Law Library for the
Cameron County Jail.

Now   that   Plaintiff   has suffered actual  injury   and
prejudice for the Defendant's failure to provide an adequate
law library the   Magistrate  has   repeatedly  misconstrued
Plaintiff's claim.  **Yet the Defendant's have never answered
Plaintiff's Complaint.**

**Plaintiff has only attempted to verify the fact that he
was denied access to courts during his stay at the jail .
That this denial of access to courts caused Plaintiff to not
be able to meet the "technical requirement" needed to
preserve error on appeal.  Then Plaintiff could apply such
fact finding by the Court to his 11.07 State Habeas Corpus.**

5

Plaintiff's Claim is that Cameron County Jail did not provide an adequate law library. That the law library provided was a "disorganized pile of books stored in a small room." See: **Klinger v Department of Corrections**, 107 F3d 609 (8th Cir 1997) @ 616. "[t]he District Court held that 'the NCW law library at all pertinent times was so disorganized that the condition of the law library amounted to a complete and systematic denial of access to courts under **Bounds**,'" Id. This was exactly the same type situation Plaintiff experienced while incarcerated at the Cameron County Jail "A disorganized pile of books stored in a small room." The Court in **Klinger** found this situation to be "a constitutional violation." Id.

The district court explained in **Klinger**, citing **Jones v James**, 38 F.3d 943, 945 (8th Cir. 1994), "[a] complete and systematic denial of an inmate's constitutional access to courts is a **fundamental constitutional deprivation** that it is injury in itself for libility purposes without showing of actual injury or actual prejudice." Klinger IV, 902 F.Supp.at 1041.

Therefore, Plaintiff once again shows his actual injury that he has suffered which is a fundamental constitutional deprivation. That being as stated in his Second Motion to Supplement Amended Complaint page 2 & 3. Plaintiff's actual injury was the prejudice and harm he experienced due to the lack of an adequate law library while confined at the Cameron County Jail. That the motion for a new trial that

6

was filed by Plaintiff in regards to preserving error for appeal.    That    point of error number nine on his  direct appeal was overruled "... because Appellant's Motion for A New Trial did not comply with the requirements, Appellant did not preserve error." **Ashcraft v State,** 900 SW2d 817, @ 834 (Tex.App.--Corpus Christi 1995).

Plaintiff    could    not    comply    with    the    technical requirement needed to preserve error on appeal due to his denial of access to  courts by Cameron County Jail.    In **Lewis v Casey,** 116 S.Ct. 2174 @ 2180 (1996) "[I]nsofar as the    right    vindicated    in    Bounds    is    concerned    'meaninful access to courts is the touchtone' Bounds, 430 U.S., at 823, 97 S.Ct., at 1495 (internal quotation marks ommitted), and the    inmate    therefore    must    go    one    step    further    and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.    He might show, for example, that a complaint he    prepared    was    dismissed    for    failure    to    satisfy    some technical requirement which, because of deficiencies in the prison    legal    assistance    facilities,    he    could  not  have known."

This is exactly the case in Plaintiff's claim.    That due to the dificiencies in the law library at the Cameron County Jail  Plaintiff  could  not  meet  the  "technical  requirement" needed in his motion for a new trial to preserve error on appeal.    Which was the sole purpose for filing said motion. To  preserve  error   on  appeal  that  he  was  denied  having  a

witness bench warranted to his trial. The technical
requirement Plaintiff was not able to meet was that
Plaintiff needed to put "what that witness would have
testified to" in the affidavit in support of the motion for
a new trial. Plaintiff was not able to do this because he
he could not have known to put this information because he
lacked the information needed to meet this technical
requirement due to the fact that the law library was
inadequate.

Therefore, Plaintiff has shown actual injury, prejudice
and harm needed to prevail on an access to courts claim. In
**Klinger @** 617 it states "[I]n Lewis v Casey, the Supreme
Court held, based upon principles of standing, the actual
injury must be proven to prevail on an access to courts
claim." Plaintiff has showed such injury in his access to
court claim.

Plaintiff now address and strongly objects to the
Magistrate Judge's Analysis page 4 of the original Report,
Order and Recommendation where the Magistrate after
admitting that Plaintiff had correctly cited **Bounds v Smith**.
The Magistrate states "[H]owever, this right is not extended
to all legal findings, but applies only to constitutional
claims, such as civil rights complaints and state and
federal habeas petitions. Id at 825, 827-28 & n. 17.
Furthermore, there is no such right where a prisoner is
represented by competent counsel."

