


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | Civil Action No. B-93-260 |
| | § | |
| CAMERON COUNTY, TEXAS | § | |
| | § | |
| Defendant and | § | |
| Third-Party Plaintiff, | § | Rule 23 (b) (2) Class Action |
| | § | |
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| Defendants and Third- | § | |
| Party Defendants | § | |

### PLAINTIFFS BRIEF IN SUPPORT OF THEIR REQUEST FOR ATTORNEYS' FEES AND REQUEST FOR ADDITIONAL ATTORNEYS FEES

Plaintifs Raul Castillo, et al., file this brief for two reasons. First, to provide briefing in support of their request for attorneys' fees. Second, to request additional attorneys fees for work done since the first request was filed.

### The Prison Litigation Reform Act Does Not Limit Plaintiffs' Attorneys' Fees

This Court should not retroactively apply the Prison Litigation Reform Act ("PLRA") to limit the Plaintiffs' attorneys fees. Section 803 of the PLRA (42 U.S.C. § 1997e(d)(3)), which was enacted on April 26, 1996, limits the amount of attorney's fees that can be paid in prison condition suits. The issue that this Court must decide is whether Section 803 should be applied retroactively. The courts of this nation are split on the issue of Section 803's retroactivity. Some have held that it does not apply to any suit filed prior to April 26, 1996, the day the PLRA was enacted. *See, e.g., Hadix v. Johnson*, 143 F.3d 246, 255-56 (6th Cir. 1998), *cert.*




*granted,* 119 S. Ct. 408 (1998); *Jolly v. Coughlin*, No. 92 Civ. 9027 (JGK), 1999 U.S. Dist. LEXIS 349, at *37 (S.D.N.Y. January 14, 1999). Others have held that it applies to work done after the PLRA was enacted, but not to work done prior to that date. *See, e.g., Inmates of D.C. v. Jackson*, 158 F.3d 1357, 1361 (D.C. Cir. 1998). And a small minority have applied the PLRA retroactively and held that it covers all fee awards made after April 26, 1996, regardless of when the work was performed. *See Madrid v. Gomez*, 150 F.3d 1030, 1040 (9th Cir. 1998). On April 30, 1999, the Supreme Court heard oral arguments in the *Hadix* case and its decision should come out by the end of the High Court's term. Therefore, Plaintiffs suggest that the most prudent course would be for this Court to wait until the High Court decides *Hadix* before ruling on this issue. However, if the Court wishes to go out on a limb, Plaintiffs suggest that the Sixth Circuit's decision in *Hadix* is the best-reasoned, and that this Court should follow it.

### Plaintiffs Withdraw Their Request for a Multiplier

Although Plaintiffs believe that a multiplier would be appropriate in this case, given the large number of recent reversals of fee multipliers handed down by the Supreme Court and the Fifth Circuit, Plaintiffs' counsel choose to forego their right to a multiplier in order to avoid the expense of an appeal on the issue.

### Plaintiffs Should be Compensated for Time Expended Since their First Fee Application

Plaintiffs counsel has continued to work on this case since the filing of Plaintiffs' Motion for Award of Attorneys' Fees *Pendente Lite*. As shown in Exhibit A, Plaintiffs' lead counsel, Michael R. Cowen, has expended at least 22.3 hours since filing the first attorneys fee application. Further, Plaintiffs' counsel will continue to expend time on this case, and should be paid for that time. Therefore, Plaintiffs ask that the Court consider the time expended so far and allow them to make additional fee applications to reflect further work done on this case, including work done on any appeals.

However, to compensate Plaintiffs for the delay in payment, the Court should pay Plaintiffs' counsel at current rates. *Missouri v. Jenkins*, 491 U.S. 274, 282, 109 S. Ct. 2463, 2468 (1989). Since he took over his firm, Michael R. Cowen's regular hourly rate has increased to $150.00 per hour, and clients have paid that rate. (Exhibit A). Therefore, Plaintiffs ask that they be awarded interim fees based on 178.4 hours of work performed by Edward A. Stapleton at $250 per hour and based on 34.6 hours of work performed by Michael R. Cowen at $150 per hour ($44,600 for work performed by Stapleton and $5,190 for work performed by Cowen, for a total of $49,790). In addition, the Court should make an additional fee award based on work performed by Plaintiffs' counsel after the date of this fee application.

