105

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JOSE RAUL CASTILLO, et al.,** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **NO. B-93-260** |
| | § | |
| **CAMERON COUNTY, TEXAS** | § | |
|     **Defendant and Third-Party** | § | |
|     **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| **THE STATE OF TEXAS** | § | |
|     **Defendant,** | § | |
| | § | |
| **and** | § | |
| **GEORGE W. BUSH,** *et al.,* | § | |
|     **Third-Party Defendants and** | § | |
|     **Defendants** | § | |

United States District Court
Southern District of Texas
FILED

JUN 2 8 1999

Michael N. Milby
Clerk of Court

### DEFENDANTS STATE OF TEXAS, AND GEORGE W. BUSH, ET AL.,'S
### ADVISORY TO THE COURT

**TO THE HONORABLE JOHN WM. BLACK, UNITED STATES MAGISTRATE JUDGE:**

**NOW COME** the State of Texas and Governor George W. Bush, et al., Defendants in the above styled and numbered cause, by and through their attorney, the Attorney General of Texas, and file this, their Advisory to this Honorable Court. In support thereof, Defendants wish to inform the Court of the following:

· · ·

# I.

**An Order Granting the Sheriff of Cameron County the Discretion to Reject Prisoners from the Cameron County Jail Would Amount to a "Prisoner Release Order" as defined by 18 U.S.C. § 3626(a)(3), and such Order is to be entered by a three (3) judge panel only.**

The PLRA provides in pertinent part:

(3) **Prisoner release order.–(A)** In any civil action with respect to prison conditions, no court shall enter a prisoner release order unless–

(i) a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order; and

(ii) the defendant has had a reasonable amount of time to comply with the previous orders.

Defendants submit that it is abundantly clear from the record, that no such order has issued by the Court and that should the preliminary injunction previously entered be considered a prisoner release order, as the Court knows, the State Defendants have more than complied with its requisites, therefore making it unnecessary for the Court to allow such discretion to the Cameron County Sheriff.

The previously cited language in the PLRA should be read in conjunction with § 3626 (a)(1) **(B)**, which provides:

(B) The court shall not order any prospective relief that requires or permits a government official to exceed his or her authority under State or local law or otherwise violates State or local law, unless–

(i) Federal law requires such relief to be ordered in violation of State or local law;

(ii) the relief is necessary to correct the violation of a Federal right; and

(iii) no other relief will correct the violation of the Federal right.

There has been absolutely <u>no evidence</u> produced by either the Plaintiffs or the Cameron

CHdPDF - www.fineio.com

County Defendants to show that Federal law requires relief that would allow the Sheriff of Cameron County the right to flaunt State Constitutional and Statutory law. To the contrary, the record has been supplemented by State Defendants to show that the situation existent in the Cameron County Jail prior to the preliminary injunction by the Court, <u>will no longer exist</u> as to the State Defendants.

## II.

### Fifth Circuit and Other Circuit Cases Disapprove of Prisoner Release Orders.

In *Tyler v. Murphy*, 135 F. 3d 594 (8th Cir. 1998) the Court of Appeals reversed the district court after it had summarily denied the Sheriff's Motion to Terminate a previous prison release order it had entered placing a cap on the number of probation violators that could be housed in the St. Louis City Jail. In that case, the Sheriff, contrary to the facts in the instant case, was trying to incarcerate a probation violator and was unable to because of the cap placed by the court.

As previously stated, neither Plaintiffs nor Cameron County Defendants have produced any evidence which this Court could consider to make the findings necessary under the PLRA and as the the Court stated in *Suffolk County Jail v. Sheriff of Suffolk County*, 952 F. Supp. 869 (D.Mass. 1997), *affirmed as modified and remanded* 129 F.3d 649, *cert denied* 118 S.Ct. 2366, where the district court would decline to make findings required under the PLRA for granting prospective relief so as to allow for continuation of prospective relief, in light of principles of justiciability and prudential concern about unnecessarily reaching constitutional issues, in a class action brought by county jail pretrial detainees challenging as unconstitutional the conditions of their confinement, despite contention that the court should make findings that noncompliance would occur if decree's prospective relief were vacated; as here, no evidence was presently before the court to support findings that defendants were not in compliance with the decree, and the wiser course was to decline

to decide the merits of such predictive contentions about threatened violations that might never occur.

Recently, the 5th Circuit, citing *Tyler v. Murphy* and *Plyler v. Moore,* 100 F.3d 365, 370 (4th Cir. 1996), *cert. denied,* 117 S. Ct. 2460 with approval, commented extensively on the PLRA's legislative history with respect to the intervention by legislator to terminate existing decrees. It held that as the 4th Circuit had discussed, "Congress's purpose in enacting the PLRA was 'to relieve states of the onerous burden of complying with consent decrees that often reach far beyond the dictates of federal law'." *Ruiz v. Estelle v. Culberson,* 161 F.3d 814, 825. (5th Cir. 1998). In referring to prisoner release orders which limit the capacity for prisoners at a given facility the Court stated:

> To begin with, it is highly unlikely that there has ever been a court order limiting the number of prisoners that may be incarcerated regardless of the capacity or characteristics of the relevant prison or prisons, [FN20] so the district court's construction would as a practical matter render the PLRA's provisions respecting prisoner release orders a meaningless exercise in futility.

161 F.3d at 826-827.

Footnote 20 contains interesting language from the 5th Circuit:

> Nor are we aware of any constitutional provisions or laws or court decisions which might evenly arguably tend to give rise to the issuance of such order.

161 F.3d at 827, n. 20.

## CONCLUSION

An order granting the Sheriff of Cameron County the discretion to reject parolees from incarceration in the Cameron County Jail would be a prisoner release order which may only be issued by a three (3) judge panel. Such panel would have to be requested by Plaintiffs and they have failed to do so. Such order would have to be based on the record or evidence offered by the

Plaintiffs and there has, so far, been none offered.  Such order would also violate § 3626(a)(1) of the

PLRA in that it would permit a government official (the Sheriff of Cameron County) to exceed his

or her authority under Texas law and otherwise violates Texas law.

Finally, it is clear that the Circuit Courts of Appeals feel strongly about the provisions of the

PLRA as they pertain to prisoner release orders.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SHANE PHELPS
Deputy Attorney General for Criminal Justice

LOUIS CARRILLO
Assistant Attorney General
Acting Chief, Law Enforcement Defense Division

DANIEL E. MAESO
Assistant Attorney General
State Bar No. 12808500

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
Fax No. (512) 495-9139

**ATTORNEYS FOR DEFENDANTS**

# CERTIFICATE OF SERVICE

I DANIEL MAESO, Assistant Attorney General, do hereby certify that a true and correct

copy of **Defendants State of Texas, and George W. Bush, et al.,'s Advisory To The Court** has

been served by placing the same in the United States Mail, postage pre-paid, on this the 22nd day

of June, 1999, addressed to:

Michael R. Cowen                                    **Via CM/RRR No. Z 318 264 472**
Law Office of Cowen & Livesay
1325 Palm Blvd
Brownsville, Texas 78520


Richard Otto Burst                                  **Via CM/RRR No. Z 318 264 473**
Cameron County Commissioner's Court
Civil Legal Department
964 E. Harrison
Brownsville, Texas 78520

_____
DANIEL E. MAESO
Assistant Attorney General