*107*

United States District Court
Southern District of Texas
FILED

JUL 2 6 1999

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, ET AL. | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. B-93-260 |
| V. | § | |
| | § | |
| CAMERON COUNTY, TEXAS | § | |
| | § | |
| Defendant and | § | Rule 23(b)(2) Class Action |
| Third-Party Plaintiff, | § | |
| | § | |
| THE STATE OF TEXAS, ET AL., | § | |
| | § | |
| Defendants and Third- | § | |
| Party Defendants | § | |

## CAMERON COUNTY'S FIRST AMENDED RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COUNTY'S MOTION FOR ATTORNEY FEES

**COMES NOW**, the Defendant, Cameron County, Texas, and submits the following First Amended Response to Plaintiffs' Motion for Attorney Fees, and respectfully asks the Court, in lieu of ordering the Third Party Defendant (State) to pay attorney fees to Third Party Defendant (County), to order Third Party Defendant/Defendant State to pay to Plaintiff all fees due Plaintiff from either State or County.

County was sued by Plaintiffs. County agreed to the class action and filed a Third Party Complaint bringing in certain State officials, and had all State officials served in this suit. County has participated in all phases of this litigation against the state to the same extent as did Plaintiff. In its Third Party Complaint County prayed that the Court order the State to remove from the Cameron County Jail all convicted felons ready for transfer to the TDCJ institutional division and

to continue to remove them. This is the relief granted by this Court it its Memorandum Decision And Order of September 14, 1994.

On the other hand, when at the hearing for the temporary injunction it became apparent from the evidence that the County had responsibility for what the Court termed "front-end load", the County tendered a temporary interlocutory order to the Court to cure the "front-end load".

However, the "front-end" load caused the County to fill its own jail; the state's refusal to pick up convicted felons caused the state to overcrowd the County's jail

At the time of the hearing for temporary injunction the evidence established that the the County Jail capacity was 546 inmates and that the State had 289 convicted felons stored there.

## STATEMENT OF FACTS

Plaintiffs, a class of inmates incarcerated in the Cameron County Jail, filed suit against the county alleging the jail was filled beyond the capacity. County filed a Third Party Complaint against the State. Plaintiffs amended naming the County and State as defendants. Plaintiffs and Third Party Plaintiff alleged the over crowded conditions were caused in part by a back log of state prisoners. Plaintiffs and Third Party Plaintiff sought a temporary injunction requiring transfer of state prisoners from the jail to state prisons. The Court granted the injunction. Plaintiffs and Third Party Plaintiff now seek attorney fees for the hours expended in the case.

**WHEREFORE, PREMISES CONSIDERED**, Third Party Plaintiff prays this Court make a reasonable award of attorney fees to Plaintiff and order Third Party Plaintiff to pay such fees for the reason that both the Plaintiff and Third Party Plaintiff prevailed against the State

Respectfully submitted,

For Defendant/Third Party Plaintiff

Commissioners Court
Civil Legal Department
964 East Harrison Street
Brownsville, Texas 78578
(210) 550 1345
(210) 550 1348 (Facsimile)

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar #00785586

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786515

## CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing Amended Response/ Motion has been mailed to the following on this 27th day of July 1999, by certified mail return receipt requested:

Daniel E. Maeso
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Tx 78711-2548

Michael R. Cowen
1325 Palm Blvd.
Brownsville, Texas 78520

_____
Richard O. Burst