IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 9 1999

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOSE RAUL CASTILLO, FRANCISCO LOPEZ, ELOY SANCHEZ, and all those similarly situated, Plaintiffs, | ) ) ) ) ) ) |
| v. | ) CIVIL ACTION NO. B-93-260 |
| CAMERON COUNTY, TEXAS, Defendant and Third-Party Plaintiff, | ) ) ) ) ) |
| . | ) Rule 23(b)(2) Class Action |
| THE STATE OF TEXAS and GEORGE BUSH; JAMES RILEY; CAROL S. VANCE; JERRY H. HODGE; JOSHUA W. ALLEN, SR.; THOMAS DUNNING; ALLAN B. POLUNSKI; R. H. DUNCAN, SR.; ELLEN J. HALBERT AND JOHN R. WARD (each in his or her official capacity only), Defendants and Third-Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) |

STATE OF TEXAS   )
COUNTY OF CAMERON   )

## STIPULATION OF FACTS

The remaining parties to this suit, Plaintiffs and Defendant Cameron County, stipulate to the following:

1.    The facts in the Affidavit of Luis Esparza filed of even date herewith.

Signed on July 29, 1999, in Brownsville, Texas.

_____
Michael R. Cowen
Attorney for Plaintiffs
1325 Palm Blvd.
Brownsville, Texas 78520
956/541-4981
Texas Bar No. 00795306

_____
Richard O. Burst
Attorney for Cameron County
964 E. Harrison
Brownsville, Texas 78520
956/550-1345
Texas Bar No. 00785586

ClibPDF - www.fastio.com

110

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 29 1999

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, | ) | |
| FRANCISCO LOPEZ, | ) | |
| ELOY SANCHEZ, and | ) | |
| all those similarly situated, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. B-93-260 |
| | ) | |
| CAMERON COUNTY, TEXAS, | ) | |
|     Defendant and | ) | |
|     Third-Party Plaintiff, | ) | |
| | ) | |
| . | ) | Rule 23(b)(2) Class Action |
| | ) | |
| THE STATE OF TEXAS and GEORGE | ) | |
| BUSH; JAMES RILEY; CAROL | ) | |
| S. VANCE; JERRY H. HODGE; | ) | |
| JOSHUA W. ALLEN, SR.; THOMAS | ) | |
| DUNNING; ALLAN B. POLUNSKI: | ) | |
| R. H. DUNCAN, SR.; ELLEN J. | ) | |
| HALBERT AND JOHN R. WARD | ) | |
| (each in his or her official | ) | |
| capacity only), | ) | |
|     Defendants and | ) | |
|     Third-Party Defendants. | ) | |

STATE OF TEXAS    )
COUNTY OF CAMERON    )

### AFFIDAVIT OF CAPTAIN LUIS ESPARZA

    On this day, Luis Esparza appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

1.    "My name is Luis Esparza. Since April 15, 1999, I have been Captain of the Cameron County Jail. For about three years before April 15, 1999, I was a classification officer for the Cameron County Jail. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.    The capacity of the Cameron County jail (total of three facilities) is 738 inmates. As of July 28, 1999, the jail population was 662 inmates including 17 blue warrants and 8 white warrants. There

were 515 state inmates and 147 federal inmates. "Blue warrant inmates" are inmates being held for the state pardon and parole board awaiting revocation hearings. "White warrant inmates" are inmates who are being held for transfer to the Texas prison system because their parole has been revoked. The attached Exhibit "A" are "blue warrant inmates being held as of July 28, 1999. The attached Exhibit "B" are "white warrant inmates being held as of July 28, 1999.

3. Exhibit "C" are Texas Commission On Jail Standards Jail Population Reports for April, May and June, 1999, for the Cameron County Jail. Exhibit "D" are Cameron County Sheriff's Department Daily Count Reports for the Cameron County Jail; they cover from April 1, 1999, through July 20, 1999.

4. Exhibits "A", "B", "C" and "D" are all public records, reports, statements, or data compilations setting forth the activities of the Cameron County Jail. They are true and correct copies of the originals and I am the custodian of the jail records.

5. For more than two years we have had to use Magistrate Judge Black's Amended Temporary Order to keep the jail population from overcrowding. The prior Temporary Order issued by Judge Black helped control the jail population by reducing the time period inmates were waiting to be charged. But by some time in 1996 or 1997 we begin having problems keeping the jail population below capacity. A copy of both the Temporary Order and the Amended Temporary Order are attached as Exhibits "E" and "F".

6. We have been at or about at 90% of capacity for the past couple of years. Capacity for the jail is 738; 90% of capacity is 664. I believe that the Texas Commission on Jail Standards requires 15% vacancy to allow for proper classification of inmates; the Court's order allows us to use 10% vacancy for classification of inmates. Without the ability to refuse new non violent inmates when we are approaching or at 90% of capacity we would exceed capacity within one week and would have over one thousand inmates within one month.

Further Affiant sayeth not.

_____
Luis Esparza

SWORN TO and SUBSCRIBED before me by Luis Esparza on this 29th day of July, 1999.

CONNIE MONTALVO
NOTARY PUBLIC
State of Texas
Comm. Exp. 01/02/01

_____
Connie Montalvo
Notary Public in and for
the State of Texas

My commission expires: 1/2/2001