*111*

United States District Court
Southern District of Texas
ENTERED

JUL 3 0 1999

Michael N. Milby
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, et al. | § § | |
| V. | § § | NO. B-93-260 |
| CAMERON COUNTY TEXAS | § § | |
| V. | § § | Rule 23(b)(2) Class Action |
| THE STATE OF TEXAS, et al. | § § | |

## ORDER CONTINUING TEMPORARY INJUNCTION

On this 29th day of July, 1999, the Court considered Plaintiffs and Cameron County's request that this Court continue the Preliminary Injunction issued on September 14, 1994, as well as all other temporary injunctive relief currently in effect. The Court has considered the arguments made by all counsel at the hearing on July 27, 1999, the stipulation made by all parties, including the Daniel Maeso who represents the State of Texas, that there at least 289 Blue Warrant persons in Cameron County and that the Cameron County Jail would be well over 100% capacity of these 289 Blue Warrant persons were incarcerated in that jail, the stipulation filed by Cameron County and Plaintiffs on July 29, 1999 and the Affidavit of Captain Luis Esparza. The Court also takes judicial notice of all evidence previously presented in this case.

The Court, having considered all the evidence and arguments of counsel, is of the opinion that the Temporary Injunction of September 14, 1994 should be continued, not terminated. In making this decision, the Court specifically finds that, without the continuation of the temporary injunction, the Cameron County Jail population would almost immediately exceed 100% and

thereby created Constitutionally prohibited jail conditions. The Court specifically finds that prospective relief, including the continuation of the temporary injunction, remains necessary to correct and prevent a current and ongoing violation of the Class Plaintiffs' Federal Constitutional rights, that the temporary injunction extends no further than necessary to correct the violation of the Class Plaintiffs' Constitutional rights, and that the temporary injunction is narrowly drawn and is the least intrusive means to correct the violation.

IT IS, THEREFORE, ORDERED that the temporary injunction issued by this Court on September 14, 1998, as well as all other preliminary injunctive relief granted by this Court, will not terminate but will instead CONTINUE until further order of this Court.

SIGNED this 29 day of July, 1999.

JUDGE PRESIDING

ClibPDF - www.fastio.com