*l*

*112*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 1 1999

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. B-93-260 |
| | § | |
| CAMERON COUNTY TEXAS, | § | |
| Defendant and | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| v. | § | Rule 23(b)(2) Class Action |
| | § | |
| THE STATE OF TEXAS, *et al.*, | § | |
| Defendants and | § | |
| Third-Party Defendants | § | |

## MOTION TO EXTEND TIME FOR FILING NOTICE OF APPEAL

Pursuant to Federal Rule of Appellate Procedure 4(a)(5), the State of Texas and Governor

George W. Bush *et al.*, defendants in the above-captioned case, file this Motion to Extend Time for

Filing Notice of Appeal, and in support thereof show the following:

1.    Defendants move this court for an extension of time to file their notice of appeal. On

Wednesday, August 25, 1999, Defendants sent their notice of appeal to the United States District

Court for the Southern District of Texas, Brownsville Division.  Because Defendants sought to

appeal the Order Continuing Temporary Injunction entered in this action on July 30, 1999,

Defendants' notice was due to be filed by no later than Monday, August 30, 1999.

2.    Due to excusable neglect, the notice was sent to the wrong address.  Instead of

sending the notice to the United States Federal Courthouse at 600 East Harrison Street in

Brownsville, the notice was sent to the Court's old address at 500 East 10th Street in Brownsville.

This error was due to excusable neglect and good cause exists for granting this extension.  The

attorney as well as his secretary who mailed the notice were new to the case and heretofore had not

filed or sent anything to the Court in this case. *See* Affidavits attached hereto as Exhibits A & B. These persons are in the Solicitor General's Office of the Office of Attorney General in Austin, Texas and had not been involved in this case prior to the preparation of the notice of appeal. *Id.* Before getting involved, this case had been handled by Mr. Dan Maeso of the Law Enforcement Division in the Office of the Attorney General in Austin, Texas. Ex. A. This division had asked the Solicitor General's Office to appeal this case and only last week had provided the Solicitor General's Office with the case file. Ex. A. Counsel who received the file from the Law Enforcement Division was unaware and uninformed of the address change for the federal courthouse. *Id.* His secretary was unaware and uninformed of the address change, too. Ex. B.

3.      As was her usual and customary practice when filing something with the court for the first time in a case, the secretary who sent the notice looked up the district clerk's address in the 1999 edition of the *Texas Legal Directory*. *Id.* Volume I of that directory, at page 68, gives the 500 East 10th Street address, instead of the new 600 East Harrison address. True and correct copies of the relevant pages from this directory are attached hereto as Exhibit C. Unaware that the address for the district clerk had changed, the secretary sent the notice to the federal courthouse in Brownsville at the address contained in the *Texas Legal Directory*. A true and correct copy of the transmittal letter forwarding the notice is attached hereto as Exhibit D; *see also* Ex. B. Courtesy copies of the notice were sent to opposing counsel. *See* Ex. D.

4.      In the afternoon of August 31, 1999, counsel called the district clerk's office to check on the status of the notice. Ex. A. Ms. Olivia Gutierrez in the district clerk's office informed counsel that, as of that date, no notice of appeal for this case had been received for filing, but that she would check further. *Id.* Counsel spoke with Ms. Gutierrez again later that afternoon, at which

2

time she reconfirmed that the notice had not been received. *Id.* At that time, Ms. Gutierrez asked counsel where the notice was sent to. *Id.* When counsel advised her, she told him that the notice had been sent to the wrong address, that the federal courthouse had moved to 600 East Harrison, and that there was no longer anyone at the 500 East 10th Street address who could take delivery of the notice. *Id.* This was the first time that counsel who had sent the notice had heard of the federal courthouse's change of address. *Id.* When counsel asked the secretary who sent the notice if she had been aware of the address change, she advised that she had not and that she had used the address in the *Texas Legal Directory* thinking that to be the correct address. Ex. B.

5.      Counsel then immediately prepared this motion within the time period prescribed by FED. R. APP. P. 4(a)(5)(A)(i) ("The district court may extend the time to file a notice of appeal if: (i) a party moves no later than 30 days after the time prescribed by this Rule 4(a) expires. . . ."). Defendants respectfully submit the failure to file their notice was due to excusable neglect and that good cause exists for such failure. FED. R. APP. P. 4(a)(5)(A)(ii); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489 (1993). The Supreme Court has determined that excusable neglect includes late filings caused by inadvertence, mistake, or carelessness, and that it is an "elastic concept" which "is not limited strictly to omissions caused by circumstances beyond the control of the movant." *See id.* 507 U.S. at 392, 113 S.Ct. at 1495. At bottom, excusable neglect is an equitable determination that takes into account all of the relevant circumstances surrounding the party's omission, including: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See id.* 507 U.S. at 395, 113 S.Ct. at 1498.

