IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Jose Raul Castillo, et. al. | § | No. B-93-260 |
| v. | § | |
| Cameron County, Texas | § | Rule 23 (b)(2) |
| v. | § | Class Action |
| The State of Texas, et. al. | § | |

**\* PETITIONER'S MOTION FOR NON-CONSOLIDATED \***

**\* RELIEF \***

To The Honorable Judge of Said Court:

Now comes, Gustavo Almaguer, Petitioner, <u>Pro</u> <u>Se</u>, and presents his Motion for Non-Consolidated Relief in the above styled and numbered cause.

The Petitioner will respectfully show the Court the following:

### History of Proceedings

#### I.

1) Petitioner filed his original complaint, 94-CV-328, on 12/15/1994.

2) Civil Docket for case #94-CV-328.

3) Motion for Appointment of Counsel by Gustavo Almaguer; docket date 6/25/1995, motion filed.

4) Notice of initial pretrial conference was set for September 7, 1995, filed entry date 8/10/1995.

5) Telephonic initial pretrial conference held before Magistrate Judge, Hon. John W. Black; entry date 9/20/1995.

6) Scheduling Order setting mediation; entry date 9/20/1995.

7) Motion for leave to file Amended Complaint by Gustavo Almaguer; motion docket date 12/7/1995.

(1)

8) Affidavit RE: Genaro Martinez Garcia; filed entry date 1/22/1996.

9) Consolidated member case - lead case number: B-94-260; entry date 1/26/1996.

10) On July 27, 1999, the Court considered Plaintiff's, and third-party Plaintiff's, request to dismiss the State of Texas, George W. Bush, et.al. on this date; this Honorable Court considered Plaintiff's and Cameron County's request that this Court continue the preliminary injunction issued on September 14, 1994, as well as all other temporary injunction relief currently in effect.

## Issues For Consideration

### II.

1) Petitioner did not consent to filing of motion to consolidate or dismiss.

2) Reason to consolidate, amended complaint more sophisticated, no amount of money specifically stated <u>numerically</u>; original defendants not stated.

3) Petitioner asserted in amended petition the <u>form of relief contained in original complaint</u>, continued as current request related to Compensatory Relief (declaratory punitive). Again, Petitioner asserts that original requested relief sought continues and remains to be Petitioner's current requested relief.
Original complaint stated amount of compensation as $1,500,000 and surgery; this continues and remains sought damages on behalf of Petitioner. In amended complaint, actual dollar figure was not stated <u>numerically</u>, however, Petitioner referred to <u>numerical</u> amount in original complaint as relief sought.
Because Petitioner is a layman and inexperienced in litigation, he can only hope and pray this Honorable Court should liberally continue his Pro-se litigation <u>in the interest of justice.</u>

(2)

## Factual Background

### III.

Issues were not litigated fully and fairly at the time of consolidation. Pursuant to the Civil Procedures, rule 8.1, and In Re Excel Corp - 106 F.3rd 1197 (5th Cir.1997), it is well seated; "The Defendants ask this Court to issue a writ of mandamus, directing the Court to vacate its Order of Consolidation for the purposes of remand, the claims and parties of eight underlying cases were are at issue. Because we held that the District Court erred in consolidating these cases, and remanding the cases on the basis of consolidation order, we grant the writ of mandamus, vacated the consolidation order and remand order, and demand the District Court to reconsider the motions to remand on a case by case basis.

## Factual Evidence

### IV.

1) Medical records, witnesses, evidence, Cameron County Jail; Brownsville Medical Hospital, and the Texas Department of Corrections will speak the truth - Petitioner's <u>life long injury</u>.

2) Petitioner has been deprived judicial and civil litigation remedies due to the fact that rightfully and lawfully appointed counsel, Mr. Robert Mendoza, should have been excluded from representing Gustavo Almaguer, because of existing conflict that arose on previous representation (see exhibit - complaint to State Bar). Counsel has an ethical obligation to avoid conflicting representations and to advise the Court promptly when a conflict of interest arises (ABA code of professional responsibility EC5-15, DR5-105). A defendant (Petitioner) who shows that a conflict of interest actually affected the adequacy of his representation, need not demonstrate prejudice in order to obtain relief. U.S.C.A. Const. Amends 6, and 14.

## **PRAYER**

Permission of this Honorable Court, in the interest of justice, to proceed on the individual basis in civil remedies to which the Petitioner may be justly entitled.

Respectfully Submitted,

*Gustavo Almaguer*
Gustavo Almaguer

(4)

## Certificate of Service

I, Gustavo Almaguer, T.D.C.J.-I.D. #673522, do hereby certify that a true and correct copy of foregoing motion has been sent to all parties involved by depositing said copies in a U.S. mail receptacle located on the A.D.Hughes Unit, on or about the ___10___ day of ___September___, 1999.

*Gustavo Almaguer*
Gustavo Almaguer

## Verification

I, Gustavo Almaguer, declare, under penalty of purjury, that the above and aforementioned is true and correct.

*Gustavo Almaguer*
Gustavo Almaguer
#673522
Route 2 Box 4400
Gatesville, TX   76597

___9/10/99___
Date

(5)

# STATE BAR OF TEXAS



EXHIBIT O

Office of the General Counsel

March 6, 1996

Gustavo Almaquer
#673522, Hightower Unit
Rt. 3, Box 9800
Dayton, TX  77535

Re:  D0039606769   Gustavo Almaquer - Roberto Hernandez Mendoza

Dear Mr. Almaquer:

The Chief Disciplinary Counsel's office for the State Bar of Texas has received your inquiry and has assigned it the above file number.

Your inquiry has been reviewed and it was determined that, pursuant to the Texas Rules of Disciplinary Procedure, this matter should be transferred to the State Bar of Texas office which has appropriate jurisdiction. You will be advised of the receipt of your inquiry by that office and the status of your case.

**Also, please be advised that this is a confidential proceeding.** Pursuant to Rule 2.15 of the Texas Rules of Disciplinary Procedure:

> "...all information, proceedings, hearing transcripts, statements, and any other information coming to the attention of the Investigatory Panel of the Committee must remain confidential and may not be disclosed to any person or entity (except the Chief Disciplinary Counsel) unless disclosure is ordered by the Court."

It is not a breach of confidentiality to consult with an attorney. If you have any questions concerning the procedure, please refer to the pamphlet sent to you with the complaint form. If you still have questions, call us at 1-800-932-1900.

Sincerely,

*Chuck Reyful for*
Vivian B. Mendez
Senior Investigator
Office of the Chief Disciplinary Counsel
State Bar of Texas

Premier Place, 5910 N. Central Expressway, Suite 900, Dallas, Texas 75206 (214)368-2168