United States District Court
Southern District of Texas
FILED

NOV 0 8 1999

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUSTAVO ALMAGUER | § | CIVIL ACTION |
| VS. | § | NO. B-94-328 |
| SHERIFF ALEX F. PEREZ | § | CONSOLIDATION WITH |
| THE COMMISSIONER'S COURT | § | CIVIL ACTION NO. B-93-260 |
| CAMERON COUNTY. et. al. | § | |

## MOTION FOR SUMMARY JUDGEMENT

Gustavo Almaguer, Plaintiff, pursuant to Rule 56 F.R.C.P., requests this Honorable Court to GRANT him Summary Judgement, as to Defendant's liability for injuries received, due to deprivation of Constitutional rights by defendant's under the Color of State Law.

See Plaintiff's brief and Affidavit in support.

Dated. October 27, 1999.

Gustavo Almaguer-Plaintiff
Pro Se.  TDCJ-ID #673522
Alfred D. Hughes Unit
Route 2, Box 4400
Gatesville, Tx. 76597

2

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUSTAVO ALMAGUER | § | CIVIL ACTION |
| VS. | § | NO. B-94-328 |
| SHERIFF ALEX F. PEREZ | § | CONSOLIDATION WITH |
| THE COMMISSIONER'S COURT | § | CIVIL ACTION NO. B-93-260 |
| CAMERON COUNTY. et. al. | § | |
| | § | |
| JOSE RAUL CASTILLO, et. al. | § | |
| VS. | § | |
| CAMERON COUNTY | § | |

BRIEF IN SUPPORT OF MOTION FOR
SUMMARY JUDGEMENT

STATEMENT OF CLAIM

This is a 42 USCA §1983 action filed by a prisoner at the
Alfred D. Hughes Unit in Gatesville, Texas, of the Department of
Criminal Justice I.D.  Seeking damages for irreparable injuries,
mental anguish, and emotional distress caused by the Defendant's
violation of his Constitutional rights.

This Motion seeks Summary Judgement against the Defendant's,
Sheriff Alex F. Perez, Cameron County Commissioners Court, and
Cameron County medical department, as their liability for
Plaintiff's injuries, mental stress, and emotional distress.

STATEMENT OF THE FACTS

1) This Civil action case was filed in the United States
District Court of Texas, Eastern District of Texas-Tyler Division
on December 22, 1994.

3

2) Ordered and adjudge that the above styled action be
transferred to the Southern District of Texas, Brownsville
Division, where venue is proper, transfer case signed by Judge
William W. Justice on December _22_ , 19_94_ .

3) The Defendant's were served by the Untied States Marshall
on or about January 1, 1995, summons being issued.

4) Motion for appointment of Counsel by Gustavo Almaguer,
Plaintiff. Motion docket date on June 25, 1995.

5) Notice of initial pre-trial conference held before
Magistrate Judge John W. Black on September 11, 1995.

6) Telephonic initial pre-trial conference held before
Magistrate Judge John W. Black on September 11, 1995.

7) Trial on the merits was set for June ___, 1996.

8) Order granting Motion for leave to file Amended Complaint,
mooting. Motion for appointment of Counsel consolidating cases
B-94-260 with this case signed by Magistrate Judge John W. Black,
entry date January 26, 1996. Consolidated members case, lead case
No. B-94-260.

9) Plaintiff filed a Motion for non-consolidating relief on
September 10, 1999. Federal Civil Procedure 8.1 Cite as 106 F.3rd
1197 (5th cir. 1997).

ARGUMENT

1) There are no material facts in dispute of the
Plaintiff's allegations, in whole or in part, as to the acts and
omissions of the Defendant's which resulted in Contitutional
violations as well as irreparable injuries, extreme mental
anguish, and severe emotional distress.

4

2) Summary Judgement should be granted when a party shows that there is no genuine issue as to any material facts, and the moving party is entitled to judgement as a matter of law. Rule 56 FRCP.

3) The undisputed facts in this case show that the Plaintiff was subjected to irreparable injuries. Thus, there is no factual dispute preventing the entry of Summary Judgement for the plaintiff on these issues. (Medical records would reflect and speak the truth on behalf of Plaintiff's allegations.)

4) Courts have stated; "It is much too late in the day for authorities to think that they may withhold from prisoners the basic necessities of life which include; necessary medical attention, reasonable adequate food, clothing, and sanitation. Ahrens v. Thomas 570 F.2nd 286, 289 (8th Cir. 1978), quoting Newman v. State of Alabama 559 F.2nd 283,286 (5th cir. 1977).

