*127*

United States District Court
Southern District of Texas
FILED

FEB 10 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE RAUL CASTILLO, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| versus ) | Civil Action No. B-93-260 |
| ) | |
| CAMERON COUNTY, TEXAS, ) | |
| ) | |
| Defendant and ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| THE STATE OF TEXAS, ET AL., ) | |
| ) | |
| Defendants and ) | |
| Third-Party Defendants. ) | |

**DEFENDANTS STATE OF TEXAS, ET AL'S MOTION TO INTERVENE PURSUANT TO FRCP 24(a), THE PRISON LITIGATION REFORM ACT OF 1996, AND FOR A STAY OF ANY ACTIONS BY THE THREE-JUDGE COURT CONVENED BY THE HONORABLE CAROLYN DINEEN KING, CHIEF JUDGE, FIFTH CIRCUIT PENDING A RULING BY THE FIFTH CIRCUIT ON THE STATE OF TEXAS' APPEAL INVOLVING THE SAME ISSUES**

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COME the State of Texas, et al, by and through their attorney, the Attorney General of Texas and file this their Motion to Intervene Pursuant to Rule 24(a), Federal Rules of Civil Procedure the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626 and for a Stay of Proceedings before the Three Judge Court convened by the Honorable Carolyn Dineen King, Chief Judge, United States Court of Appeals for the Fifth Circuit, on February 1, 2000. As grounds therefor, the State of Texas would respectfully show the following:

I.  **The Prison Litigation Reform Act of 1995, (PLRA) a statute of the United States, confers Standing to the State of Texas as a Unit of Government to Contest Prisoner Release Orders.**

In 1996, Congress passed the Prison Litigation Reform Act of 1995, Pub. L. No.104-134, tit. VIII, § 802(b)(1), 110 Stat. 1321-66, 1321-70 (Codified as amended at 18 U.S.C. § 3626). ("PLRA"). Section 3626 (a)(3)(F) grants standing to the State of Texas, as a unit of government to intervene and oppose the issuance or continuation in effect of a prisoner release order and to seek termination of such relief, and shall have the right to intervene in any proceeding relating to such relief. (Emphasis supplied). *See Ruiz v. Estelle,* 161 F.3d 814,818 (5th Cir.1998).

Prior to the termination of the preliminary injunction against the State of Texas and all Texas Defendants, the State made clear to the Court that it strongly opposed the preliminary injunction.

Since its termination, the State of Texas, has filed in the United States Court of Appeals for the Fifth Circuit its appeal of the continuation of such prisoner release order by the Court. *See e.g. Jose Raul Castillo, et al., v. Cameron County, Texas,* v. *State of Texas, et al.,* No. 99-41217, (5th Cir. 1999). Such appeal, in effect, argues the same matters that would be addressed by this Three-Judge Court. Therefore, the State of Texas is so situated in this litigation that the disposition of the action may, without intervention and stay, as a practical matter impair the State of Texas' ability to protect its interest in the prosecution and prevention of crime. The interest of the State of Texas is not adequately protected by either the Plaintiff Class or Defendant Cameron County as the record in this case clearly shows.

II. **The Proceedings Before this Three Judge Court Should be Stayed Until Such Time as the Court of Appeals for the Fifth Circuit has Ruled on the State's Appeal of the Same Issue.**

The issues addressed in the State of Texas's appeal are the same issues sought to be addressed by Plaintiffs and Defendant Cameron County before this Three Judge Court. It would

seem more practical and judicially expedient to stay the proceedings before this Court until the Court of Appeals has decided the State of Texas' appeal.

## CONCLUSION

For the reasons stated above, the State respectfully requests to be allowed to intervene under the provisions of the PLRA and FRCP 24(a), and additionally that this Court stay its proceedings until such time as the Fifth Circuit has ruled on the State of Texas's appeal.

Respectfully submitted

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SHANE PHELPS
Deputy Attorney General for Criminal Justice

LOUIS V. CARRILLO
Assistant Attorney General
Chief, Law Enforcement Defense Division

DANIEL E. MAESO
Assistant Attorney General
State Bar No. 12808500

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
Fax No. (512) 495-9139

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, DANIEL E. MAESO, Assistant Attorney General of Texas, hereby certify that a true and correct copy of the foregoing Motion was sent, certified mail with return receipt requested, to the following counsel of record, pursuant to the Federal Rules of Civil Procedure, on this the 8th day of February, 2000:

| | |
|---|---|
| Mr. Keith C. Livesay<br>Cowen & Livesay<br>1325 Palm Boulevard<br>Brownsville, Texas 78520 | *Via CM\RRR No. Z 149 037 095* |
| Mr. Richard Burst<br>Assistant County Attorney<br>974 E. Harrison St.<br>Brownsville, Texas 78520 | *Via CM\RRR No. Z 149 037 096* |

DANIEL E. MAESO
Assistant Attorney General