152

United States District Court
Southern District of Texas
ENTERED

AUG 1 7 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE RAUL CASTILLO, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | Civil Action No. B-93-260 |
| | § | |
| CAMERON COUNTY, TEXAS | § | |
| | § | |
| Defendant and | § | |
| Third-Party Plaintiff, | § | Rule 23 (b) (2) Class Action |
| | § | |
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| Defendants and Third- | § | |
| Party Defendants | § | |

## JUDGMENT NUNC PRO TUNC

The Court enters this Final Judgment and Permanent Injunction in this case. The Court finds that the preliminary injunction currently in place should be made into a permanent injunction. The Court also enters final judgment against Defendants, jointly and severally, for attorneys fees.

## PERMANENT INJUNCTION

IT IS ORDERED, ADJUDGED, AND DECREED that the Amended Temporary Interlocutory Order, dated October 2, 1997, as amended to strike paragraphs (I) and (J) of the population reduction provisions, is hereby made into a permanent injunction. This injunction shall expire when the new county jail opens. Specifically, the Court makes the following ORDERS, which shall expire when the new county jail is opened:

PERSONS ACCUSED OF MISDEMEANORS FROM OTHER AGENCIES

1.  The Cameron County Sheriffs Office (jail) is not to accept detainees accused of from other non-federal agencies (city, county or state) unless:

A.  For warrantless arrests, each detainee's commitment papers from the magistrate include an order finding probable cause in substantially the format of Exhibit "A" attached hereto.

B.  For warrant arrests, each detainee's commitment papers from the magistrate or agency include a copy of the executed arrest warrant.

## PERSONS ACCUSED OF FELONIES FROM OTHER AGENCIES

2.  The Cameron County Sheriffs Office (jail) is not to accept pretrial detainees accused of felonies from other non-federal agencies (city, county or state) unless:

A.  For warrantless felony arrests, each detainee's commitment papers from the magistrate include an order finding probable cause in substantially the format of Exhibit "A" attached hereto, or each detainee arrives at the Cameron County Jail in time to allow a probable cause determination before a magistrate no later than forty-eight (48) hours after arrest

B.  For warranty felony arrests, each pretrial detainee's commitment papers from the magistrate or agency include a copy of the executed arrest warrant.

If, in the opinion of the jail personnel (under policies of the Chief Jail Administrator to be adopted within ten (10) days of the signing of this Order), a pretrial detainee accused of a felony arrives too late to receive a probable cause hearing within forty-eight (48) hours, such detainee will not be accepted in the county jail and the agency personnel will be advised that such detainee will be accepted in the county jail only after such pretrial detainee has been taken to a magistrate and an order finding probable cause has been issued by such magistrate.

The Cameron County Court at Law, Number One, shall oversee county probable cause hearings and shall schedule probable cause heating dates and times so as to comply with the holding of *County of Riverside v. McLaughlin,*, 500 U.S. 44, 46; 114 L. Ed. 2d 49; 111 S. Ct. 1661 (1991), "...that a jurisdiction that provides judicial determination of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein..*" *Gerstein v. Pugh*, 420 U.S. 103 (1975). Such Schedule shall be furnished to the Cameron County Jail and to the

District Attorney's Office so that jail personnel can decline commitment of pretrial felony detainees in compliance with this order.

### PERSONS ARRESTED BY SHERIFF'S OFFICE

3. All warrantless arrest pretrial detainees (felony and misdemeanor) where the arrest is by the sheriffs office or by non-federal agencies which bring their arrestees directly to the county jail, shall be brought before the County probable cause magistrate for a probable cause hearing at the earliest possible time, but in no case later than forty-eight (48) hours after arrest.

4. The Cameron County (Criminal District) Attorneys Office shall file a dismissal in all cases where:

   A. **For misdemeanor warrant and warrantless arrests involving pretrial detainees,** by all non-federal agencies (city, county or state), the offense report is not submitted to the district attorneys office within two (2) business days after the arrest.

   B. **felony warrant and warrantless arrests involving pretrial detainees,** by all non-federal agencies (city, county or state) the offense report is not submitted to the district attorneys office with five (5) business days after the arrest, except for homicide and aggravated sexual cases which shall be submitted to the district attorneys office with ten (10) business days after the arrest.

The district attorney's office may grant reasonable extensions of time for filing the offense reports referenced in subparagraphs A and B of Paragraph 4 above, but only for an arrest accused of a capital or first or second degree violent felony, or any felony offense involving a child victim or family violence, and only for good cause which is beyond the control of the arresting agency. The Cameron County District Attorney's Office shall establish written intake policies and procedures to promote and facilitate this order, which shall be filed with this Court.