Plaintiff points to **Lewis v Casey**, 116 S.Ct. 2174 @ 2180

8

(1996) "[N]early all the access to court cases in the Bounds line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated. See: Douglas v California 372 U.S. 353, 83 S.Ct. 814, 815 (1963) [other citations omitted]." This is exactly the situation Plaintiff found himself in. In Plaintiff's attempt to preserve error on appeal through his motion for a new trial, the only way to preserve such error. This motion for a new trial did not comply with a "technical requirement" and the point of error was denied because Plaintiff failed to meet this "technical reqiuirement." Failed to meet this "technical requirement" because Plaintiff was denied the adequate law library to research this requirement.

On the issue of being represented by competent counsel address by the Magistrate Plaintiff points to why he was at the Cameron County Jail. Plaintiff had just been granted an out of time appeal by the Court of Criminal Appeals due to his trial counsel being ineffective in preserving Plaintiff's right to appeal. Plaintiff while not being represented by any type of counsel had filed this motion for a new trial to preserve error on appeal but that error was denied. Denied because Plaintiff was denied access to an adequate law library to be able to research case law needed to meet this "technical requirement" during his stay at Cameron County Jail. Therefore, Plaintiff was denied access to courts a **"fundamental constitutional deprivation"** which resulted in actual injury and actual prejudice.

9

## IV.

### CONCLUSION

Plaintiff requests this Honorable Court to once again conduct a de novo review of the entire file. To review the facts that Plaintiff has presented. That first this is not an attempt by Plaintiff to pursue a § 1983 of § 2254 type action. That Plaintiff has only attempted to obtain fact finding from this Court that he was denied access to courts by the Defendant's during his stay at the Cameron County Jail.

That this denial of access to courts caused Plaintiff "to not know" the needed "technical requirement" that Plaintiff failed to place in his motion for a new trial. That "technical requirement" being that Plaintiff needed to preserve error on appeal was that Plaintiff needed to place in his affidavit what his missing witness would have testified to. By not placing this information in his motion for a new trial Plaintiff suffered injury, harm and prejudice by the hands of the Defendant's.

Plaintiff seeks this Honorable Court to make such fact finding to this issue. The facts remain that there was no adequate law library to speak of at the Cameron County Jail. The Magistrate Judge, John W. Black, oversaw litigation that has resulted in the Cameron County Jail now purchasing a C.D. Rom Law library. That during Plaintiff's stay at the

10

Cameron County Jail Plaintiff while not represented by any type of counsel attempted to preserve error on appeal through a motion for a new trial after being granted an out of time appeal because his trial counsel was ineffective. That error did not meet a "technical requirement" and therefore Plaintiff could not comply with that requirement. Could not comply with the requirement because the Defendant's did not provide Plaintiff with an adequate law library.

Plaintiff further points out that the Defendant's have had numerous opportunities to respond to Plaintiff's compliant. Yet Defendant's have chosen to remain silent through out the proceedings dealing with the denial of access to courts. That this silence is the same as admitting their fault to Plaintiff's injuries. Plus the fact remains that there was no adequate law library to speak of when Plaintiff suffered this injury and harm.

Plaintiff is seeking this Court make such fact findings as presented. With such fact findings Plaintiff will be able to apply these findings in his upcoming state habeas corpus 11.07 proceedings. Plaintiff further seeks monetary damages as so deemed sufficient by this Court for Defendant's failure to provide an adequate law library. Additionally, in light of the irreparable harm suffered Plaintiff requests punitive and compensatory damages be awarded against Defendant's as this Court so deemed justicable and proper. Plaintiff further requests any other relief as may be just.

11

Plaintiff so presents these objections to the Magistrate Judge's Report and Recommendations for challenges on appeal, if it proves necessary.


RESPRECTFULLY SUBMITTED THIS THE 24TH DAY OF MAY, 1997.


JON ALAN ASHCRAFT
PLAINTIFF, PRO SE
TDCJ-ID # 638807
RT. 4 BOX 1500
BEAUMONT, TEXAS 77705

## UNSWORN DECLARATION

I, declare and affirm under penalty of perjury that the foregoing facts are true and correct to the best knowledge. Executed this 24th day of MAY , 1997.

JON A. ASHCRAFT, PLAINTIFF PRO SE

## CERTIFICATE OF SERVICE

I, the undersigned do hereby certify that a true and correct copy of the foregoing document was sealed in a wrapper with first-class postage attached thereto and offered delivery by the U.S. Postal Service to counsel for the Defendant as so listed below on or about this 24th day of May, 1997.

Richard O. Burst & Dylbia Jefferies
Attorneys' of Counsel for Defendant
Cameron County Courthouse
974 East Harrison
Brownsville, Texas 78520

JON A. ASHCRAFT, PLAINTIFF, PRO SE