## Conclusion

Plaintiffs ask that this Court, unless the Supreme Court holds otherwise, decline to apply Section 803 of the PLRA retroactively to this case and to award Plaintiffs attorneys' fees for all work done in this case.

Respectfully submitted,

COWEN & LIVESAY
1325 Palm Blvd.
Brownsville, Texas 78520
956/541-4981
956/504-3674 (FAX)

By: _____
Michael R. Cowen
State Bar No. 00795306
Federal ID No. 19967

**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of June, 1999, a true and correct copy of the foregoing Motion has been mailed to opposing counsel:

Mr. Daniel E. Maeso
P.O. Box 12548, Capitol Station
Austin, Texas 78711

Richard O. Burst
Commissioners Court
Civil Legal Department
974 E. Harrison St.
Brownsville, Tx. 78520

_____
Michael R. Cowen

ClibPDF - www.fastio.com

## AFFIDAVIT OF MICHAEL R. COWEN

STATE OF TEXAS §
§
COUNTY OF CAMERON §

BEFORE ME, the undersigned authority, personally appeared **MICHAEL R. COWEN**,, whose name is subscribed to the foregoing and upon his oath, and acknowledged to me that this affidavit is true and correct.

"My name is Michael R. Cowen. I am an attorney duly licensed in the State of Texas and the United States District Court for the Southern District of Texas, and am competent to give this affidavit.

I have worked at least 22.3 hours on the *Castillo* lawsuit since I signed my previous affidavit in connection with the fee application I filed in February 1999. Those hours are as follows:

| Date | Description | Hours |
|---|---|---|
| 4/28/99 | tcw R.Burst re: atty fees | .1 hr |
| 5/5/99 | rsch re: PLRA (.5); tcw R. Burst (.1); 2d tcw R. Burst (.1); review State's motion for substituion of parties and motion to terminate preliminary injunction (.6); research re: motion to terminate and PLRA (3.2). | 4.5 hrs |
| 5/6/99 | continued rsch re: PLRA (1); tcw R. Burst (.2) | 1.2 hrs |
| 5/10/99 | review PLRA rsch (.8); draft response to State's motion to terminate prelim. inj. and draft proposed order (1.3); began rsch re: whether PLRA limits atty fees (1.5) | 3.6 hrs |
| 5/11/99 | tcw R. Burst (.3) | .3 hr |
| 5/17/99 | reveiw County's proposed final order | .5 hr |
| 5/20/99 | continued PLRA rsch | 1.2 hrs |
| 5/21/99 | conducted rsch re: atty fees and PLRA; attended hearing | 2.7 hrs |
| 5/25/99 | attended conference w/Court and opposing counsel. cw and tcw R. Burst re: proposed consent decree; tcw Y. de Leon re: proposed consent decree | 1.8 hrs |
| 5/27/99 | prepared for meeting with Y. de Leon; waited at courthouse for 1.7 hrs to meet with Y. de Leon; cw Y. de Leon | 3.7 hrs |
| 6/2/99 | conducted additional rsch re: atty fees; drafted atty fee brief | 2.7 hrs |

**Total: 22.3 hours**

My normal hourly rate on cases where I am paid a retainer up front and on a regular basis is between $125 to $150 per hour. In fact, in the last month I have been paid $150 per hour by at least two clients."

AFFIANT FURTHER SAYETH NOT.

_____
Michael R. Cowen

**SWORN AND SUBSCRIBED TO** before me on this the 3rd day of June, 1999.

JOSIE O. LUCIO
Notary Public,
State of Texas
My Comm. Exp. 8-22-2000

_____
Notary Public, State of Texas