3

6.    In this case, counsel and his secretary were both completely unaware of the courthouse's address change. Ex. A & B. If they had been aware, the notice would have been sent to the correct address by no later than August 25, 1999. *Id.* If the notice had been sent to the correct address on August 25, 1999 via the U.S. mail, this would have allowed sufficient time for the notice to have been filed. As it was sent to the wrong address, it has not yet had an opportunity to make it through the mail system to the district clerk in Brownsville. Moreover, counsel has discovered the mistake before the notice has had an opportunity to be forwarded to the correct address or returned to counsel. To rectify the situation, counsel has sent a facsimile of the notice to the district clerk in Brownsville to get it on file as soon as possible, has sent a clean copy of the notice via overnight mail to the clerk at the correct address, along with the requisite filing fee, and sent copies of the new notice to opposing counsel via facsimile, all on September 1, 1999—a delay of a mere 2 days. Ex. A.

7.    Under these facts, excusable neglect is present and an extension of time to file the notice of appeal should be granted. In *Larson v. Farmers Cooperative Elevator*, No. C 96-3138-MWB, 1999 WL 592274 (N.D. Iowa Aug. 5, 1999), excusable neglect was found in a case in which counsel recognized the deadline for filing the notice of appeal but erroneously filed the notice in the wrong district court. *Id.* at *1. In that case, counsel mistakenly believed that the matter being appealed from was pending in the Southern District of Iowa. *Id.* The case had been tried in the Southern District as a matter of convenience, but it remained pending in the Northern District of Iowa. *Id.* On the date the notice was due, counsel belatedly realized that the notice of appeal he was about to file was being wrongly filed in the Southern District of Iowa, and to rectify the mistake, he

4

mailed the notice to the correct district court in the Northern District. *Id.* at \*2. The movant argued the error constituted excusable neglect in reliance on *Pioneer Investment*.

The district court stated that "the 'excusable neglect' question here boils down to whether, once counsel realized his mistake about the proper district, counsel's mailing of the notice of appeal to the correct court, and its untimely arrival constituted 'excusable neglect.'" *Id.* at \*4. The court stated that it believed, particularly in light of the liberalized standards in *Pioneer Investment*, "that it would be 'arm-chair quarterbacking' for the court to conclude that it was not 'excusable neglect for [movants'] counsel to fail to recognize that mailing was not adequate filing." The court reasoned, "once counsel realized his mistake, he did attempt to rectify his error by some means." "Counsel's mistake in filing the notice was clearly the result of 'inadvertence, mistake, or carelessness,'" . . . and just as clearly an error made in 'good faith,' not in an attempt to delay the process or escape the requirements of the rules." *Id.*

In *Scarpa v. Murphy*, 782 F.2d 300 (1st Cir. 1986), excusable neglect was found in a case where counsel's secretary mailed a notice of appeal to "United States District Court, Main Street, Springfield, Massachusetts 01103." *Id.* at 301. The notice was due on Monday, July 15 and was mailed to the court on Wednesday, July 10. *Id.* For some unexplained reason, the delivery of the notice was delayed. *Id.* The only conceivable "mistake" was the omission of the courthouse's number on Main Street. *Id.* Movant submitted an affidavit from the secretary that she did not know the number on Main Street assigned to the courthouse. *Id.* The court held that an extension of time was warranted. *See id.*

In *Consolidated Freightways Corporation of Deleware v. Larson*, 827 F.2d 916 (3d Cir. 1987), *cert. denied*, 484 U.S. 1032, 108 S.Ct. 762 (1988), excusable neglect was found in a case in

which the Pennsylvania Office of the Attorney General filed a notice of appeal late because the notice was erroneously mailed to the wrong district court. *Id.* at 917. The notice was prepared one day before the deadline for filing the notice. *Id.* The notice properly identified the case, docket number and district judge but erroneously listed the district as Eastern rather than the Middle District of Pennsylvania. *Id.* As a result of the error, the notice was mailed to the Eastern District rather than being hand delivered that day to the Middle District Clerk's Office in Harrisburg, adjacent to the Attorney General's Office. *Id.* Notice arrived at the Eastern District 3 days late and was promptly forwarded to the Middle District where it arrived 5 days late. The clerk notified counsel of the error, and counsel, who until that time was unaware of the error, immediately applied for an extension of time. *Id.* at 917-18. Counsel's motion was denied.

On appeal, the court stated that the issue was whether "the inadvertent misdirection of a notice of appeal, which results in untimely filing, constitutes excusable neglect within the meaning of Federal Rule of Appellate Procedure 4(a)(5)." *Id.* at 918. The court rejected the district court's attempt to limit excusable neglect to errors beyond the control of counsel and establish a per se rule against applying excusable neglect to inadvertence of counsel. *Id.* at 919. Instead, the court took an ad hoc approach, requiring the weighing and balancing of the following factors: (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure; whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts towards compliance. *Id.*

6

In applying these factors, the court found

> that counsel's error was not the result of professional incompetence; that counsel is
> not attempting to create a facile excuse by which to extend the time for appeal,
> indeed counsel gained no advantage by the misdirection; and that the type of human
> error here involved, though certainly avoidable, is neither readily foreseeable nor
> capable of anticipation by counsel. This court is satisfied that counsel acted with due
> diligence even if not perfect diligence in complying with Rule 4(a)(5). The record
> reflects substantial good faith efforts to comply including recognition of the 30 day
> limit for filing appeals, completion of the Notice of Appeal within the 30 day limit,
> and timely service of the Notice upon opposing counsel, such that plaintiffs suffered
> no prejudice as a result of counsel's error. Moreover, counsel acted expeditiously in
> seeking to cure the delay, applying for an extension of time immediately upon
> learning of his error.