5) According to the 8th Amendment of the United States Constitution, inmates in County jails must be protected from each other.

6) Tex. Code. Crim. Proc. Ann. Article 16.21 states; "The Sheriff owes a duty to prisoners, to keep safely a person committed to his custody.

7) Vernon's Ann. Tex. Civ. St. Article 5116 (a)(b) states; "The Sheriff is responsible for the safe keeping of all prisoners committed to his custody by lawful authority." In all cases the Sheriff shall exercise supervision and control over the jail.

8) Tex. Rev. Civ. Stat. Ann Art. 5115 states; "The Commissioner's Court has a duty to maintain a safe and suitable jail, the Commissioner's Court of Cameron County, Brownsville, Tx, violated this law by allowing the jail to be overcrowded beyond capacity, thereby, operating in poor condition. The 8th and 14th Amendments to the Constitution provide, a person during his

CVAPDF - www.texia.com

5

incarceration has a right to be secure in his person. <u>Finney v. Arkansas Bd of Corrections</u> 505 F.2nd 194 (8th cir. 1974); <u>Holt v. Server</u> 442 F.2nd 304 (8th cir. 1971).

9) The 8th Amendment provides; "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. The conditions in which the Plaintiff was forced to live under, can only be characterized as "Cruel and unusual punishment." <u>Lareau v. Manson</u> 651 F.2nd 96 (1981) states as follows; "The confinement of healthy prisoners with physically, or mentally ill cell-mates, and the failure to screen mew inmates for communical diseases, violated the Constitutional rights of all inmates. The overcrowding of Cameron County jail combined with the many other Constitutional violations, far exceeded the level of applicable professional standards.

Even under the generally favorable totality of conditions, it resulted in a living condition which was intolerable, inhumane, totally unreasonable in the light of modern conscience, and in violation of the 8th and 14th Amendments to the Untied States Constitution. As a result, the Plaintiff suffered irreparable injuries, extreme mental anguish, and sever emotional distress, (and contracted a deathly disease - Hepatitis C).

CONCLUSION

Wherefore, the Honorable Court should GRANT Summary Judgement to the Plaintiff, as to the liability of Sheriff Alex F. Perez, and the Commissioner's Court, Cameron County for the damages sustained while in their custody.

Respectfully Submitted,

Gustavo Almaguer

Pro Se Gustavo Almaguer

TDCJ-ID #673522

DATE October 27, 1999

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUSTAVO ALMAGUER | § | CIVIL ACTION |
| VS. | § | NO. B-94-328 |
| SHERIFF ALEX F. PEREZ | § | CONSOLIDATION WITH |
| THE COMMISSIONER'S COURT | § | CIVIL ACTION NO. B-93-260 |
| CAMERON COUNTY. et. al. | § | |

## AFFIDAVIT IN SUPPORT OF PLAINTIFF'S
## MOTION FOR SUMMARY JUDGEMENT

Gustavo Almaguer, Plaintiff, under the penalty of perjury, states: " I am the Plaintiff in the above entitled case.  I make this Affidavit in support of my Motion for Summary Judgement, as to the liability of Defendant's, Sheriff Alex F. Perez, the Commissioner's Court, and Cameron County, for the injuries I received, due to the deprivation of my Constitutional rights by the Defendant's under Color of State Law.  On December 22, 1994, Gustavo Almaguer filed this Civil action case and relies on County jail records, and witnesses, which would speak the truth in the interest of justice.  Thus, no material facts are in dispute on the allegations I made in my Original, or Amended complaint as to the acts or omissions of the Defendants under Color of State Law which violated my Constitutional rights, and caused me a life long irreparable injury.

Wherefore, premises considered,  the Honorable Court should GRANT Summary Judgement as to the liability of the Defendants, Sheriff Alex F. Perez, the Commissioner's Court, and Cameron County for the injuries I received while in their custody.


_Gustavo Almaguer_
Gustavo Almaguer - Pro Se
TDCJ-ID 673522


Subscribed and sworn to before me on the 27th day of October, 1999.  To certify which witness my hand and official seal;.


_Janie L. Muniz_
NOTARY PUBLIC

JANIE L. MUNIZ
Notary Public, State of Texas
My Commission Expires 06-09-2001