### POPULATION REDUCTION PROVISIONS

If at any time the population of the Cameron County Jail exceeds ninety per cent of the

design capacity (currently design capacity is 738) for such jail, the Sheriff of Cameron County is **ORDERED** to, and shall, in addition to any other actions he may deem appropriate, take such of the following actions he may see fit in order to reduce jail population:

    A.    Arrange for alternative housing for any person or persons then confined within the Cameron County Jail under protective custody;

    B.    Arrange for "scheduled reporting" for any person or persons confined or to be confined for civil contempt as a result of a civil action, including but not limited to divorce, custody and support cases;

    C.    Arrange for "scheduled reporting" of any person or persons to be confined as a result of a criminal contempt;

        "Scheduled reporting" as used herein, for any person referenced in Paragraphs C and D above: Shall mean that the Sheriff may schedule specific dates and times for contempt inmates to report to and serve any sentence for contempt; and shall mean that the Sheriff may schedule contempt inmates to serve his or her sentence by reporting on specific dates and times to be placed on community work program in accordance with V.T.C.A., Code of Criminal Procedure, Art. 43.10; it is intended that contempt inmates working eight hour days in the community work program shall be on home release except while working.

    D.    The Sheriff may arrange for the use of alternative facilities for the housing of inmates including the use of half way houses, monitoring, or other alternative housing methods;

    E.    The Sheriff refuse to receive for pre-trial confinement from any law enforcement officer, any person charged with a non-violent misdemeanor;

    F.    The Sheriff may refuse to receive for pre-trial confinement, from any law enforcement officer, any person charged with a non-violent felony; (This section does not apply to "Blue Warrant Process".)

    G.    The Sheriff shall adopt and implement procedures to release on personal bond persons committed to his custody who are charged exclusively with misdemeanor offenses. These procedures shall provide for the immediate release of detainees charged with misdemeanors in the order in which they were booked into the County Jail, but only as necessary to keep the jail population below ninety percent of design capacity; (This section does not apply to "Blue Warrant Process".)

      H.      Upon application to a judge of a court of competent jurisdiction, the Sheriff may release from custody, any pretrial detainees charged with non-violent felonies.

The above "population reduction provisions", A through H, shall only be used by the Sheriff to the extent necessary to bring the jail population under ninety per cent of design capacity.

The foregoing order shall remain in force and effect until the new county jail is opened.

## ATTORNEYS' FEES AWARD

The Court finds that Plaintiffs are "prevailing parties" and are therefore entitled to an award of attorneys' fees and expenses pursuant to 42 U.S.C. § 1988(b). The Court awards Juan Jose Martinez $8,953.75 in attorneys' fees, and awards the law firm of Michael R. Cowen, P.C. $55,353.05 in attorneys' fees and expenses. The law firm of Michael R. Cowen, P.C. is ordered to distribute the $55,353.05 amongst Ed Stapleton, Keith Livesay and Michael R. Cowen according to the prior agreements they have made amongst themselves. The Court finds that both Cameron County, Texas and Janie Cockrell, in her capacity as the director of the Texas Department of Criminal Justice - Institutional Division were culpable causing the overcrowding. Therefore, both Cameron County, Texas and Janie Cockrell, in her official capacity as the director of the Texas Department of Criminal Justice - Institutional Division are jointly and severally liable for the payment of the attorney's fees. For contribution purposes, the Court finds that each Defendant has 50% of the comparative fault.

The Court also finds that Third-Party Plaintiff Cameron County, Texas is also a "prevailing party" in its third-party action against Janie Cockrell, in her capacity as the director of the Texas Department of Criminal Justice - Institutional Division. The Court notes that Cameron County's attorney presented evidence that he worked 9.3 hours after April 26, 1996, the date of the enactment of the Prison Litigation Reform Act, and 75.6 hours prior to the enactment of the Prison Litigation

Reform Act. The Court finds that an appropriate hourly rate for Mr. Burst is the same as that for Mr. Stapleton: $250.00 per hour. Therefore, the Court awards Cameron County $19,667.25.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Juan Jose Martinez have judgment against Defendants Cameron County, Texas and Janie Cockrell, in her capacity as the director of the Texas Department of Criminal Justice - Institutional Division, jointly and severally, in the amount of $8,953.75.

IT IS, FURTHER, ORDERED, ADJUDGED, AND DECREED that Michael R. Cowen, P.C. have judgment against Defendants Cameron County, Texas and Janie Cockrell, in her capacity as the director of the Texas Department of Criminal Justice - Institutional Division, jointly and severally, in the amount of $55,353.05. The law firm of Michael R. Cowen, P.C. is ORDERED to distribute the $55,353.05 amongst Ed Stapleton, Keith Livesay and Michael R. Cowen, P.C. according to the prior agreements they have made amongst themselves.

IT IS, FURTHER, ORDERED, ADJUDGED, AND DECREED that Defendant/Third-Party Plaintiff Cameron County, Texas have judgment against Defendant Janie Cockrell, in her capacity as the director of the Texas Department of Criminal Justice - Institutional Division in the amount of $19,667.25.

This is a final judgment. Any relief not granted herein is denied.

SIGNED this 16th day of AUGUST, 2001.

_____
UNITED STATES MAGISTRATE JUDGE