*Id.* at 919-20. For these reasons, the court held that counsel's inadvertent misdirection of the notice

was excusable. *Id.* at 920. The court further noted that counsel's error could have been detected

through careful proofreading but recognized that even the most diligent practitioners are susceptible

to such human error. *Id.*

The court also noted that "the finality doctrine and the rules governing timeliness of appeals

exist to promote fairness, and to promote prompt notice of appeal thereby avoiding the prejudical

effect of reopening litigation which the opposing party has assumed was closed." *Id.* The court

stated:

> The length of the delay and the basis of the delay affect the overall fairness concern.
> Where as here the delay was minimal, and where the court has determined that the
> delay was not the result of any bad faith but rather occurred despite counsel's
> substantially diligent efforts at compliance, the judicial interest in deciding cases on
> the merits outweighs the interest in finality.

*Id.*

8.      In this case, as in the cases above, counsel and his secretary's mistake was the result

of human error and mere inadvertence. Counsel was not attempting to create a facile excuse by

which to extend time for appeal and no advantage is gained by the misdirection of the notice to the

wrong courthouse address. Although this oversight might have been avoidable, it was not foreseeable nor capable of anticipation by counsel. Counsel has made good faith efforts to comply, including a recognition of the 30 day limit for filing appeals, completion of the notice within the 30 day limit, and a timely service of courtesy copies of the notice to opposing counsel. Moreover, counsel has acted diligently and expeditiously to cure the delay, by filing by fax and overnight mail the notice, and by applying for this extension immediately upon learning of his error. The new notice has been sent via facsimile for filing on September 1, 1999—a mere delay of 2 days. Counsel has served a copy of this new notice on opposing counsel by facsimile on September 1. Counsel has also conferred with opposing counsel by telephone about this motion and the mistake in sending the original notice to the old courthouse's address. Defendants respectfully submit that counsel's error was minor and the result of excusable neglect, and that an extension of time to file a new notice should be granted.

9.      For the foregoing reasons, Defendants respectfully request that their Motion to Extend Time for Filing Notice of Appeal be granted, that Defendants' September 1, 1999 notice of appeal be deemed timely filed, or Defendants should be granted additional time to file a new notice of appeal in accordance with Federal Rule of Appellate Procedure 4(a)(5)(C), and that Defendants be granted such other relief to which they may be justly entitled.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SHANE PHELPS
Deputy Attorney General for Criminal Justice

8

GREGORY S. COLEMAN
Solicitor General

PHILIP A. LIONBERGER
Assistant Solicitor General
State Bar Number 12394380

DANIEL E. MAESO
Assistant Attorney General
State Bar Number 12808500
Attorney-in-Charge

P. O. Box 12548
Austin, Texas  78711-2548
[Tel.] (512) 936-1824
[Fax] (512) 474-2697

**ATTORNEYS FOR DEFENDANTS
AND THIRD-PARTY DEFENDANTS**

## REQUEST FOR ORAL HEARING

Defendants hereby request that this motion be set for an oral hearing.

## CERTIFICATE OF CONFERENCE

On September 1, 1999, I conferred with opposing counsel Mr. Michael R. Cowen and Mr.

Richard Otto Burst regarding my Motion to Extend Time For Filing Notice of Appeal.  Both Mr.

Cowen and Mr. Burst are opposed to the Motion.

PHILIP A. LIONBERGER
Assistant Solicitor General

*Signed by permission.

9

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the above and foregoing Notice of Appeal was served upon the following counsel of record via facsimile and Certified Mail Return Receipt Requested on September 1, 1999:

Michael R. Cowen
LAW OFFICE OF COWEN & LIVESAY
1325 Palm Blvd.
Brownsville, TX 78520

ATTORNEY FOR PLAINTIFFS

Richard Otto Burst
Cameron County Commissioner's Court
Civil Legal Department
964 E. Harrison
Brownsville, TX 78520

ATTORNEY FOR DEFENDANT AND
THIRD-PARTY PLAINTIFF

PHILIP A. LIONBERGER
Assistant Solicitor General

10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. B-93-260 |
| | § | |
| CAMERON COUNTY TEXAS, | § | |
| Defendant and | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| v. | § | Rule 23(b)(2) Class Action |
| | § | |
| THE STATE OF TEXAS, *et al.*, | § | |
| Defendants and | § | |
| Third-Party Defendants | § | |

## AFFIDAVIT OF PHILIP A. LIONBERGER

STATE OF TEXAS

COUNTY OF TRAVIS

BEFORE ME, the undersigned authority, on this day personally appeared Philip A. Lionberger, who is known to me to be the person subscribing his name below, and after being duly sworn by me according to law, on his oath deposed and stated:

1.      My name is Philip A. Lionberger. I am over the age of twenty-one (21), and am fully competent to make this affidavit. I have personal knowledge of the matters set forth herein, and they are true and correct.

2.      I am presently employed as an Assistant Attorney General in the Solicitor General's Division of the Office of the Attorney General for the State of Texas. On August 23, 1999, I received the file in this case from Mr. Dan Maeso of the Law Enforcement Division of the Office of Attorney General in order to prepare a notice of appeal from the Court's Order Continuing

**EXHIBIT**
*A*

Temporary Injunction, which was entered in this action on July 30, 1999 (hereafter the "Order"). Mr. Maeso was the attorney representing the Defendants, the State of Texas and Governor George Bush *et al.* in this action. Prior to receiving this file, I had no involvement whatsoever with this case. Neither I nor anyone working under my control have prepared any pleadings, motions, or other papers for filing with this Court in this case except for the notice of appeal.

     3.    I was aware that the deadline for filing the notice of appeal from the Order was August 30, 1999. I advised my secretary, who was going to do the actual filing of the notice, of the August 30, 1999 deadline. After preparing the notice, I gave it to her for filing on August 25, 1999. At the time that I gave the signed notice to my secretary I had no idea where the federal courthouse is located in Brownsville, Texas. I was also completely unaware and uninformed that the federal courthouse had recently changed addresses.

     4.    In the afternoon of August 31, 1999, I called the District Clerk's office in Brownsville to inquire as to the status of the notice of appeal. I spoke to Ms. Olivia Gutierrez. Ms. Gutierrez informed me that the Clerk's office had no record of receiving the notice but that she would check into the matter further. I spoke to Ms. Gutierrez later that afternoon, at which time she reconfirmed that the Clerk's office had no record of receiving the notice. At this time, Ms. Gutierrez asked me what address the notice was sent to. I had a copy of the transmittal letter in front of me, and I advised her that the address to which the notice was sent was 500 East 10th Street, Brownsville, Texas. She informed that this was the wrong address, that the federal courthouse had changed locations, and that the new address is 600 East Harrison Street in Brownsville. She further advised that there was not anyone from the Clerk's Office at the old address who could receive the notice. This was the first time that I realized that the notice had been sent to the wrong address.

2

5.      After being advised of the correct address, I asked my secretary if she was aware that she had sent the notice to the wrong address.  She told me that she was not.  She advised me that she had looked up the District Clerk's address in the 1999 *Texas Legal Directory* and had sent the notice to the address  therein.  The address at page 68 of Volume I of the *Texas Legal Directory* gives the address for the federal courthouse as follows: "105 Federal Building, 500 E. 10th St. - Brownsville, TX 78520."

6.  If, prior to sending the notice, I had been aware or informed of the federal courthouse's change of address, I would have ensured that the notice would have been sent to the correct address.  As it were, I relied on my secretary to ascertain the correct address and see to it that the notice was directed to the right place.

7.  As soon as I learned of this oversight, I set about to rectify the situation.  I immediately began preparing this Motion to Extend Time for Filing Notice of Appeal (hereafter the "Motion").  I have also sent a facsimile of the notice to the District Clerk in Brownsville to get it on file as soon as possible.  A copy of this notice and the facsimile cover sheet is attached hereto as Exhibit 1.  This notice was sent on September 1, 1999.  I am also sending a clean copy of the notice via overnight mail to the Clerk at the correct address, along with the requisite filing fee.  Finally, I have sent copies of the new notice to opposing counsel via facsimile on September 1, 1999.

8.      I have read the documents attached to the Motion.  Exhibit D attached to the motion is a true and correct copy of the Notice of Appeal and transmittal letter forwarding that notice to the District Clerk's Office, each of which bear my signature.  Exhibit C attached to the Motion is a true and correct copy of 2 pages from the 1999 *Texas Legal Directory*.

3

Further affiant sayeth not.

*Philip Lionberger*

Philip A. Lionberger

SUBSCRIBED TO AND SWORN BEFORE ME, on ___September 1___, 1999, to certify

which, witness my hand and seal of office.

LINDA B. HILL
Notary Public, State of Texas
My Commission Expires
APRIL 12, 2003

*Linda B. Hill*

Notary Public in and for the State of Texas

4



OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

September 1, 1999

Ms. Olivia Gutierrez                                   **Via Fax No. 956-548-2598 and**
U. S. District Court                                          **UPS # A542 857 494 4**
Southern District, Brownsville Division
600 East Harrison
Brownsville, TX  78520

Re:   Cause No. B-93-260, *Jose Raul Castillo, et al. v. Cameron County Texas, Defendant and Third Party Plaintiff v. State of Texas*

Dear Ms. Gutierrez:

Attached please find Defendants' Notice of Appeal in the above-referenced matter. This notice is being sent to you via facsimile for filing in this matter. The original of this document shall follow via overnight mail, along with the requisite filing fee of $105.00.

As we discussed, Defendants' Notice of Appeal was inadvertently originally sent to the District Clerk's office at the federal courthouse's old address at 500 E. 10th Street. If and when the original notice should happen to reach your office, would you please note on the notice when you received it and file it in the case. The original notice also included a check for the $105 filing fee. Depending on which check you receive first, would you please return one of the two checks to me.

By copy of this letter, opposing counsel are being served with a copy of the attached notice via facsimile.

Thank you for your assistance in this matter.

Very truly yours,

Philip A. Lionberger
Assistant Solicitor General
(512) 936-1824

cc:   Mr. Michael R. Cowen                          **Via Fax # 956-504-3674**
      Mr. Richard Otto Burst                         **Via Fax # 210-550-1348**

**EXHIBIT**
1

POST OFFICE BOX 12548, AUSTIN, TEXAS 78711-2548 TEL: (512)463-2100 WEB: WWW.OAG.STAT
*An Equal Employment Opportunity Employer · Printed on Recycled Paper*

# CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Notice of Appeal

was served upon the following counsel of record via facsimile on September 1, 1999:

Michael R. Cowen
LAW OFFICE OF COWEN & LIVESAY
1325 Palm Blvd.
Brownsville, TX 78520

ATTORNEY FOR PLAINTIFFS

Richard Otto Burst
Cameron County Commissioner's Court
Civil Legal Department
964 E. Harrison
Brownsville, TX 78520

ATTORNEY FOR DEFENDANT AND
THIRD-PARTY PLAINTIFF

PHILIP A. LIONBERGER
Assistant Solicitor General

3

**1172**

 **Norwest Bank Texas, N.A.**
1-800-224-7334

37-65/1119 255

**ATTORNEY GENERALS COURT COST FUND**
P.O. BOX 12548
AUSTIN, TX 78711-2548

DATE September 1, 1999

PAY
TO THE
ORDER OF    US District Court Southern District                    $ 105.00-----

One hundred five dollars and no cents---------------------------------- DOLLARS

THIS CHECK IS DELIVERED IN CONNECTION WITH THE FOLLOWING ACCOUNT (S)

| filing fee | | | |
| 9419904 | | | |

*Patrick Pope*

*J E Del Monte*

⑈001172⑈ ⑆111900659⑆ 9590169840⑈

VOID AFTER 180 Days

Case 1:93-cv-00260   Document 112   Filed in TXSD on 09/01/1999   Page 18 of 28

```
TRANSACTION REPORT

Transmission
Transaction(s) completed


 NO.  TX DATE/TIME    DESTINATION              DURATION  PGS.    RESULT  MODE

 858 SEP. 1 08:59   19565482598              0° 01' 32"  006     OK      N  ECM
```



# OFFICE OF THE ATTORNEY GENERAL

## FACSIMILE COVER SHEET

### CONFIDENTIALITY NOTICE

The information contained in this facsimile transmission is confidential. It may also be subject to the attorney-client privilege, work product or proprietary information. This information is intended for the exclusive use of the addressee named below. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee named above), copying, or the taking of any action because of this information is strictly prohibited. If you have received this information in error, please immediately notify us by telephone to arrange for the return of the documents.

**To:** Ms. Olivia Gutierrez

**Company:** U.S. Dist. Ct., S. District, Brownsville Div.

**Phone:** 956-548-2500

**Fax:** 956-548-2598

**From:** Philip A. Lionberger

**Company:** Office of Attorney General

**Phone:** 512-936-1824

**Fax:** 512-474-2697



# OFFICE OF THE ATTORNEY GENERAL

## FACSIMILE COVER SHEET

### *CONFIDENTIALITY NOTICE*

The information contained in this facsimile transmission is confidential. It may also be subject to the attorney-client privilege, work product or proprietary information. This information is intended for the exclusive use of the addressee named below. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee named above), copying, or the taking of any action because of this information is strictly prohibited. If you have received this information in error, please immediately notify us by telephone to arrange for the return of the documents.

**To:** Ms. Olivia Gutierrez

**Company:** U.S. Dist. Ct., S. District, Brownsville Div.

**Phone:** 956-548-2500

**Fax:** 956-548-2598


**From:** Philip A. Lionberger

**Company:** Office of Attorney General

**Phone:** 512-936-1824

**Fax:** 512-474-2697


**Date:** September 1, 1999

**Pages (including cover page):**

**Comments:**
See attached Notice of Appeal in *Jose Raul Castillo, et al. v. Cameron County Texas, Defendant and Third Party Plaintiff v. State of Texas*, Cause No. B-93-260.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. B-93-260 |
| | § | |
| CAMERON COUNTY TEXAS, | § | |
| Defendant and | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| v. | § | Rule 23(b)(2) Class Action |
| | § | |
| THE STATE OF TEXAS, *et al.*, | § | |
| Defendants and | § | |
| Third-Party Defendants | § | |

## <u>AFFIDAVIT OF BARBARA RATLIFF</u>

STATE OF TEXAS

COUNTY OF TRAVIS

BEFORE ME, the undersigned authority, on this day personally appeared Barbara Ratliff, who is known to me to be the person subscribing her name below, and after being duly sworn by me according to law, on her oath deposed and stated:

1.      My name is Barbara Ratliff. I am over the age of twenty-one (21), and am fully competent to make this affidavit. I have personal knowledge of the matters set forth herein, and they are true and correct.

2.      I am presently employed as a secretary in the Solicitor General's Division of the Office of the Attorney General for the State of Texas. On August 25, 1999, I prepared a transmittal letter for use in connection with filing a Notice of Appeal in the above-captioned cause. Prior to preparing this transmittal letter, and making some revisions to the Notice of Appeal, I had not had



EXHIBIT
B

any connection whatsoever with this case. I had not previously worked on or filed any other pleadings, motions, or other papers with the District Clerk or the Court in this case. Prior to the time that I prepared the transmittal letter, the attorney who prepared the Notice of Appeal, Philip Lionberger, had advised me that the deadline for filing the notice was August 30, 1999 and that he wanted the notice to go out on August 25, 1999.

3.     In preparing the transmittal letter, I consulted Volume I of the 1999 *Texas Legal Directory* to ascertain the District Clerk's address for filing, as is my custom and practice when filing something with the Court for the first time in a case. The address at page 68 of Volume I of the *Texas Legal Directory* gives the address for the federal courthouse as follows: "105 Federal Building, 500 E. 10th St. - Brownsville, TX 78520." I sent the notice to this address, and sent courtesy copies of the notice to opposing counsel. I sent the notice and transmittal letter via regular U.S. mail on August 25, 1999. At the time that I prepared and sent the transmittal letter and notice, I was completely unaware that the address in the *Texas Legal Directory* was wrong, that the federal courthouse in Brownsville had recently changed locations, and that the new, correct address is 600 East Harrison Street in Brownsville. I only became aware of the change of address on August 31, 1999, when Mr. Lionberger advised me that the address on the transmittal letter was wrong. At that time, I advised Mr. Lionberger that I relied on the 1999 *Texas Legal Directory* for the address, and was unaware that the address was wrong.

4.     Sending the notice to the wrong address was the result of inadvertence and an oversight on my part. If, prior to preparing the transmittal letter and sending the notice, I had been aware or informed of the federal courthouse's change of address, I would have sent the notice to the correct address.

2

Further affiant sayeth not.

_Barbara Ratliff_
Barbara Ratliff

SUBSCRIBED TO AND SWORN BEFORE ME, on _September 1_, 1999, to certify which, witness my hand and seal of office.

LINDA B. HILL
Notary Public, State of Texas
My Commission Expires
APRIL 12, 2003

_Linda B. Hill_
Notary Public in and for the State of Texas

3

CVisPDF - www.tesisx.com

TABLE OF CONTENTS

# THE

# TEXAS

## LEGAL DIRECTORY

## 1999

**Official Directory
of the
State Bar of Texas**

**LAWYERS LICENSED BY THE STATE OF TEXAS
AS OF JANUARY, 1999 — 61,937**

## VOLUME I

*Since 1935*

Published by
**Legal Directories Publishing Company, Inc.**
9111 GARLAND ROAD
P.O. BOX 189000
DALLAS, TEXAS 75218-9000
Facsimile: (214) 324-9414
Telephone: (214) 321-3238
Toll Free: (800) 447-5375

WILLIAM E. BROWN, *Publisher*
*HONORARY MEMBER OF THE TEXAS ASSOCIATION OF LEGAL SECRETARIES*
*HONORARY MEMBER OF THE DALLAS ASSOCIATION OF LEGAL SECRETARIES*
*HONORARY MEMBER OF THE HOUSTON ASSOCIATION OF LEGAL SECRETARIES*
*HONORARY MEMBER OF THE NATIONAL ASSOCIATION OF LEGAL SECRETARIES*

EXHIBIT

C

# 68   United States Government

Eldon B Mahon, Senior Judge
  U S Courthouse, Rm 502, 501 W. 10th St. - Fort Worth, TX 76102 (817) 978-2011
    Courtroom Deputy Beth Browning
    Secretary Jean Wood
David O Belew, Jr , Senior Judge
  U S Courthouse, Rm 202, 501 W 10th St. - Fort Worth, TX 76102 (817) 978-3132
UNITED STATES MAGISTRATE JUDGE Charles Bleil
  U S Courthouse, Rm 520, 501 W 10th St - Fort Worth, TX 76102 (817) 978-2071
DEPUTY-IN-CHARGE Pam Murphy
  U S Courthouse, Rm 310, 501 W. 10th St. - Fort Worth, TX 76102-3673 (817) 978-3132
LUBBOCK DIVISION
Counties: Bailey, Borden, Cochran, Crosby, Dawson, Dickens, Floyd, Gaines, Garza, Hale, Hockley, Kent, Lamb, Lubbock, Lynn, Motley, Scurry, Terry and Yoakum
UNITED STATES DISTRICT JUDGES
Sam R Cummings
  C210 U S Courthouse, 1205 Texas Ave. - Lubbock, TX 79401 (806) 472-7459
    Courtroom Deputy Martha Miller
    Court Reporter Shawn McRoberts
    Secretary Delva Hernandez
Halbert O Woodward, Senior Judge
  U S Courthouse, Rm 221, 1205 Texas Ave - Lubbock, TX 79401 (806) 472-7624
UNITED STATES MAGISTRATE JUDGE J. Q. Warnick, Jr
  719 U S Courthouse, 1205 Texas Ave - Lubbock, TX 79401 (806) 472-7380
DEPUTY-IN-CHARGE Kristy Weinheimer
  U S Courthouse, Rm C221, 1205 Texas Ave - Lubbock, TX 79401-4091 (806) 472-7624
SAN ANGELO DIVISION
Counties: Brown, Coke, Coleman, Concho, Crockett, Glasscock, Irion, Menard, Mills, Reagan, Runnels, Schleicher, Sterling, Sutton and Tom Green.
UNITED STATES MAGISTRATE JUDGE Philip Robert Lane, Part-time
  Federal Bldg , 33 E Twohig St , P O Box 5460 - San Angelo, TX 76902-5460 (915) 653-1313
DEPUTY-IN-CHARGE Beverly Roper
  Federal Bldg , Rm. 202, 33 E. Twohig St. - San Angelo, TX 76903-6451 (915) 655-4506
WICHITA FALLS DIVISION
Counties: Archer, Baylor, Clay, Cottle, Foard, Hardeman, King, Knox, Montague, Wichita, Wilbarger and Young.
UNITED STATES MAGISTRATE JUDGE Robert K. Roach, Part-time
  Suite 912, 807 8th St - Wichita Falls, TX 76301 (940) 322-7858, FAX 322-1204
DEPUTY-IN-CHARGE Allison Terry
  Rm 203, 1000 Lamar St - Wichita Falls, TX 76301-3431 (940) 767-1902

## SOUTHERN DISTRICT OF TEXAS

Terms of Court have been abolished. Title 28, Sec 138, U.S.C. Sessions held at convenience of Judges

BROWNSVILLE DIVISION:
Counties: Cameron and Willacy.
UNITED STATES DISTRICT JUDGES
Filemon B. Vela
  206 Federal Bldg , 500 E. 10th St. - Brownsville, TX 78520 (956) 548-2595
    Case Manager/Deputy Clerk (956) 548-2500
    Law Clerks (956) 548-2595
    Secretary Maria Garza (956) 548-2595
Hilda G Tagle
  428 Federal Bldg., 500 E. 10th St. - Brownsville, TX 78520 (956) 548-2510
    Case Manager/Deputy Clerk (956) 548-2545
    Secretary Catherine Barrera (956) 548-2510
UNITED STATES MAGISTRATE JUDGE John W. Black
  234 Federal Bldg , 500 E 10th St - Brownsville, TX 78520 (956) 548-2570
    Case Manager/Deputy Clerk (956) 548-2570
    Law Clerks (956) 548-2574
    Secretary Paula Tamayo (956) 548-2574
DEPUTY-IN-CHARGE Juan Barbosa
  105 Federal Bldg., 500 E 10th St. - Brownsville, TX 78520 (956) 548-2500
OFFICIAL COURT REPORTERS
William Holloway
  P.O. Box 11 - Brownsville, TX 78520 (956) 548-2595
Breck Record
  P.O. Box 2299 - Brownsville, TX 78522 (956) 548-2500
CORPUS CHRISTI DIVISION
Counties: Aransas, Bee, Brooks, Duval, Jim Wells, Kenedy, Kleberg, Live Oak, Nueces and San Patricio.
UNITED STATES DISTRICT JUDGES
Hayden W Head, Jr
  U S Courthouse, 521 Starr St. - Corpus Christi, TX 78401 (361) 888-3148
    Case Manager/Deputy Clerk (361) 888-3369
    Secretary Alice Simmons (361) 888-3148
Janis Graham Jack
  U S Courthouse, 521 Starr St. - Corpus Christi, TX 78401 (361) 888-3525
    Case Manager/Deputy Clerk (361) 888-3245
    Secretary Mary Hardin (361) 888-3525

UNITED STATES MAGISTRATE JUDGES
B Janice Ellington
  Suite 1600, 606 N. Carancahua St. - Co
    Case Manager/Deputy Clerk (361) 8
    Secretary: Myra Alaniz (361) 888-329
Jane Cooper-Hill
  126 U S Courthouse, 521 Starr St. - Co
    Case Manager/Deputy Clerk (361) 8
    Secretary: Rosa Gonzales (361) 888
DEPUTY-IN-CHARGE Monica Seaman
  101 U.S. Courthouse, 521 Starr St. - Co
GALVESTON DIVISION
Counties: Brazoria, Chambers, Galveston a
UNITED STATES DISTRICT JUDGE Samue
  613 U.S. Post Office Bldg., 801 Rosenb
    Case Manager Deputy Clerk (409) 7
    Law Clerks (409) 766-3551
    Secretary: Gerry Henry (409) 766-35
UNITED STATES MAGISTRATE JUDGE Jo
  508 U.S. Post Office Bldg., 601 Rosent
    Case Manager/Deputy Clerk (409) 7
    Law Clerks (409) 766-3729
    Secretary: Janice McMillan (409) 76-
DEPUTY-IN-CHARGE Marrianne Gore
  411 U S Post Office Bldg., 601 Rosenb
OFFICIAL COURT REPORTER Katherine M
  P.O. Box 2300 - Galveston, TX 77550 (
HOUSTON DIVISION
Counties: Austin, Brazos, Colorado, Fayet
UNITED STATES DISTRICT JUDGES
Lynn Nettleton Hughes
  11122 U.S. Courthouse, 515 Rusk St.
    Case Manager Deputy Clerk (713) 2
    Law Clerks (713) 250-5903
    Secretary: Thelda Chambliss (713):
David Hittner
  8509 U S Courthouse, 515 Rusk St. -
    Case Manager/Deputy Clerk (713) 2
    Law Clerks (713) 250-5737
    Secretary: Brenda Nichols (713) 250
Kenneth M Hoyt
  11144 U.S. Courthouse, 515 Rusk St
    Case Manager Deputy Clerk (713):
    Law Clerks (713) 250-5615
    Secretary: Elaine Roberson (713) 2
Sim Lake
  9535 U.S. Courthouse, 515 Rusk St. -
    Case Manager Deputy Clerk (713).
    Law Clerks (713) 250-5179
    Secretary: Beatrice Adams (713) 2§
Melinda Harmon
  9114 U S Courthouse, 515 Rusk St. -
    Case Manager Deputy Clerk (713)
    Law Clerks (713) 250-5196
    Secretary: Sherry Taylor (713) 250-
John D Rainey
  8613 U.S. Courthouse, 515 Rusk St. -
    Case Manager Deputy Clerk (713)
    Law Clerks (713) 250-5379
    Secretary: Mary Pernoud (713) 250
  406 Federal Bldg., 312 S. Main St. - V
Nancy F. Atlas
  9015 U.S. Courthouse, 515 Rusk St. -
    Case Manager Deputy Clerk (713)
    Law Clerks (713) 250-5593
    Secretary: Sheri Jenkins (713) 250
Ewing Werlein, Jr.
  9136 U.S. Courthouse, 515 Rusk St. -
    Case Manager Deputy Clerk (713)
    Law Clerks (713) 250-5922
    Secretary: Martha Cunningham (7
Lee H. Rosenthal
  11535 U.S. Courthouse, 515 Rusk St.
    Case Manager Deputy Clerk (713)
    Law Clerks (713) 250-5980
    Secretary: Bertha Rixner (713) 25C

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

August 25, 1999

Mr. Juan Barbosa
U. S. District Court
Southern District, Brownsville Division
105 Federal Building
500 East 10th Street
Brownsville, TX 78520

Re:   Cause No. B-93-260, *Jose Raul Castillo, et al. v. Cameron County Texas, Defendant and Third Party Plaintiff v. State of Texas*

Dear Mr. Barbosa:

Enclosed for filing in the above-referenced case, please find the original and four copies of the **Notice of Appeal** in the above-referenced case. Also enclosed is a check in the amount of $105.00 which represents payment of the filing fee for the Notice of Appeal. Please note the time and date of filing on the extra copy of the Notice and return it to me in the enclosed stamped, self-addressed envelope.

By copy of this letter, opposing counsel is being served with a courtesy copy of this filing.

Thank you for your assistance.

Very truly yours,

Philip A. Lionberger
Assistant Solicitor General
(512) 936-1824

KHK:bar

Enclosures

cc:   Mr. Michael R. Cowen
      Mr. Richard Otto Burst



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. B-93-260 |
| | § | |
| CAMERON COUNTY TEXAS, | § | |
| Defendant and | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| v. | § | NOTICE OF APPEAL |
| | § | |
| THE STATE OF TEXAS, *et al.*, | § | |
| Defendants and | § | |
| Third-Party Defendants | § | |

Notice is hereby given that The State of Texas, George W. Bush, Allan B. Polunsky, Carole S. Young, John David Franz, Patricia A. Day, William "Hank" Moody, Alfred C. Moran, Nancy Patton, A.M. "Mac" Stringfellow and Carol S. Vance, Defendants and Third-Party Defendants in the above named case, hereby appeal to the United States Court of Appeals for the Fifth Circuit from the Order Continuing Temporary Injunction entered in this action on the 30th day of July, 1999.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SHANE PHELPS
Deputy Attorney General for Criminal Justice

GREGORY S. COLEMAN
Solicitor General

PHILIP A. LIONBERGER
Assistant Solicitor General
State Bar Number 12394380

DANIEL E. MAESO
Assistant Attorney General
State Bar Number 12808500

P. O. Box 12548
Austin, Texas  78711-2548
[Tel.] (512) 936-1824
[Fax] (512) 474-2697

**ATTORNEYS FOR DEFENDANTS
AND THIRD-PARTY DEFENDANTS**

2

CUtePDF - www.fasiio.com

**1168**

**N** Norwest Bank Texas, N.A.
1-800-224-7334

37-65/1119 255

DATE _____August 25, 1999_____

PAY
TO THE
ORDER OF ___US DIstrict Court Southern District_____    $ | 105.00-----

One hundred five dollars and no cents---------------------------------    DOLLARS

THIS CHECK IS DELIVERED IN CONNECTION WITH THE FOLLOWING ACCOUNT (S)

| | filing fee | | |
| | 9419904 | | |
| | | | |

VOID AFTER 180 DAYS

⑅001168⑅ ⑈1119006 59⑈9550 169840⑅